UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

**FILED**

JUN 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RAMON LOPEZ, #42004-004          :
FCC-USP /
POB 1033          Plaintiff,          :
COLEMAN, FL. 33521
v.          :          Civil Case No. _____

RICHARD L. HUFF, Co Director,          :
Office of Information & Privacy
U.S. Department of Justice,          :
Washington, D.C. 20530, and
          :          CASE NUMBER 1:06CV01178
HARLEY G. LAPPIN, Director,
Federal Bureau of Prisons, U.          :          JUDGE: Reggie B. Walton
S. Department of Justice, 320
First Street NW., Washington          :          DECK TYPE: FOIA/Privacy Act
D.C. 20534,
          :          DATE STAMP: 06/28/2006
          Defendants.
          :
_____          :

## COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF

This is an action under the Privacy Act, 5 U.S.C. § 552a et
seq., to order the herein named defendants to amend, correct, and
remove any and all inaccurate, and/or untimely information
pertaining to Plaintiff from their system of records.

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to the Privacy Act,
5 U.S.C. § 552a(g)(1), the Administrative Procedure Act, 5 U.S.C.
§ 701 et seq., the First, Fourth, Fifth and Ninth Amendments to
the Constitution of the United States, and 28 U.S.C. § 1331(a).
Venue is proper on this district pursuant to the provisions of 5
U.S.C. § 552a(g)(5), 5 U.S.C. § 703 and 28 U.S.C. §§ 1391 and 1402.

**RECEIVED**

JUN 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## PARTIES

2.    Plaintiff is a federal inmate actually incarcerated in Coleman United States Penitentiary (hereinafter "USP-Coleman"), Coleman Florida.

3.    Defendand Richard L Huff is Co-Director for the Office of Information and Privacy ("OIP"), an agency within the United States Department of Justice ("USDOJ"), which maintains a system of records containing information pertaining to Plaintiff.

4.    Defendant Harley G. Lappin is Director for the Federal Bureau of Prisons ("BOP"), an agency within the United States Department of Justice, which maintains a system of records containing information pertaining to Plaintiff.

5.    The individual defendants are sued in their individual capacities and their official capacities as custodian of records containing inaccurate, untimely, and damaging information about Plaintiff, and as officials of the agency in which  those records are located.

## FACTS

6.    On April 24, 1991, a federal grand jury issued a two-count narcotics indictment against Plaintiff.  Count I of the indictment charged him with conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and Count II charged him with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

7.    In or around July, 1993, Plaintiff was tried before a

2

jury and was found guilty of both counts.

8. Thereafter, the district court ordered a Presentence Investigation Report "PSIR" that was prepared by United States Probation Officer "USPO" Janice S. Smith, who included inaccurate, damaging, and/or untimely information (i.e., wrong applicable penalty, offense level, and class felony, and inaccurate or untimely allegation of being a murder's suspect and criminal history, etc.), that affected Plaintiff's sentence, and still is affecting his prison life until this date.

9. On his arrival to prison Plaintiff was designated and classified on same inaccurate, damaging, and/or untimely information used at his sentencing, and still is being designated and classified on same information.

10. Because some of these inaccurate and damaging information surfaced again during the testimony of Assistant United States Attorney "AUSA" Karen Rocklin in Plaintiff's § 2255 proceeding Case No. 97-1975-Civ-EBD (S.D. Fla), DE# 373 at pp 47-49, 53 & 61-63. Plaintiff, frustrated and tired of the Government's continuous use of these inaccurate, damaging, and/or untimely information, initiated a series of administrative attempts to correct, remove, and/or update that information with the different agencies maintaining such information in their files.

11. Specifically, Plaintiff "initially" sought a written stipulation before the Court from Barry Sabin, acting AUSA, acknowledging the fact that Plaintiff had been eliminated as a suspect in a homicide. See a copy of a letter dated, October 8, 1999, from Plaintiff's attorney to AUSA Barry Sabin, attached as

3

Exhibit 1. This request was ignored, and/or improperly answered by Mr. Sabin.

11. Thereafter, Plaintiff requested from the U.S. Probation Officer for the Southern District of Florida, and from the Federal Bureau of Prisons "BOP" to amend their records on same above mentioned grounds. However, these requests were denied. See attached copies of these requests and denials, as Composite Exhibit 2.

12. Alternatively, Plaintiff requested (under the Freedom of Information Act and Privacy Act "FOIA/PA"), from the Office of Information and Privacy "OIP," to remove the mentioned information from their files. However, this request was denied.[1] See attached, copies of this request and denial, as Composite Exhibit 3.

13. On December 22, 2000, Plaintiff sough judicial review, under "FOIA" to the denial of the existence of records related to his FOIA/PA request to remove all information related to the homicide of Anthony Manzo. See Civil Action No. 00:3080 (JBD), D.C. Court, 2003.

14. On August 22, 2003, the District Court, issued a three pages Memorandum Opinion denying Plaintiff's FOIA request, but **significantly** noting that "at the bottom of the third page of the document" (that the Court had previously obligated the Defendant to submit for in camera inspection), there was a note, stating in part: "nothing to do w/Manzo." See a copy of mentioned Memorandum

---

[1] This denial was issued after Plaintiff had sought judicial review under "FIOA" before this District Court, see Id. at ¶ 13.

Opinion at page 2, attached as <u>Exhibit 4</u>.

15. Immediately after the issuance of the above Memorandum, Plaintiff apprised his Prison Unit Team and his assigned "USPO" about this newly discovered evidence "reinforcing" his previous claim that information contained in their files relating Plaintiff's involvement in a homicide was inaccurate. However, these requests were again denied. See, copies of these requests and their respective denials, attached as Composite <u>Exhibit 5</u>.

16. Thereafter, Plaintiff sought relief to correct same information from his "PSIR" before the Sentencing Court. However, it was denied for lack of subject matter jurisdiction. See, DE# 399, Case No. 91-317-CR-Ungaro (S.D. Fla.).

17. Alternatively, Plaintiff resumed his administrative remedy procedure with the Federal Bureau of Prisons and the Office of Information and Privacy, components agencies of the United States Department of Justice in order to amend his records in possession of those agencies under §552a of the Privacy Act. However, these procedures were either improper answered, ignored, and or denied. See, copies of these requests and denials "specifically" the final denial issued on July 24, 2004, attached as Composite <u>Exhibit 6</u>.

18. On August 16, 2004, Plaintiff send an Statement of

---

[2]  This time, Plaintiff "additionally" requested correction of the statutory penalties for the counts of conviction that also were inaccurate.

[3]  This decision was affirmed by the eleventh Circuit Court of Appeal. See Case No. 03-16351 (Unpublished Opinion).

Disagreement pursuant to 28 C.F.R.§ 16.46(d) to the denying agency. See a copy of this document, attached as Exhibit 7.

19.  An additional incorrect information (i.e., related to Plaintiff's Criminal History), was ultimately requested to be removed from the Defendant's files. However, until this date Plaintiff has not received a response yet.  See request to BOP Staff seeking to remove from its files, and to apprise the "USPO" information related to a prior conviction for Driven Under Influence "DUI" that had been vacated by a State Court, attached as Exhibit 8.

20.  Plaintiff has exhausted all administrative remedies.

## First Cause of Action

21.  Plaintiff repeats and realleges the allegations contained in paragraphs 6-20, inclusive.

22.  The statements pertaining to Plaintiff's involvement in a homicide were entered into plaintiff's files by defendants.  Those allegations were not independently investigated by defendants.

23.  The Defendants' actions, entering prejudicial allegations about plaintiff into plaintiff's file without independently investigation was arbitrary, capricious and an abuse of discretion.

## Second Cause of Action

24.  Plaintiff repeats and realleges the allegations contained in paragraphs 6-23, inclusive.

25.  The statements pertaining to Plaintiff's statutory penalties were entered into plaintiff's files by defendants.  Those allegations were not independently investigated by defendants.

## Third Cause of Action

26. Plaintiff repeats and realleges the allegations contained in paragraphs 6-25, inclusive.

27. The statements pertaining to Plaintiff's criminal history (i.e., "DUI" Conviction) were entered into plaintiff's files by defendants. Those allegations were not independently investigated by defendants.

## Fourth Cause of Action

28. Plaintiff repeats and realleges the allegations contained in paragraphs 6-27, inclusive.

29. The allegations contained in the file maintained by defendants about the plaintiff, pertaining to his involvement in a homicide, the statutory penalties of conviction, and "DUI" conviction, are inaccurate, prejudicial, and/or untimely.

30. Defendants have not maintained their records with such accuracy as is reasonably necessary to assure fairness to the plaintiff. Defendant have violated the provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5).

31. Defendants have intentionally and willfully failed to maintain accurate records about the plaintiff.

32. The Defendant's failure to maintain accurate records has resulted in adverse determinations relating to plaintiff's profile, rights, classification, designation and opportunities (i.e., education programs, etc.) within the Federal Bureau of Prisons, and affected every single minute since his incarceration in 1991 to this present day.

7

33. As a result of defendants' violations of the provision of the Privacy Act, plaintiff has suffered actual damages including, but not limited to, erroneous classification and designation, injury to his reputation, pain and suffering and mental anguish.

34. Defendant's failure to maintain accurate records is subject to determination by the Court pursuant to the provisions of 5 U.S.C. §§ 552a(g)(1)(c) and (g)(4).

## Fifth Cause of Action

35. Plaintiff repeats and realleges the allegations contained in paragraphs 6-34, inclusive.

36. The defendant's actions, entering prejudicial allegations about plaintiff into plaintiff's file without independently investigating violated his rights to privacy and due process of law protected by the First, Fourth, Fifth and Ninth Amendment to the Constitution.

37. The defendant's refusal to correct, delete, and/or remove inaccurate, prejudicial, and/or untimely information about plaintiff from their files, violates plaintiff's right to due process of law protected by the Fifth Amendment of the Constitution.

## Sixth Cause of Action

38. Plaintiff repeats and realleges the allegations contained in paragraphs 6-37, inclusive.

39. All of the acts complained herein were committed by defendants, and their agents, individually and in concert with a knowing and reckless disregard of plaintiff's constitutional and statutory rights and without a reasonable belief that such acts

8

were legal. All defendants were personally involved in, or directly or indirectly supervised, the conduct herein alleged.

39. The defendants conduct has caused injury to the plaintiff, entitled him damages against the defendant individually and their official capacity.

## Relief

WHEREFORE, plaintiff demands:

a. A declaratory judgment and injunction ordering defendants to investigate all inaccurate, prejudicial, and/or untimely information about the plaintiff, maintained in their files;

b. a declaratory judgment and injunction ordering defendants to amend plaintiff records;

c. a judgment that the United States is liable to the plaintiff for actual damages sustained in a reasonable amount that the Court deems proper and just;

d. a judgment that the defendants are jointly and severally liable to plaintiff in their individual capacities for actual damages sustained in a reasonable amount that the Court deems proper and just;

e. a judgment that the defendants are each liable to the plaintiff in their individual capacities for punitive damages in a reasonable amount that the Court deems proper and just;

f. a declaratory and injunction ordering defendants to not retaliate ( by the way of transfer or placement in solitary confinement, etc.), for exercising his constitutional rights to seek redress;

9

g.    reasonable attorneys fees and other litigation costs;

h.    such other and further relief as this Court deems just and proper.


Respectfully submitted,

on this 8th day of June, 2006.


RAMON LOPEZ, PRO SE PLAINTIFF
FCC-USP 1
PO BOX 1033-42004004
COLEMAN, FL 33521-1033

10

EXHIBIT "1"

*Arthur Joel Berger*

ATTORNEY AT LAW

DADELAND TOWERS NORTH

SUITE 506

9200 SOUTH DADELAND BLVD.

*Miami, Florida 33156*

TELEPHONE (305) 670-0067

October 8, 1999

Barry Sabin
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida 33132

Re:    Ramon Lopez vs. U.S.A.
       U.S. So. Dist. of Fla. case #: 97-1875-Civ-Davis

Dear Mr. Sabin:

At the last evidentiary hearing, you elicited testimony from AUSA Rochlin testified that she had been called by a homicide investigator in 1991 and that Mr. Lopez was the prime suspect in a homicide. This testimony left the false impression that Mr. Lopez may have committed a homicide. That inference is false and must be corrected.

We have tracked down the law enforcement officer, who contacted AUSA Rochlin in the year 1991. That officer is Sgt. Ken Kilbride, who works for the Plantation Police Department. Sgt. Kilbride presently works the night shift. He may be contacted by calling the Plantation, Florida Police Department phone number (954) 797-2100.

Sgt. Kilbride advised me that he investigated the homicide of Tony Manzo (phonetic), when he was a detective. Manzo was tied to Ramon Lopez in terms of drugs. However, Lopez was eliminated as a suspect in that homicide to the extent that the police were able to do so.

Please call Sgt. Kilbride and confirm this information. I would like to obtain and file a written stipulation to that effect, in order to eliminate a false impression that Ramon Lopez is a murderer.

Should there be any problem in this regard, please contact me at your earliest convenience.

Respectfully,

ARTHUR JOEL BERGER

cc. Larry Besser

**FILED**

06 1178    JUN 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMPOSITE EXHIBIT "2"

November 17, 1999   PACTS #   Certified Mail
                    File Location   # 199 577 632
                    DEPO
                    CTHS/Initials

United States Probation Office
300 N.E. 1st Avenue
Miami, Florida  33132-2126
Attn: Privacy Act Officer/System of Records Manager

Re: PrivacyAct Request to Amend Records

Dear Sir/Madam:

This is a request under the Privacy Act to amend records about myself maintained by your agency.

I believe that the following information is not correct:  U.S. Probation Officer Janice Smith included in her Pre-Sentence Investigation Report (PSI) for Cases No. 90-389-CR-Davis and 91-317-CR-UUB that I was a suspect in a homicide.

This information is not timely because a recently telephone conversation between Sgt. Ken Kilbride, who works for Plantation Police Department, presently at night shift, and my attorney Arthur J. Berger. Mr. Kilbride advised him that I was eliminated as a suspect in the above mentioned homicide to the extend that the police were able to do so. See enclosed letter dated October 10, 1999.

Accordingly, for the foregoing I request that the information be deleted from both of PSI, and to inform both Judges presiding the above mentioned cases number.

Thank you for your consideration to this request.

Sincerely,

Ramon Lopez
PO Box 1000 - 42004-004
Lewisburg, PA   17837

c: file

Enclosure (1)

06 1178

INTAKE - MIAMI
U.S. PROBATION OFFICE

99 NOV 30 AM 11: 10

RECEIVED

FILED

JUN 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PROBATION OFFICE

**FRANK SCHWARTZ**
**CHIEF PROBATION OFFICER**
Telephone: 305-523-5300 (Main)
Telephone: 305-523-5348 (Direct)

ROOM 315, U.S. COURTHOUSE
300 NE FIRST AVENUE
MIAMI, FL 33132-2126

December 1, 1999

Ramon Lopez
P.O. Box 1000
Inmate #42004-004
Lewisberg, PA 17837-1000

Dear Mr. Lopez:

I am in receipt of your request "under the Privacy Act" to amend records about yourself maintained by this agency, specifically presentence reports prepared in Docket #90-389-CR-DAVIS and 91-317-CR-UNGARO-BENAGES. In your letter, you note a Plantation (Florida) Police Department Sergeant advised that you have been eliminated as a suspect in a homicide, to the extent that the police were able to do so.

First, the Freedom of Information Act and the Privacy Act do not apply to the Federal Judiciary. However, I have made your letter a part of our records pertaining to you.

Second, you do not assert the presentence reports, when written, were erroneous. It appears the above is new information. Based on this new information, you want the information that you were a suspect in a homicide deleted from the presentence reports. Once the report has been submitted for the sentencing hearing, the report is not altered. Following sentencing, the report is only altered upon order of the sentencing judge. The report, and any changes ordered by the judge becomes part of the record.

I am sorry that I am not able to assist you further.

Sincerely,

Janice S. Smith
U.S. Probation Officer

..S. 5511.05
March 3, 1994
Attachment A, Page 1

BP-S148.70   **INMATE REQUEST TO STAFF MEMBER**   CDFRM
Oct. 1986
**U.S. DEPARTMENT OF JUSTICE**                    Federal Bureau of Prisons

                                             DATE __11/26/99__

TO: __Mr. Soblenskie , Case Manager A-Unit__
                    (Name and Title of Officer)

SUBJECT: State completely but briefly the problem on which you desire assistance and what you think
should be done (Give details).

  This a request to delete unaccurate/untimeless information, entered
at ¶ 45 of PSI for Case No. 91-CR-317-UUB by Janice Smith (305)536-1750
U.S. Probation Office Miami Fl . Pursuant to Seller v. BOP, 950 F.2d 307
(D.C.1992); % U.S.C. § 552a(d)(e)(5)(g)(1)(A).

  This information is unaccurated and/or untimeless, and must be delete
from my PSI and your files in accordance with § 552a(e)(5) which provides
"that each agency that keeps a system of records must maintain all records
with such accuracy, relevance, timeless, and completeness as is reasonabl
necessary to assure fairness to the individual in the determination".

See the letter attached hereto.

  Thank you in advance for your prompt response to this request.

_____

_____

_____

            (Use other side of page if more space is needed)

NAME: __Ramon Lopez_____     No.: __42004-004__

Work Assignment: ___Law/Library___        Unit: __A-121__

_____

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and
intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your
failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)            DATE _____

                                          _____
                                              Staff Member

                                                              A-03-0011

**Administrative Remedy No. 205033-A1**
**Part B - Response**

You appeal the Warden's response to your request for correction of "inaccurate/untimely" information in your PSI. Specifically, you claim the information in your PSI that you were a suspect in a homicide is inaccurate. As relief, you request unit staff verify the document you provided and remove the alleged inaccurate information from your file.

Our review reveals the Warden and the Regional Director accurately addressed the issue raised. Program Statement 5800.11, _Inmate Central File, Privacy Folder, and Parole Mini-Files_, states an inmate may challenge the accuracy of information in his central file and is required to provide staff with sufficient information in support of a challenge. As indicated, the BOP has no authority to remove information from your PSI. Furthermore, the information will remain in your file for classification purposes after the U.S. Probation Office in the Southern District of Florida responds to your concerns, unless the U.S. Probation Office amends their PSI and deletes the information you contest. Therefore, we find staff have taken appropriate steps to ensure the accuracy of information in your central file.

Your appeal is denied.

June 8 2000
_____
Date

Harrell Watts, Administrator
National Inmate Appeals

COMPOSITE EXHIBIT "3"

March 15, 2000

Bonnie L. Gay, Director
FOI/PA Unit
Bicentenial Building R- 7100
600 E. Street, N.W.
Washington, D.C. 20530

Re: FOI/PA Request (Myself)

Dear Director:

This is a double purpose request under the Freedom of Information Act, and the Privacy Act.

I request copy of any and all information, including (but not limited to) hand written notation, memorandum, record of telephone conversation between the agents and prosecutors, messages, etc; that the United States Attorney Office for the Southern District of Florida, Miami Division maintain in my files, regarding the possibility of I could be a suspect in the murder of an individual named Anthony Manzo and subsequent elimination, as a suspect of that murder ( specifically the date that I was eliminated as a suspect).

Further, as the afore elimination, as _a suspect_ surfaced recently I request under the Privacy Act to remove the mentioned information from your files, and to inform the Judges, USPO, BOP, Attorneys, etc. that should know about this change under § 552a(e)(5). See also _Seller V. BOP_, 950 F2d 307 (D.C. 1992); § 552a(g)(1)(A);2(A);3(A)(B); and 4(A)(B).

In order to assist you to expedite the processing of this request, you should know that I was federal prosecuted and convicted in the Southern District of Florida, Miami Division in Cases No. 90-CR-389-EBD; 91-CR-317-UUB; 92-CR-395-EBD; and 92-CR-708-FAM by the same prosecutor, also that any unnecessary delay could cause a substantial loss of my due process right.

Expecting your acknowledge of receipt within the next ten (10) working days as provide under § 552a(d)(2)(A); § 552(a)(6)(A)(i).

Respectfuly yours,

Ramon Lopez, 42004-004
P.O. Box 1000
Lewisburg, PA     17837

c: file

06 1178

FILED

JUN 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



U.S. Department . Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

DEC 27

Request Number: 00-949          Date of Receipt: 3-21-00

Requester: Ramon Lopez

Subject: Self (records related to him being a suspect in a murder)

Dear Requester:

  In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1. [ ] A search for records located in this office has revealed no records.

2. [XX] A search for records located in the United States Attorney's Office(s) for the Southern District of Florida has revealed no records.

3. [ ] The records which you have requested cannot be located.

4. [ ] This office is continuing its work on the other subject/districts mentioned in your request.

5. [XX] This is the final action my office will take on your request.

  You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

  Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

Form No. 005 - 6/99

EXHIBIT "4"

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAMON LOPEZ, )
)
Plaintiff, )
)
v. )      Civil Action No. 00-3080 (JDB)
)
UNITED STATES )
DEPARTMENT OF JUSTICE, )
)
Defendant. )
)

**FILED**

AUG 2 2 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Plaintiff filed this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking information from files of the United States Attorney for the Southern District of Florida regarding his alleged connection with a murder. In previous opinions the Court has resolved all issues except whether a three-page document located in the file of one of plaintiff's criminal cases can be withheld based on various FOIA exemptions. In an order filed on August 1, 2003, defendant was directed to provide a copy of the three-page memorandum for *in camera* inspection to determine the applicability of the exemptions it claims and whether any reasonably segregable material should be produced.   Having reviewed the document, the Court concludes that the three pages were properly withheld.

Plaintiff's FOIA request was for "any and all information . . . that the United States Attorney Office for the Southern District of Florida, Miami Division maintain [sic] in my files, regarding the possibility of [sic] I could be a suspect in the murder of an individual named Anthony Manzo and

06 1178

**FILED**

JUN 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

subsequent elimination, as a suspect of that murder (specifically the date that I was eliminated as a suspect)." Complaint, Exhibit A.

The three pages in question are undated handwritten notes by Assistant United States Attorney Rochlin. They contain the name of "Tony Manzo" on the first page, and "Ramon Lopez" on the third page. The second page contains the names "Lopez," and "R. Lopez." The references to "Lopez," "R. Lopez,"and "Ramon Lopez" on the second and third pages do not appear to relate to a homicide of Manzo. There is a note at the bottom of the third page, which appears to have been made at a different time and possibly by a different person, stating in part: "nothing to do w/ Manzo." Assistant United States Attorney Rochlin provided a memorandum (submitted with the three pages of notes) stating that the notes, "although they name Manzo, contain information on several different matters. They do not show when Lopez became a suspect, or if and when he ceased to be one."

The applicable legal principles have been addressed in previous opinions. The Court concludes that the notes are not responsive to plaintiff's request. The notes do not identify plaintiff as a possible suspect in a murder of Manzo nor do they refer to his elimination as a suspect in that homicide. In addition, it is apparent from a review of the notes that all three pages contain names, telephone numbers, and other data that are exempt from production pursuant to FOIA Exemptions (b)(5), (b)(7)(C), and/or (b)(7)(D), 5 U.S.C. §§ 552(b)(5),(7)(C), (7)(D), cited by defendant.

The FOIA mandates that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such a record after deletion of the portions which are exempt." 5 U.S.C. § 552(b); see Trans-Pacific Policing Agreement v. United States Customs Serv., 177 F.3d 1022, 1028 (D.C. Cir. 1999); Mead Data Central, Inc. v. United States Dep't of the Air Force, 566 F.2d 242,

2

261 (D.C. Cir. 1977). The Court concludes that although the names "Tony Manzo" and "Ramon Lopez" might be produced, the references would be "essentially meaningless."[1] Moreover, the references to plaintiff are "inextricably intertwined" with exempt portions and thus need not be produced. *See Mead Data Central*, 566 F.2d at 261.

For the foregoing reasons and those set out in the Memorandum Opinion of August 1, 2003, defendant's motion for summary judgment will be granted. An appropriate order accompanies this Memorandum Opinion.


JOHN D. BATES
United States District Judge

DATE: August 21, 2003

Copies to:

Ramon Lopez
Reg. No. 42004-004
P.O. Box 1033
Coleman, FL 33521-1033

Diane M. Sullivan
Assistant United States Attorney
555 4th Street, N.W.
Room 10-810
Washington, D.C. 20001

---

[1] *Neufeld v. Internal Rev. Serv.*, 646 F.2d 661, 663 (D.C. Cir. 1981).

COMPOSITE EXHIBIT "5"

REQUEST TO STAFF

DATE: 9/9/03

TO: MR. JUAN, CASE MANAGER, H-UNIT

   Hereby I am notifying your office that newly discovery
evidence shows that some information compiled in my prison
central file (for custody classification and designation purposes)
is "inaccurate" and therefore should be delete, and/or corrected
as soon as possible.

   Specifically I hereby request to forward the following infor-
mation to the U.S. Probation Officer Janice S. Smith, U.S. Court-
House 300 NE First Avenue, Room 315, Miami, Fl 33132-2126:

   Information compiled in Part B. of the revised PSI " THE
DEFENDANT's CRIMINAL HISTORY", Other Arrests at ¶ 45, page 16,
should be delete as inaccurate. I have'nt been involved in the
murder of Antony Racano a/k/a "Manzo" I always denied any involve-
ment and the attached information shows that I was telling the
true since day one. More important (but not less egregious), the
persons making those allegations knew that it were incorrected.
See attached Memorandum Opinion by Honorable John D. Bates, U.S.
District Judge at page 2 . Specifically the highlighted phrase.

   Addtionally, there are other information in my prison central
filed compiled for the same purposes that requires correction  at
this time:

   Information compiled in Part A,  "THE OFFENSE" Offense Level
Computation at ¶ 23 page 8 is incorrect.  The guidelines for a
violation of 21 U.S.C. §§ 841(a)(1) and 846, pursuant to U.S.S.G.
§ 2D1.1(c)(3) is level 12 not level 38. Because I have not been
convicted under 841(b)(1)(A), (b)(1)(B) of (b)(1)(C) but of 841(a)
(1). See same PSI at ¶ 1 & 3, page 4.  See also, e.g. U.S. v. White,
11th Cir. C.A. No. 00-11447 (D.C. Docket No. 97-00019-CR-5-LAC), at

FILED

06 1178        JUN 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

pages 2 & 3 (attached hereto). Further because conviction under 21 U.S.C. § 841(a)(1) is considered a non-quantity conviction and therefore a <u>Class C felony</u> with a maximum of 20 years imprisonment. <u>Offense</u> classification and <u>Penalty</u> applicable entered in page One of the PSI are incorrect also. (See same PSI at ¶ 1 & 3, page 4 to verify this statement).

Finally, and based upon the foregoing information compiled in Part D. "SENTENCING OPTIONS", <u>Custody</u> at ¶ 90; <u>Supervised Release</u> at ¶ 94; <u>Probation</u> at 96 & 97; and <u>Fines</u> at 98 & 100, pages 26 and 27, are also incorrect and requires correction because this incorrect information is affecting my custody classification, designation within the BOP and my obligation under the FRP program.

Thank you for your consideration to this request.

Sincerely,

NAME:  RAMON LOPEZ _____     NO:  42004-004

WORK:  EDUCATION _____     UNIT:  H____

_____

DISPOSITION:                      DATE _____

_____
STAFF MEMBER

2



**U. S. Department of Justice**

Federal Bureau of Prisons

Federal Correctional Complex

*United States Penitentiary*
*P. O. Box 1023*
*Coleman, Florida 33521-1023*

September 22, 2003

Mr. Frank Schwartz
Chief Probation Officer
United States District Court
315 David W. Dyer Federal Building
and United States Courthouse
300 Northeast First Avenue
Miami, FL  33132-2126

Re:    LOPEZ, Ramon
       Register number: 42004-004
       Docket Number: 90-389-CR-DAVIS-2

Dear Mr. Schwartz,

This letter is written in an attempt to resolve the above-mentioned inmate's claim that information contained in his Pre-Sentence report is inaccurate. Current Bureau of Prisons' policy states that if any inmate is able to provide information to challenge his Pre-Sentence Report, Unit Staff should contact the agency in charge of such documents for their directions.

We have enclosed a copy of the inmate's letter, attachment and Pre-Sentence Report for your review and disposition. If we can be of further assistance or provide additional information to assist you in resolving this matter, please contact me at (352) 689-6000, extension 6201.

Sincerely

Francisco Santos
*Unit Manager*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PROBATION OFFICE

**FRANK SCHWARTZ**
**CHIEF PROBATION OFFICER**

**ROOM 315, U.S. COURTHOUSE**
**300 NE FIRST AVENUE**
**MIAMI, FL 33132-2126**

October 1, 2003

Francisco Santos
Unit Manager
FCC - USP
PO BOX 1023
Coleman, FL 33521-1023

                    RE:    LOPEZ, Ramon
                           Register number: 42004-004
                           Dkt. #90-389-CR-DAVIS

Dear Mr. Santos:

I have received your letter of September 22, 2003, wherein you are attempting to resolve the above-mentioned inmate's claim that information contained in his presentence report(s) is inaccurate.

I have reviewed the U.S. Probation Office's file on Ramon Lopez that contains four cases. In Dkt. #90-389-CR-DAVIS, Lopez was sentenced to 20 years imprisonment for drug trafficking. There is no mention of Tony Racano a/k/a "Manzo" and Lopez's alleged involvement in his death. Likewise, there is no mention of this in the sentencing records as to Dkt. #92-395-CR-DAVIS, in which Lopez was sentenced to five months imprisonment for failure to appear, nor in Dkt. #92-708-CR-MORENO in which Lopez was sentenced to 51 months imprisonment for attempted escape. The disputed paragraph is found in the presentence report pertaining to0 Dkt. #91-317-CR-UNGARO-BENAGES, in which Lopez was sentenced to life imprisonment for federal drug charges. The disputed paragraph, found in paragraph 45 on page 16, as it appeared in the presentence report **prior to sentencing** is reproduced as follows:

According to Assistant U.S. Attorney Karen Rochlin and confirmed by Detective Ken Kilbride of the Plantation, Florida Police Department, Ramon Lopez was allegedly involved in a 60 kilogram cocaine transaction with Tony Racano a/k/a "Manzo" in December 1990, while he was on bond in case number 90-389-CR-DAVIS. According to the detention order filed in the instant case "In December 1990 the defendant brokered a 200 kilogram cocaine transaction. Several kilograms were missing and this defendant came to Miami to "settle" the matter with Tony Menzo. Mr. Menzo ended up murdered and the defendant is a suspect in that investigation."

Ramon Lopez
October 1, 2003
Page 2

**RE:**    Dkt #90-389-CR-DAVIS
and
Dkt. #91-317-CR-UNGARO-BENAGES

At sentencing on October 29, 1993, Lopez objected to this language being included in the presentence report and asked that it be stricken. The District Court resolved this dispute by ordering the presentence report to be revised to include the following statement at the end of the paragraph: "The Court said at sentencing the defendant denied any involvement." The Probation Office complied with the District Court's order and revised the presentence report accordingly. I believe the BOP's records are accurate and complete in this regard as the copy of the presentence report forwarded to this office by you contains this court-ordered language. Lopez raised his objection as to this issue in court at the time of sentencing and it was resolved by the District Court. To the best of my knowledge, Lopez has not appealed this decision made by the District Court in October 1993.

Further as to the issue of the disputed paragraph 45 on page 16, Ramon Lopez provided a Memorandum Opinion he received in his action filed in the District of Columbia, Civil Action No. 00-3080 (JDB) under the Freedom of Information Act (FOIA). In that case, Lopez was seeking information from the files of the U.S. Attorney for the Southern District of Florida regarding his alleged connection with this murder. Lopez asserts this opinion concludes he was not involved in the murder, and that he believes the opinion supports his contention that this information should be stricken from the presentence report. The Probation Office disagrees. This opinion addresses the disclosure of a three-page memorandum Lopez sought to receive under the FOIA and concludes the three pages were properly withheld. The opinion does not make a finding as to the veracity of the content of those pages.

Ramon Lopez now asserts (for the first time) additional areas of the presentence reports that he believes now require correction as to the statutory penalties for the counts of conviction in his drug trafficking cases. Lopez is wrong. Lopez appears to be referring to Apprendi v. New Jersey that was decided in June 2000. The Eleventh Circuit interpreted Apprendi v. New Jersey in a drug trafficking case in October 2001. Lopez was sentenced as to his federal drug trafficking convictions in 1992 and 1993. At the time the presentence reports were written, they were correct. Apprendi was not then in effect and is not now retroactive.

Ramon Lopez
October 1, 2003
Page 3

**RE:**    Dkt #90-389-CR-DAVIS
and
Dkt. #91-317-CR-UNGARO-BENAGES

At this point, the Probation Office will not make any changes to inmate Lopez's presentence report(s). If I can be of any further assistance to the BOP, please do not hesitate to contact me again.

Sincerely,

Janice S. Smith
U.S. Probation Officer
Telephone: 305-523-5348
Facsimile: 305-523-5496
Email: Janice_Smith@flsp.uscourts.gov

September 10, 2003

Janice S. Smith,
U.S. Probation Officer
Room 315
U.S. Courthouse
300 NE First Avenue
Miami, Fl 33132-2126

      RE: Case Docket Number 91-317-CR-UUB & 90-389-CR-DAVIS
         U.S. v. Lopez

Dear Ms. Smith:

In the fall of 1999, I wrote a letter to your office requesting
to amend records about myself maintained by your agency. In your re-
sponse, you correctly stated that the Privacy Act did not apply to
the Federal Judiciary.  However, you were to made my letter a part
of your agency records pertaining to me.

Additionally, you noted that the information provided in letter
appears to be new information, not that it was erroneous , when it
was written. (A copy of your letter is attached to assist you in case
that no copies were maintained in my file, as Attachment 1).

Because, recently disclosure of new information obtained under
the Freedom Information ACT ("FOIA"), reflect that the information
regarding to my  involvement (i.e. being a suspect in the homicide
of Tony Racano a/k/a "Manzo") in the homicide of Mr. Manzo was
erroneus when written in the PSI. More important, it was based on
misleading information provided to you by the Government.  I am
submitting it to you for appropriate action. [See copy of a Memo-
randum of Opinion filed by Honorable John D. Bates, U.S. District
Judge at page 2 (highlighted part), as Attachment 2].

I believe that making it part of my records is not enough but
an investigation should be conducted to clear my name and to take
this burden from my back; moreover, when I am doing a life sentence
in part due to that allegation. [See Attachment 3].

Thank you for your consideration to this matter.

Sincerely,

RAMON LOPEZ
FCC-USP
PO BOX 1033-42004-004
COLEMAN, FL 33521-1033

c: file

Enclosure: (3)

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PROBATION OFFICE

**FRANK SCHWARTZ**
**CHIEF PROBATION OFFICER**

ROOM 315, U.S. COURTHOUSE
300 NE FIRST AVENUE
MIAMI, FL 33132-2126

October 1, 2003

Ramon Lopez
FCC - USP
PO BOX 1033-42004-004
Coleman, FL 33521-1033

Dear Mr. Lopez:

I have received your letter of September 10, 2003, wherein you request an amendment to the presentence reports prepared in Docket #90-389-CR-DAVIS and 91-317-CR-UNGARO-BENAGES.

I have reviewed the U.S. Probation Office's file on you that contains four cases. In Dkt. #90-389-CR-DAVIS in which you were sentenced to 20 years imprisonment on federal drug charges, there is no mention of Tony Racano a/k/a "Manzo" and your alleged involvement in his death. Likewise, I see no mention of this in the sentencing records as to Dkt. #92-395-CR-DAVIS, in which you were sentenced to five months imprisonment for failure to appear, nor in Dkt. #92-708-CR-MORENO, in which you were sentenced to 51 months imprisonment for attempted escape.

In Dkt. #91-317-CR-UNGARO-BENAGES in which you were sentenced to life imprisonment on federal drug charges, the disputed paragraph is found in paragraph 45 on page 16 of the presentence report. That paragraph, as it appeared in the presentence report **prior to sentencing** is reproduced as follows:

> According to Assistant U.S. Attorney Karen Rochlin and confirmed by Detective Ken Kilbride of the Plantation, Florida Police Department, Ramon Lopez was allegedly involved in a 60 kilogram cocaine transaction with Tony Racano a/k/a "Manzo" in December 1990, while he was on bond in case number 90-389-CR-DAVIS. According to the detention order filed in the instant case "In December 1990 the defendant brokered a 200 kilogram cocaine transaction. Several kilograms were missing and this defendant came to Miami to "settle" the matter with Tony Menzo. Mr. Menzo ended up murdered and the defendant is a suspect in that investigation."

At sentencing on October 29, 1993, you objected to this language being included in the presentence report. The District Court resolved this dispute by ordering that the presentence report

Ramon Lopez
October 1, 2003
Page 2

**RE:**   Dkt #90-389-CR-DAVIS
and
Dkt. #91-317-CR-UNGARO-BENAGES

be revised to include the following statement at the end of the paragraph: "The Court said at sentencing the defendant denied any involvement." The Probation Office complied with the District Court's order and revised the presentence report accordingly. I believe the BOP's records are accurate and complete in this regard as the copy of the presentence report forwarded to this office by your Unit Manager contains this court-ordered language. To the best of my knowledge, you have not appealed this decision made by the District Court in October 1993.

Further as to the issue of the disputed paragraph 45 on page 16, you provided a Memorandum Opinion you received in your action filed in the District of Columbia, Civil Action No. 00-3080 (JDB) under the Freedom of Information Act (FOIA). In that case, you were seeking information from the files of the U.S. Attorney for the Southern District of Florida regarding your alleged connection with this murder. You assert this opinion concludes you were not involved in the murder, and you believe the opinion supports your contention that this information should be stricken from the presentence report. The Probation Office disagrees. This opinion addresses the disclosure of a three-page memorandum you sought to receive under the FOIA and concludes the three pages were properly withheld by the Government. The opinion does not make a finding as to the veracity of the content of those pages.

Presently, you assert additional areas of the presentence reports now require correction as to the statutory penalties for the counts of conviction in your federal drug trafficking cases. You are incorrect on this issue. You appear to be referring to Apprendi v. New Jersey that was decided in June 2000. The Eleventh Circuit interpreted Apprendi v. New Jersey in a drug trafficking case in October 2001. You were sentenced as to your federal drug trafficking convictions in 1992 and 1993. At the time the presentence reports were written, they were correct. Apprendi was not then in effect and is not now retroactive.

The Probation Office understands that the Federal Bureau of Prisons assigns a custody classification to an inmate and designates that inmate to an institution based upon numerous factors, including the judgment, the statement of reasons, the presentence report and any addenda to the report. The Probation Office is aware a controverted fact may not be relevant to the application of the guidelines, but it is important to the inmate in processing him/her with the Bureau of Prisons. A finding by the sentencing court as to controverted facts will ensure that the BOP receives reliable information for classification and designation purposes. Your objection as to this issue was raised in court at the time of your sentencing and was resolved by the District Court.

Ramon Lopez
October 1, 2003
Page 3

**RE:**   Dkt #90-389-CR-DAVIS
and
Dkt. #91-317-CR-UNGARO-BENAGES

At this point, this office will not open an investigation in regard to the content of your presentence report(s). Finally, the Probation Office will not make any changes to your presentence report(s) without being ordered to do so by the District Court.

Sincerely,

Janice S. Smith
U.S. Probation Officer
Telephone:  305-523-5348
Facsimile:  305-523-5496
Email:  Janice_Smith@flsp.uscourts.gov

COMPOSITE EXHIBIT " 6"

September, 17, 2003

Suzanne Little,
Assistant Director,
FOIA/PA Unit
600 E. Street N.W., Room 7100
Washington, D.C. 20530

　　　Re:　Privacy Act Request to Amend Records

Dear Ms. Litle:

　　　This is a request under the Privacy Act ("PA"), to amend records about myself maintained by your agency.

　　　I believe that information maintained by your agency regarding allegation that I was a suspect in the homicide of an individual named Anthony Raccano a/k/a "Tony Manzo" is incorrect. Because, I was eliminated as a suspect after the preliminary investigations in or around 1992, as showed in the attached documents.

　　　Based upon the foregoing I request that those allegations be delete and remove from your records, and if allowed please notify to any and all of the party interested in some way with this matter.

　　　Thank you for your consideration to this request, within the time allowed under the Act. [§552a(d0(2)(A). ·

　　　　　　　　　　　　　　　Sincerely,


　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　RAMON LOPEZ
　　　　　　　　　　　　　　　FCC-USP
　　　　　　　　　　　　　　　PO BOX 1033-42004-004
　　　　　　　　　　　　　　　COLEMAN, FL 33521-1033

c: file

Enclosure: (See attachments)

P.S. In order to assist you to expedite this request you should know that the records could be originated within the United States Attorney Office for the Southern District of Florida, Miami Division.

06 1178

**FILED**

JUN 2 8 2006


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

November 12, 2003

Counsel in Charge
OIP/DOJ
570 Flag Building
Washington, D.C. 20530

    Re: Privacy Act Appeal of Refusal to Amend Records

Dear Counsel in Charge:

    This is an appeal under the Privacy Act of the refusal of your agency to amend records as I requested.

    On September 17, 2003, I requested that records about me be amended.  My request was assigned the following identification number 03-3215.  On October 15, 2003 I was informed by an unsigned note that my request was rejected. See reejection note attached, as Exhibit-A. I appeal the rejection of my request.

    The rejection of my request for amendment was wrong because, under § 552a(d)(2)(B) any agency is obligated to correct, remove, and/or update information maintained in its files, once the requester have demonstrated the information maintained in the agency is inaccurate, untimely, and/or incomplete. Since the United States Attorney Office is an agency with the Department of Justice, it it is obligate to follow the Act as any other agency.

    Thank you for your consideration to this request.

                    Sincerely,

                    Ramon Lopez
                    FCC-USP
                    PO Box 1033-42004-004
                    Coleman, Fl 33521-1033

c: file

Enclosure (2)

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                          Washington, D.C. 20530

JUL 26 2004

Mr. Ramon Lopez
Register No. 42004-004
United States Penitentiary          Re:   Appeal No. 04-0538
P.O. Box 1033                              Request No. 03-3215
Coleman, FL  33521-1033                    RLH:EJS

Dear Mr. Lopez:

This responds to your letter in which you attempted to appeal from the action of the EOUSA on your request for amendment of records concerning you.

After carefully considering your appeal, I have decided to affirm the EOUSA's action on your request.

These records are exempt from the amendment provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.81(a) (2003).

Pursuant to 28 C.F.R. § 16.46(d) (2003), however, you may send a Statement of Disagreement to the EOUSA that will be included in the EOUSA file in which the disputed record is maintained for the benefit of any future reader. Such a Statement of Disagreement must be concise, must clearly identify each part of any record that is disputed, and should be no longer than one typed page for each fact disputed.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(g)(5).

Sincerely,

Richard L. Huff
Co-Director

November 25, 2003

Office of Independent Counsel
Suite 701 West
555 Thirteenth Street, NW
Washington, D.C. 20004

    Re: Administrative Appeal of Refusal to Correct Records

Dear Independent Counsel:

    This is an appeal pursuant to 28 C.F.R. § 700.20(c) of the refusal of the Federal Bureau of Prisons to amend records as I requested.

    On September 9, 2003, I requested that records about being a suspect in a homicide of an individual named Anthony Raccano, a.k.a. "Tony Manzo" be amended/corrected upon newly discovered evidence showing that I was eliminated as a suspect in that homi-cide as early as 1992. On November 20, 2003 I was informed by Case Manager, Mr. Juan that my request was rejected. I appeal the rejection of my request.

    The rejection of my request for amendment was wrong because, once the documents are in agency's possession and used in agency decision, those documents becomes agency's records. [See, e.g. Berry v. Dept. of Justice, 733 F.2d 1343 (9th cir. 1984)]. Ergo, should be amended upon request.

    In support of the foregoing, I am enclosing copies of the documents evidencing that the records maintained by the Bureau of Prisons are inaccurate, and/or untimely, and that the amendment requested is appropriate.

    Thank you for your consideration to this appeal.

                Sincerely,


                Ramon Lopez
                FCC-USP
                PO Box 1033-42004-004
                Coleman, Fl 33521-1033

c: file

Enclosure:(See attachments)



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

February 13, 2004

Mr. Ramon Lopez
FCC-USP
P.O. Box 1033-42004-004
Coleman, FL 33521-1033

Re: OSC File No. MA-04-0878

Dear Mr. Lopez:

This acknowledges and responds to your complaint against the U.S. Bureau of Prisons. Your complaint concerns the refusal of the Bureau of Prisons to amend certain of your records. We have carefully reviewed the information you provided. Based on our evaluation of the facts and law applicable to your circumstances, as detailed in this status report, we have made a determination to close our investigation into this matter

The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and activities prohibited by civil service law, rule, or regulation. 5 U.S.C. §§ 1214(a)(1)(A), 1216 and 2302(b). However, this authority extends only to employees and applicants for employment in executive branch department and agencies of the federal government. The information you provided indicates that you are neither an employee nor applicant for employment as noted above, and your complaint does not allege a prohibited personnel practice or other prohibited activity within the Special Counsel's investigative jurisdiction. Thus, we have no authority to investigate your complaint, and we have closed our file in this matter.

If you wish to discuss our decision, I can be reached on 202-254-3654.

Sincerely,

James S. Booker

James Booker
Complaints Examiner
Complaints Examining Unit

February 18, 2004


Federal Bureau of Prisons
FOIA/PA Unit
Room 841, HOLC Building
Washington, D.C. 20534
Attn: Counsel in Charge

 Re: Privacy Act Request to Amend Records

Dear Counsel in Charge:

 This is a request under the Privacy Act ("PA"), to amend records about myself maintained by the Bureau of Prison.

 Based upon newly discovered evidence showing that information regarding allegations that I was a suspect in the homicide of an individual named Anthony Raccano, aka Tony Manzo is either incorrect and/or untimely. See document, attached hereto.

 Accordingly, I request that these allegations be deleted, and/or update as required under the Act, independently of where the information was originated. See e.g. <u>Berry v. DOJ</u>, 733 F.2d 1343, 1349 (9th Cir. 1984).

 Thank you for your consideration to  this request.

       Sincerely,



       _____
       Ramon Lopez
       FCC-USP
       PO Box 1033-42004-004
       Coleman, Fl 33521-

c: file

Enclosure (See attachment.)

P.S. In order to assist you to expedite this request you should know that I am being housed at USP-Coleman, Florida



**U.S. Department of Justice**

Federal Bureau of Prisons

*Southeast Regional Office*

---

*Building 2000*
*3800 Camp Creek Parkway, SW*
*Atlanta, Georgia  30331-6226*

March 9, 2004

Ramon Lopez
Register No. 42004-004
United States Penitentiary
P.O. Box 1033
Coleman, FL 33521

RE:    Freedom of Information/Privacy Act Request No. 2004-04227

Dear Mr. Lopez:

This is in response to your Privacy Act request to this agency.  Specifically, you request to have certain records pertaining to yourself corrected. Title 5, United States Code (U.S.C.) § 552a(d) of the Privacy Act permits you to request amendment of a record pertaining to yourself and make any correction of any portion which you believe is not accurate, relevant, timely or complete. However, certain systems of records maintained by the Federal Bureau of Prisons have been exempted from the provisions of Title 5 U.S.C. § 552a(d) under the authority set forth at Title 5 U.S.C. § 552a(j).  Title 28, Code of Federal Regulations (C.F.R.) § 16.97 specifies the Inmate Central Record System is so exempt.  Thus, you cannot request under the Privacy Act that information in your central file or Sentry be corrected or amended.

This does not mean, however, that the agency is not required to maintain an accurate system of records under Title 5 U.S.C. § 552(a)(e)(5).  You may contact your unit team if you have reason to believe records which are verifiable and used in a determination pertaining to you are not accurate.   Additionally, in accordance with Federal Bureau of Prisons policy and Program Statement1330.13, *Administrative Remedy Program*, you may seek formal resolution of a complaint which relates to any aspect of your imprisonment, including the accuracy of records. This policy is available in the Inmate Law Library at your local institution.

This is not a denial of your right to have accurate records maintained by this agency.  Rather the method that you have elected to use is not the proper one.  If you wish to pursue your request for correction of your records, you may do so through your unit team or through the Administrative Remedy process.

Sincerely,

LISA M. SUNDERMAN
Regional Counsel

EXHIBIT **"7"**

August 16, 2004

EOUSA,
FOIA/PA Unit
600 E St., NW R-7300
Washington, D.C. 20530
Attn: Attorney in Charge

    Re: Statement of Disagreement
        Appeal No. 04-0538
        Request No. 03-3215

Dear Attorney in Charge:

This is a "Statement of Disagreement" to your denial to amend incorrect/untimely information maintained by your agency in relation with my person, pursuant to 5 U.S.C. § 552a(d)(2)(B).

I hereby disagree to your decision to maintain incorrect/untimely information alleging that I was/am a suspect in the homicide of an individual named Anthony Raccano, aka "Tony Manzo" because I have presented clearly an irrefutable evidence to the contrary. More important, I have presented evidence that those allegations were made by an over zealous prosecutor, not interested in the true but, interested only in buttress my sentence in an unrelated drug federal crime. Further, I disagree to your denial of my request to delete those allegations from records under § 552a(j)(2), because the record compiled does not fail under that exemption, but under § 552a(d)(2)(B), which obligated your agency to delete, correct or amend incorrect or untimely information from your files.

Finally, I hereby state that this statement of disagreement does not waive my rights to seek judicial review of your wrongful denial to correct/amend records in accordance with 5 U.S.C. § 552a(g)(1).

Executed under penalty of perjury, pursuant to 28 U.S.C. § 1746, on this 16th day of August, 2004.

                        Respectfully submitted,

                        RAMON LOPEZ
                        FCC-USP COLEMAN
                        PO BOX 1033-42004004
                        COLEMAN, FL 33521-1033

c: file

**FILED**

JUN 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1178

EXHIBIT **"8"**

BP-A148.055 **INMATE REQUEST TO STAFF** CDFRM
· SEP 98
**U.S. DEPARTMENT OF JUSTICE** .                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) H-Unit Team | DATE: 12/15/05 |
|---|---|
| FROM: Ramon Lopez | REGISTER NO.: 42004-004 |
| WORK ASSIGNMENT: Education | UNIT: H |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.
     This is a request under the Privacy Act to remove incorrect., and
 or untimely information pertaining to my DUI conviction from your
 agency's files.  See attached disposition of this DIU conviction in
 support of this request.  Please forward copies of this document to
 proper agencies, i.e., U.S. Probation Office, etc.

     Thank you for your prompt attention to this request.

 c: file

(Do not write below this line)

DISPOSITION:



| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)         This form replaces BP-148.070 dated Oct 86
                                             and BP-S148.070 APR 94

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

| DIVISION | CLERK'S CERTIFICATE OF DISPOSITION | CASE NUMBER |
| --- | --- | --- |
| ☐ CRIMINAL<br>☑ TRAFFIC<br>☐ OTHER | | 27725-1 J |

**CLOCK IN**

DEFENDANT'S NAME: Ramon Lopez  DOB: 3-14-52

VIOLATION: FS  316.193

ISSUE DATE:  6-13-89

☐ ACCIDENT

☐ NO ACCIDENT

OFFICIAL TRAFFIC    RECEIPT
12.48.00 11-13-95 TR 19 OF RON
POST 1830 TRAFFIC      10
CASE#:=00000LL         MC:=30
1004 TRAFFIC MI5C     $5.00
TRAFFIC        TOTAL  $5.00
              AMT     $20
              CHANGE  $15

**COURT DISPOSITION**

Disposition Date: 08·31·95

Plea: ☐ guilty  ☐ not guilty
      ☐ nolo-contendere

Finding: ☐ guilty  ☐ not guilty

☐ Adjudication of guilt

☐ Adjudication withheld

☑ Dismissed

☐ Nolle-Pros

☐ Not guilty

Judge: _E. Venzer_

**STATUTORY DISPOSITION**

Disposition Date:

☐ Admitted Infraction by Payment of Civil Penalty
  pursuant to F.S. 318.14 (4)

☐ Did not contest the infraction and elected a
  statutory Driver Improvement Course;
  Adjudication was withheld pursuant to F.S.
  318.14 (9)

☐ Adjudication was withheld pursuant to F.S.
  318.14(10)(a)

☐ Dismissed by Clerk pursuant to statutory
  compliance

This is to certify that the information listed above is true and correct.

Witness my Hand and Official Seal this ___13th___ day of ___Nov.___, 19 _95_

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _Pary___ DEPUTY CLERK | 11/13/95<br>DATE |
| --- | --- | --- |

CLK/CT 427  Rev. 1/95        White: Customer        Yellow: Customer MVI