FILED
JUN 2 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMON LOPEZ,            :

        Plaintiff,   :

v.                      :   CASE No. 06 1178

RICHAR L. HUFF,         :
Co-Director OIP,
                        :
Harley G. Lappin,
Director BOP,           :

        Defendants.  :
_____/

### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT IN SUPPORT

I, Ramon Lopez, pro se plaintiff in the above named case number, hereby declare in support of this application to proceed without prepayments of fees or costs under 28 U.S.C. § 1951 that, I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the accompanying complaint for declaratory, injunctive, and monetary relief. In support of this application I provide the following information under penalty of perjury.

1. I am presently incarcerate at Coleman United States Penitentiary, and I received around $40.00 every month as payment for my work detail within the prison.

2. Additionally, I received around $100.00 monthly from my family to assist me to pay "primarily" for my telephone calls and over the counter medications, etc., not provided by the prison.

3. I do not have any cash, or checking account at this time.

RECEIVED
JUN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PARTIES

2. Plaintiff is a federal inmate actually incarcerated in Coleman United States Penitentiary (hereinafter "USP-Coleman"), Coleman Florida.

3. Defendand Richard L Huff is Co-Director for the Office of Information and Privacy ("OIP"), an agency within the United States Department of Justice ("USDOJ"), which maintains a system of records containing information pertaining to Plaintiff.

4. Defendant Harley G. Lappin is Director for the Federal Bureau of Prisons ("BOP"), an agency within the United States Department of Justice, which maintains a system of records containing information pertaining to Plaintiff.

5. The individual defendants are sued in their individual capacities and their official capacities as custodian of records containing inaccurate, untimely, and damaging information about Plaintiff, and as officials of the agency in which those records are located.

## FACTS

6. On April 24, 1991, a federal grand jury issued a two-count narcotics indictment against Plaintiff. Count I of the indictment charged him with conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and Count II charged him with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

7. In or around July, 1993, Plaintiff was tried before a

However, I do have real state property with a market valued around $ 600,000.00, which do not produce income at this time because it was damage by last years Hurricanes (Katrina & Vilma), and cannot be sold neither because of some government liens.

4. Plaintiff have three children that to some extend depend on Plaintiff, but for the reasons above mentioned, are not receiving any assistance from Plaintiff at this time.

5. An statement certified by the appropriate institutional officer showing all receipts, expenditures, and balance during the last six months in Plaintiff's institutional account is attached to this application to assist the Court with this request.

6. Executed under penalty of perjury this 7th day of June, 2006.

Ramon Lopez, Plaintiff

### CERTIFICATE

I certify that the applicant named herein has the sum of $ 63.27 on his commissary account at USP Coleman, Florida. I further certify that during the past six months the applicant's average balance was $ 113.80.

Date: 6-7-06

Authorized Officer