UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

——————————————————

| | |
|---|---|
| RAMON LOPEZ | ) |
| | ) |
| Plaintiff, | )   Case No: 06-1178 (RBW) |
| | ) |
| v. | ) |
| | ) |
| RICHARD HUFF, CO DIRECTOR, | ) |
| OFFICE OF INFORMATION | ) |
| & PRIVACY, et al. | ) |
| | ) |
| Defendants. | ) |
——————————————————)

## DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1), 12(b)(6) and 56 of the Federal Rules of Civil Procedure,

Defendants, through counsel, respectfully move this Court to dismiss Plaintiff's complaint with

prejudice or grant summary judgment in favor of the Defendants for lack of subject matter

jurisdiction and failure to state a claim.  In support of this motion, Defendants respectfully refer

the Court to the attached memorandum of points and authorities.

Plaintiff should take notice that any factual assertions contained in the declaration in

support of Defendants' motion will be accepted by the Court as true unless Plaintiff submits his

own declaration or other documentary evidence contradicting the assertions in the attached

declaration.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal

Rules of Civil Procedure which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit
> shall be attached thereto or served therewith.  The court may permit affidavits to
> be supplemented or opposed by depositions, answers to interrogatories, or further
> affidavits.  When a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, the undersigned has not sought Plaintiff's consent before filing it.  LCvR 7.1(m).

November 28, 2006                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153




UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

1

_____

RAMON LOPEZ                                    )
                                               )
                    Plaintiff,                 )        Case No: 06-1178 (RBW)
                                               )
        v.                                     )
                                               )
RICHARD HUFF, CO DIRECTOR,                     )
OFFICE OF INFORMATION                          )
& PRIVACY, et al.                              )
                                               )
                    Defendants.                )
_____)

### DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

1.      Plaintiff, Ramon Lopez, Reg. No. 42004-004, is a federal prisoner presently serving aggregate terms of imprisonment totaling Life imprisonment.  (Ex. 1, Public Information Data.)

2.      The record at issue in this suit is the Presentence Investigation Report ("PSI") prepared by U.S. Probation Officer ("USPO") J. Smith for the United States District Court, Southern District of Florida, in United States v. Ramon Lopez, 91-cr-0317 (hereafter referred to as "Criminal Case").  Complaint at ¶¶ 8, 10, 16, & 17.

3.       Plaintiff was sentenced on October 29, 1993, to two concurrent sentences of Life Imprisonment. Ex. 1 at 3 - 5.  During the sentencing proceedings, Plaintiff objected to information in his PSI which states that the Plaintiff was a suspect in a homicide.  The court ordered the PSI amended to reflect the fact that Plaintiff maintained he was not involved in the homicide.  See Complaint at p. 30; see also, U.S. v. Lopez, No. 03-16351, 2004 WL 2019390, *2  (11th Cir. 2004) (Brief for the United States).

4.      When Plaintiff appealed his conviction and sentence, he raised his claim that the court

erroneously relied on information contained in the PSI suggesting he may be a suspect in a homicide investigation. Lopez, 2004 WL 2019390 at 2. On April 24, 1995, the Eleventh Circuit determined Lopez's challenges to his conviction and sentence were without merit. Lopez, 2004 WL 2019390 at 2.

5.    On or about December 22, 2000, the Plaintiff filed suit under the Freedom of Information Act ("FOIA") against the United States Department of Justice ("DOJ") seeking files of the United States Attorney for the Southern District of Florida regarding his alleged connection with a murder. See Compl. at ¶ 13. The Court granted summary judgment for the Defendant on August 22, 2003 and stated in its Memorandum Opinion that there was a note on one of the documents submitted in camera that stated "nothing to do w/Manzo." Compl. at p. 23.

6.    Approximately ten years after his conviction, on November 25, 2003, Plaintiff filed a motion to correct his presentence investigation report. Plaintiff sought deletion of the reference to him as a suspect in the homicide investigation which, he claimed, affected his sentence and is affecting his custody classification and designation within the Federal Bureau of Prisons. The district court ruled that it lacked jurisdiction to rule on Plaintiff's motion to correct the PSI. See Lopez, 2004 WL 2019390 at 2. The Appellate court affirmed in part and reversed in part, directing the lower court to dismiss the motion for lack of subject matter jurisdiction. See Compl. at ¶ 16.

November 28, 2006                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

RAMON LOPEZ                                    )
                                               )
                    Plaintiff,                 )        Case No: 06-1178 (RBW)
                                               )
           v.                                  )
                                               )
RICHARD HUFF, CO DIRECTOR,                     )
OFFICE OF INFORMATION                          )
& PRIVACY, et al.                              )
                                               )
                    Defendants.                )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff asserts claims under the Administrative Procedures Act ("APA"), Privacy Act of 1974, and the United States Constitution.  He alleges that the Defendant Bureau of Prisons ("BOP") is maintaining an inaccurate record and that BOP's reliance on the inaccurate information has resulted in unspecified adverse determinations against him.  Compl. at p. 7-9. Plaintiff seeks, among other things, that the Court order the BOP to amend his records and to award him damages.  Complaint at Relief, p. 9 -10.[1]

_____

[1] Although Plaintiff names Richard Huff, Director of Office of Information and Privacy ("OIP") as a defendant, Plaintiff neither alleged claims against Mr. Huff or OIP nor seeks relief from them.

**INTRODUCTION**

Plaintiff Ramon Lopez was sentenced on October 29, 1993, to two concurrent sentences of Life Imprisonment. Ex. 1 at 3 - 5. During the sentencing proceedings, Plaintiff objected to information in his pre-sentence investigation report ("PSI"), which states that the Plaintiff was a suspect in a homicide. The court ordered the PSI amended to reflect the fact Plaintiff maintained he was not involved in the homicide. See Complaint at p. 30; see also, U.S. v. Lopez, No. 03-16351, 2004 WL 2019390, *2 (11th Cir. 2004) (Brief for the United States). When Plaintiff appealed his conviction and sentence, he claimed that the court erroneously relied on information contained in the PSI suggesting he may be a suspect in a homicide investigation. Lopez, 2004 WL 2019390 at 2. On April 24, 1995, the Eleventh Circuit, determined Lopez's challenges to his conviction and sentence were without merit. Lopez, 2004 WL 2019390 at 2.

Approximately ten years after his conviction, on November 25, 2003, Plaintiff filed a motion to correct his presentence investigation report. Plaintiff sought deletion of the reference to him as a suspect in the homicide investigation which, he claimed, affected his sentence and is affecting his custody classification and designation within the Federal Bureau of Prisons. The district court determined that it lacked jurisdiction to rule on Plaintiff's motion to correct the PSI. See Lopez, 2004 WL 2019390 at 2. The Appellate court affirmed in part and reversed in part, directing the lower court to dismiss the motion for lack of subject matter jurisdiction. See Compl. at ¶ 16.

# I.    STANDARDS OF REVIEW

## A.    Legal Standards Governing Rule 12(b)(1) and 12(b)(6)

A motion to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of  his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court may properly take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment. E.g., Baker v. Henderson, 150 F. Supp.2d 17, 19 n.1 (D.D.C. 2001) ("in determining whether a complaint fails to state a claim, the court may . . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); Himmelman v. MCI Communications,104 F. Supp. 2d 1, 3 (D.D.C. 2000) ("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.").

In deciding a motion under Rule 12(b)(1), the Court may go beyond the allegations of the Complaint.  This is so because a motion under Rule 12(b)(1) "calls into question the court's power to hear the plaintiff's claim . . . and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power." 5A Wright & Miller, Federal Practice & Procedure 2d § 1350; see also District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C.1987).  Accordingly, the Court need not limit itself to the allegations of the Complaint in deciding a 12(b)(1) motion.  See Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir.1986), vacated on other grounds, 482 U.S. 64 (1987).  Instead, "the Court may consider the complaint supplemented by undisputed facts

4

evidenced in the record . . . plus the Court's resolution of disputed facts." <u>Herbert</u>, 974 F.2d at 197.

**B.    Legal Standard Governing Summary Judgment**

Under Rule 56, Fed. R. Civ. P. 56(c), a party is entitled to summary judgment if the evidence in the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The Supreme Court has emphasized that the "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action. '" <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 327 (1986) (*quoting* Fed. R. Civ. P. 1).

The Supreme Court issued a series of opinions in 1986 that clarified the standards governing motions for summary judgment.  In <u>Celotex</u>, the Court explained that a party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case. 477 U.S. at 325.  Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case. " <u>Id.</u>  When the moving party meets this initial obligation, the nonmoving party may not rest on mere allegations, but "must come forward with specific facts showing that there is a <u>genuine issue for trial.</u>" <u>Matsushita Electric Industrial co., Ltd. v. Zenith Radio Corp.,</u> 475 U.S. 574, 587 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 249-50 (1986) (citations omitted). Thus, as the Court stated, the nonmoving party "must do more then simply show that there is

some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

## ARGUMENT

**I.    Plaintiff Failed to Exhaust His Administrative Remedies**

*1.    PLRA*

Plaintiff is incarcerated and therefore is subject to the exhaustion requirements embodied in the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997(e). Porter v. Nussle, 534 S.Ct. 516, 524 (2002). The PLRA amended 42 U.S.C. § 1997e, which now states "[n]o action shall be brought .... by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Booth v. Churner, 532 U.S. 731 (2001) (PLRA requires exhaustion in all matters regardless of remedy sought and availability of remedy at agency level); Porter v. Nussle, 534 U.S. 516 (2002). The PLRA's exhaustion requirement attaches when a confined prisoner commences a lawsuit. Jackson v. District of Columbia, 254 F.3d 262, 269-70 (D.C. Cir. 2001). As such, exhaustion of administrative remedies is a prerequisite to bringing suit and that failure to exhaust administrative remedies can result in dismissal of the suit. In Booth, the United States Supreme Court held that under the PLRA, an inmate seeking only money damages must complete any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief. Booth, 532 U.S. at 740-41 (emphasis added). See Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (PLRA makes exhaustion mandatory in all cases); Alexander v. Hawk, 159 F.3d 1321(11th Cir. 1998) (futile and inadequate nature of administrative remedy did not preclude mandatory exhaustion requirement of the PLRA).

The Federal Bureau of Prisons has established an administrative remedy procedure through which a federal prisoner may challenge any aspect of his imprisonment. These procedures, codified at 28 C.F.R. 542.10, et seq., provide three levels of appeal (institutional, regional, and national) to an inmate who has not been able to informally resolve his complaint. An inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. §542.13(a). The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred. 28 C.F.R. § 542.14(a). An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. §542.14(a). A decision by the Bureau of Prisons is not final and hence not reviewable until relief has been denied by the Central Office. See 28 C.F.R. § 542.15.

2.     *Alleged Inaccuracies*

Plaintiff alleges that there are inaccurate statements in his PSI pertaining to Plaintiff's: 1) involvement in a homicide; 2) statutory penalties; and 3) criminal history (i.e. "DUI" Conviction)[2]. Compl. at ¶¶ 22-23, 25, 27. Plaintiff claims that he sought to correct his PSI but

_____

[2]  Plaintiff's request to amend the PSI to reflect the status of his DUI conviction is now moot. Plaintiff seeks to challenge information allegedly contained in his PSI regarding his DUI

was denied.  Compl. at ¶¶ 11-14, 17.  Plaintiff also claims that he received "newly discovered"

information that indicated information contained in his PSI relating to his involvement with a

homicide was incorrect but that his attempts to correct his PSI with this new evidence was

denied.  Compl. at ¶¶ 14-16.  Finally, Plaintiff claims that the Defendant entered false

information into his PSI without independently investigating them.  Compl. at ¶¶ 23, 27.

    *3.     Unexhausted Claims*

       Plaintiff failed to exhaust his administrative remedies for all but one of the claims in the

Complaint.[3]  Plaintiff did not exhaust his administrative procedures as to his claims that his

statutory penalties and criminal history regarding his DUI are incorrect in his PSI and that newly

found evidence demonstrated a need for amendment to his PSI.  Santos Decl. at ¶ 12.  In fact, a

review of agency records reveals that the Plaintiff had raised no issues "about the accuracy of the

PSI as to a prior drunk driving offense nor to statutory penalties."  Santos Decl. at ¶ 12.  Plaintiff

failed to exhaust his claims of constitutional violations by defendant Director Lappin and his

claims that the BOP did not independently investigate information entered into his PSI.  Santos

Decl. at ¶ 12.[4]  The Court should dismiss all unexhausted claims.

---

conviction.  Compl. at ¶ 27 and p. 48-49.  Plaintiff's 1989 DUI conviction in Miami Dade
County was overturned and the charges dismissed through an order entered on December 31,
1995.  See Ex. 3.  On October 3, 2006, agency counsel sent the Plaintiff's unit team an e-mail
explaining the above and providing the supporting documentation for maintenance in the Inmate
Central Record System along with the PSI consistent with 28 C.F.R. 16.97(j) & (k).  See Ex. 3.

   [3]  Plaintiff exhausted his administrative remedies for only one claim, his request for
amendment of the PSI deleting reference to him as a suspect in a homicide investigation.  Ex. 2,
Santos Decl. at ¶ 11.  However, this claim is time barred as discussed below.

   [4]  Although Plaintiff alleges that he exhausted his administrative remedies, he did not
attach proof of such alleged exhaustion.  Instead, Plaintiff attached to the Complaint
correspondence that did not comply with the requirements of the formal administrative process

**II.    Res Judicata Bars Plaintiff's Claims**

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946 (D.C. Cir. 1983).  Res judicata has two distinct aspects, claim preclusion and issue preclusion (commonly known as collateral estoppel), that apply in different circumstances and with different consequences to the litigants.  Novak v. World Bank, 703 F.2d 1305, 1309 (D.C. Cir. 1983); Johnson v. Ashcroft, 445 F. Supp.2d 45, 49 (D.D.C., 2006).  Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Drake v. Fed. Aviation Admin, 291 F.3d 59, 66 (D.C. Cir. 2002) *quoting* Allen v. McCurry, 449 U.S. 90, 94 (1980).  Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992) *quoting* Allen, 449 U.S. at 94.  In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." I.A.M. Nat'l Pension Fund, 723 F.2d at 949; Novak, 703 F.2d at 1309.  In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [ ] prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981); see also Allen, 449 U.S. at 94.  Here,

---

for exhaustion.  For example, Plaintiff's communications with Defendant's staff that are not part of the formal administrative process.  See Plaintiff's 9/9/03 Request to Staff, Compl. at 26-27.

Plaintiff's claims are barred by both issue preclusion and claim preclusion.

1.    *Issue Preclusion*

Plaintiff has more than once attempted to have a court order an amendment to his PSI claiming that information indicating that he was a suspect in a homicide investigation was inaccurate.  During his sentencing proceedings in 1993, Lopez objected to the alleged inaccuracies in the PSI and the court ordered the PSI to be amended to reflect the fact Lopez maintained he was not involved in the murder.  Compl. at p. 30.  Not content with this order, in his direct appeal, Plaintiff argued that the district court erred in failing to alter the PSI to remove the statement that Lopez was being investigated for a homicide.  The Court rejected his contention.  Lopez, 2004 WL 2019390 at 5.  Approximately 10 years after his conviction, on November 25, 2003, Lopez again filed a motion to correct his PSI, seeking deletion of the reference to the homicide investigation which, he claimed, affected his sentence and is affecting his custody classification and designation within the Federal Bureau of Prisons.  The district court ruled that it lacked jurisdiction to rule on appellant's motion to correct the PSI.  See Lopez, 2004 WL 2019390 at 2.  The Appellate court affirmed in part and reversed in part, directing the lower court to dismiss the motion for lack of subject matter jurisdiction.  See Compl. at ¶ 16.

Here, once again Plaintiff seeks a Court order for the amendment of his PSI.  He again claims that information in the PSI stating he was a suspect in a homicide investigation is inaccurate.  This issue has been litigated and denied, it is now precluded by the doctrine of issue preclusion.

2.    *Claim Preclusion*

10

Under the doctrine of claim preclusion, parties are barred from relitigating issues that were or could have been raised in that action." Drake v. Fed. Aviation Admin, 291 F.3d 59, 66 (D.C. Cir. 2002) *quoting* Allen v. McCurry, 449 U.S. 90, 94 (1980). Plaintiff had an opportunity to seek an amendment to his PSI in his 2000 suit brought under the Freedom of Information Act ("FOIA") against the DOJ seeking files of the United States Attorney for the Southern District of Florida regarding his alleged connection with a murder. See Compl. at ¶ 13. On July 1, 2002, Judge Bates entered a Memorandum Opinion and Order. Exhibit 4. The Court noted that Plaintiff's complaint was based on a letter he wrote to defendant in March 2000 in which he requested all information regarding the possibility of the Plaintiff being a suspect in a murder and sought removal of the information from the files under the Privacy Act, 5 U.S.C. § 552a(e)(5) because the information that plaintiff had been eliminated as a suspect had "surfaced recently." Exhibit 4, Memorandum Opinion, at 1-2. However, the Court noted, that as compared to the March 2000 letter which his complaint was based on, the Plaintiff did not seek relief under the Privacy Act in the Complaint but instead only sought relief under the FOIA. See Exhibit 4, Memorandum Opinion at 1-2 and fn 1. Thus the Plaintiff could have brought suit under the Privacy Act in his 2000 FOIA suit.

Now the Plaintiff seeks to bring suit under the Privacy Act even though he certainly could have done so in his 2000 FOIA suit. Plaintiff was clearly aware of the contents of the PSI, and what government bodies maintained copies of this record prior to his filing suit. He was also aware of the BOP's decision not to amend the PSI absent contrary instructions from the U.S. Probation Officer prior to filing that suit. See Compl. Doc. 1 at 17. Specifically, he was advised that "the information will remain in your file for classification purposes after the U.S. Probation

11

Office in the Southern District of Florida responds to your concerns, unless the U.S. Probation

Office amends their PSI and deletes the information you contest." Compl. at p. 17. Plaintiff's

claim arising from the alleged maintenance of inaccurate information relating to a homicide in

the records of the U.S. Department of Justice accrued prior to his 2000 FOIA suit. Thus, these

matters could have been pursued through the 2000 FOIA suit.[5]

It is inescapable that the same matter is at the heart of both of FOIA suit and his present

action. Here, the doctrine of res judicata precludes any claim which was raised or could have

been raised in the 2000 FOIA suit.

**III.    The Court should Dismiss any Claims under the Administrative Procedure Act**

*1.      The Court does not have Jurisdiction over Plaintiff's APA Claims*

The Supreme Court has explained that a litigant may invoke the APA as a waiver of

sovereign immunity, thereby invoking district court jurisdiction, if the litigant can satisfy both 5

U.S.C. § 702 (by requesting "relief other than money damages") and 5 U.S.C. § 704 (1994) (no

"adequate remedy" is available elsewhere). Bowen v. Massachusetts, 487 U.S. 879, 892-93,

904-05 (1988).

*a.      Plaintiff may not Seek Money Damages under the APA*

The Plaintiff is seeking money damages. Compl. p. 9-10. Because the APA expressly

limits the remedies available under it to "relief <u>other</u> than money damages," Plaintiff may not

---

[5] Furthermore, Plaintiff asserts the final Memorandum Opinion issued in the 2000 FOIA suit on August 22, 2003, indicates that the information contained in the governments files as to his involvement in a homicide was inaccurate. However, Plaintiff's novel interpretation of the Memorandum Opinion could have and should have been litigated to its conclusion before that court.

bring suit under the APA.  5 U.S.C. § 702 (emphasis added).

              b.        *Adequate Remedy is Available Elsewhere*

It is clear that "§ 704 does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."  <u>Bowen</u>, 487 U.S. at 903 (1988).  A careful reading of the complaint reveals that Plaintiff's APA claim is, in part, simply a restatement of his Privacy Act claims.  <u>Mittleman v. U.S. Treasury</u>, 773 F. Supp. 442, 448-49 (D.D.C. 1991) (dismissing APA claim because it was merely a restatement of the Plaintiff's Privacy Act claim).  And, to the extent that it is not, it is a claim challenging the content of his PSI and such claims may be pursued on direct appeal and also may be available in the inmate's district of confinement through a habeas petition filed under 28 U.S.C. § 2241.  <u>U.S. v. Peloso</u>, 824 F.2d 914, 915 (11th Cir. 1987).  Since Plaintiff has statutory schemes and remedies through which he may seek relief, the Court should dismiss his APA claims.

              2.        *Statute of Limitations Bars Plaintiff's Only Exhausted Claim*

Even assuming *arguendo*, that the Court had jurisdiction to hear Plaintiff's only exhausted claim, the statute of limitations bars that claim.  The only matter for which the Plaintiff sought and received final agency action on is his request for amendment of the PSI which was denied at the final level of agency review on June 8, 2000.  Compl., Doc. 1 at 17; <u>see e.g.</u>, 28 C.F.R. § 542.15(a) (providing "[a]ppeal to the General Counsel is the final administrative appeal").  Here, Plaintiff filed a Complaint on June 28, 2006, more than six years after final denial of the request for amendment of records.  The applicable statute of limitations for review of agency action is only six years.  28 U.S.C. § 2401(a); <u>Crown Coat Front Co. v. United States</u>, 386 U.S. 503, 507 (1967).  Thus, this claim is due to be dismissed as it was

13

brought after the expiration of the statute of limitations.

**IV.    Claim that BOP did not Investigate PSI Information is not Actionable**

Even if the Plaintiff's unexhausted claim that BOP failed to investigate and verify the information in the PSI could be heard, Plaintiff has failed to state a cognizable claim. Plaintiff asserts that BOP failed to investigate and verify the information in the PSI pertaining to Plaintiff's involvement in a homicide and that failure was arbitrary, capricious, and an abuse of discretion. Compl. at ¶¶ 21-23. First, the Plaintiff offers no basis for his assertion the BOP has a duty to *sua sponte* independently investigate the accuracy of information supplied to it within the PSI.[6]

Second, Plaintiff can not establish the BOP's denial of his request to amend the PSI was arbitrary, capricious, or an abuse of discretion where the PSI maintained by the BOP reflects the amendment as ordered by the Court. In 1993, Plaintiff made specific objections regarding his PSI to the sentencing court prior to sentencing and consistent with Fed. R. Crim. Pro. R. 32. See Complaint at p. 30. The trial court ruled to incorporate into the PSI Plaintiff's protestation that he lacked any culpability for the homicide. This amendment is part of the PSI which is maintained in the Inmate Central Record System. See Santos Decl. at ¶ 8. The Plaintiff however, seeks further amendment to his PSI regarding the murder investigation that the Court did not order. Compl. at ¶ 11, 12, 15 and 19.

**V.    Plaintiff's Privacy Act Claims Fail**

---

[6]  The PSI is a court generated document created through an adversarial process where the Plaintiff is afforded the opportunity to raise objections and litigate his claims of inaccuracy. Peloso, 824 F.2d at 915 (11th Cir. 1987).

The Privacy Act requires, *inter alia*, that agencies maintain their records "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5); <u>Sellers v. Bureau of Prisons</u>, 959 F.2d 307, 312 (D.C. Cir. 1992). The Privacy Act gives an individual the right to request amendment of his records. 5 U.S.C. § 552a(d)(2). Under § 552a(g)(1)(C), an individual may bring a civil action if an agency's failure to maintain accurate records results in a determination adverse to him, but may collect damages under § 552a(g)(4) only if the agency's conduct was willful or intentional. <u>Sellers</u>, 959 F.2d at 312.

Plaintiff alleges a cause of action under the Privacy Act, 5 U.S.C. § 552a, claiming the BOP has failed to properly and accurately maintain records contained in the Inmate Central Record System. He further alleges the manner in which the records are maintained deprives him of fairness, was willful and intentional, and has resulted in the BOP making adverse determinations relating to his "profile, rights, classification, designation, and opportunities. . ." at all times since his incarceration in 1991. Compl. at ¶ 32. Plaintiff did not exhaust his administrative remedies for the challenges regarding his "statutory penalties" and the status of a 1989 Driving Under the Influence (DUI) conviction, as discussed above. Plaintiff's only exhausted claim under the Privacy Act is his request for amendment of the PSI relating to the alleged inaccuracy indicating that he may be a suspect in a homicide investigation.[7]

1.     *The PSI is Exempt from the Amendment Provisions of the Privacy Act*

As a law enforcement agency, the Bureau of Prisons is exempted from certain provisions

---

[7]     As discussed below, this claim is time barred under the Privacy Act by the statute of limitations.

of the Privacy Act.  See 5 U.S.C. § 552a(j)(2).  Pursuant to 5 U.S.C. § 552a(j)(2), BOP's

presentence reports and inmate records systems are exempt from the *amendment* provisions of

the Privacy Act.  See 28 C.F.R. § 16.51(c); 28 C.F.R. § 16.97(a); White v. United States

Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam); Risley v. Hawk, 108 F.3d

1396, 1397 (D.C. Cir. 1997) (per curiam).  Accordingly, Plaintiff is barred from seeking

amendment of his presentence report under the Privacy Act.  Deters v. United States Parole

Comm'n, 85 F.3d 655, 658 n. 2 (D.C. Cir. 1996).

       2.    *The PSI is Exempt from the Accuracy Provisions of the Privacy Act*

In 2002, the Department of Justice published a regulation exempting certain BOP's

record systems, such as the BOP's Inmate Central Records System, from the *accuracy* provision

of the Privacy Act, § 552a(e)(5).  See 28 C.F.R. § 16.97(j); Martinez v. BOP, 444 F.3d 620, 624

(D.C. Cir. 2006).  Thus, the Court should dismiss Plaintiff's accuracy claims as the PSI is a part

of the BOP's Inmate Central Records System.  Santos Decl. at ¶ 6.

Even if the BOP had waived its exemption for accuracy, the Plaintiff would still not have

a claim because the BOP has provided a reasonable explanation for its refusal to change the PSI

as Plaintiff requested.  In Martinez, the Court found that:

> Even if [BOP] had waived the [accuracy] exemption, the record shows that the BOP
> provided a reasonable explanation for its refusal to correct its records as appellant
> requested. The BOP contacted the [U.S. Probation Officer ("USPO")] and was advised
> that the BOP's records regarding appellant were accurate.

Martinez, 444 F.3d at 624.

Likewise, here the BOP contacted the USPO in regard to the PSI's addressing of the

homicide and the USPO confirmed the copy of the PSI maintained by the BOP is the final

document adopted by the sentencing court and is therefore "accurate" in terms of the Court's

16

order to amend.  See Compl. at 29-31.  Thus, Plaintiff's claim that BOP is not maintaining

accurate records fails.

> 3.    *Plaintiff's Privacy Act Claim is Barred by the Statute of Limitations*

Under the accuracy provision of the Privacy Act, claims must be brought within two

years of the "date on which the cause of action accrues" or, where there has been material and

willful misrepresentation of information necessary to establish agency liability,  "within two

years after discovery by the individual of the misrepresentation."  5 U.S.C. §552a(g)(5); Tijerina

v. Walters, 821 F.2d 789, 794 (D.C. Cir. 1987).

The sole matter for which Plaintiff exhausted his administrative remedies was his request

for an amendment of the PSI to the reference that he was a suspect in a homicide investigation.

In his Complaint, Plaintiff alleges he was aware of the challenged information prior to his

October 1993 sentencing and made his objections known to the sentencing court.  Compl. at ¶

32.  Plaintiff's request to the agency for amendment of his PSI was denied at the final level of

agency review on June 8, 2000.  Compl. at p. 17.  See e.g., 28 C.F.R. § 542.15(a) (providing

"[a]ppeal to the General Counsel is the final administrative appeal").  The present suit was not

filed until June 26, 2006.  Because Plaintiff's claim accrued more than two years prior to the

filing of the suit and Plaintiff was aware of the alleged misrepresentation more than 2 years prior

to filing the instant action, his claim is subject to dismissal.

> 4.    *Plaintiff Fails to State a Privacy Act Claim*

> > a.    *Plaintiff can not obtain injunctive relief*

Plaintiff alleges that under 5 U.S.C. §§ 552a(g)(1)(c) and (g)(4), the BOP failed to

maintain accurate records and such failure has resulted in adverse determinations relating to

Plaintiff's profile, rights, classification and designation within the BOP.  Compl. at ¶¶ 32, 34.

Plaintiff seeks injunctive relief from this alleged failure and requests that the Court order an

amendment to his PSI.  However, injunctive relief is not available under the section of the

Privacy Act requiring that an agency maintain its records accurately.  5 U.S.C.A. §

552a(g)(1)(C), (g)(4).  Therefore, the Plaintiff may not obtain injunctive relief under

552a(g)(1)(C), (g)(4).

> b.    *Plaintiff can obtain neither injunctive relief nor monetary relief*

"Whether the nature of the relief sought is injunctive or monetary, the standard against

which the accuracy of the record is measured remains constant.  That standard is found in 5

U.S.C. § 552a(e)(5) and reiterated in 5 U.S.C. § 552a(g)(1)(C)."  Doe v. United States, 821 F.2d

694, 697 n.8 (D.C. Cir. 1987).  Under 5 U.S.C. § 552a(e)(5), the Privacy Act requires agencies to

maintain their records "with such accuracy, relevance, timeliness, and completeness as is

reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. §

552a(e)(5).  Plaintiff neither can show that the BOP failed to meet this standard in maintaining

his PSI nor that his PSI contains inaccurate information.  Therefore, Plaintiff can not maintain a

cause of action for injunctive relief or monetary damages under the Privacy Act.

The sole issue for which Plaintiff exhausted his administrative remedies was his request

for an amendment of the PSI to the reference that he was a suspect in a homicide investigation.

However, Plaintiff concedes that a criminal prosecutor at an evidentiary hearing in 1999

"testified that she had been called by a homicide investigator in 1991 and that Mr. Lopez was the

prime suspect in a homicide."  Thus, Plaintiff indeed was a suspect in that homicide and the PSI

is therefore, not inaccurate.  Moreover, during his sentencing proceedings in 1993, Plaintiff

objected to the alleged inaccuracies in the PSI relating to the homicide investigation.  The court

ordered that the PSI be amended to reflect the fact that Plaintiff maintained he was not involved

in the homicide.  Complaint at p. 30.  The PSI contains that amendment.  <u>See</u> Santos Decl. at ¶ 8.

Consequently, Plaintiff has not stated a claim under the Privacy Act for either injunctive relief or

monetary damages.[8]

> c.    *Plaintiff has not suffered an adverse determination*

Even if Plaintiff could establish that his PSI is inaccurate, he would not state a claim for

monetary damages because he has not suffered any adverse determination.  To state a claim for

money damages under the Privacy Act, a Plaintiff must not only allege that an agency

intentionally or willfully failed to maintain accurate records, but that consequently an "adverse"

determination was made respecting the plaintiff.  5 U.S.C. § 552a(g)(1)(C).  Plaintiff fails to

demonstrate the BOP made any adverse determination which was proximately caused by this

---

[8] Plaintiff also claims new evidence has come to light which demonstrates the representations in the PSI are inaccurate.  Compl. at ¶14 & p. 22-24.  However, Plaintiff has failed to allege facts which would support a finding that the section of the record at issue was inaccurate.  The new evidence Plaintiff refers to is a Memorandum Opinion issued in Plaintiff's FOIA suit in which Plaintiff claims he sought amendment of DOJ files as well.  Mem Op. attached to Compl. at p. 22-24; Comp. at ¶¶ 12, 13.  Plaintiff has characterized this new evidence as demonstrating "the information regarding to my involvement . . ." in the homicide of Manzo was erroneous when written in the PSI, Compl. at p. 32, and that he was "eliminated as a suspect" sometime in 1992 Compl., at p. 38 & 41.  These characterizations of the court's findings purport to be based upon the description of three pages of handwritten notes which the court ruled were not responsive to Plaintiff's request for disclosure under FOIA as they "do not identify plaintiff as a possible suspect in a murder of Manzo nor do they refer to his elimination as a suspect in that homicide" and contains information exempt from production.  Compl. at p. 23.  Plaintiff's characterizations of this Memorandum Order and its significance are incorrect as the court determined that the handwritten notes did not address the Plaintiff as a possible suspect nor eliminate the Plaintiff as a possible suspect in Manzo's murder.  Furthermore, as discussed in the context of res judicata above, if the Plaintiff's understanding of the court's memorandum opinion is correct, then he should have litigated the matter to its conclusion in that suit.

alleged inaccurate record.  Although Plaintiff generally asserts "adverse determinations relating to plaintiff's profile, rights, classification, designation and opportunities (i.e., education programs, etc.) within the Federal Bureau of Prisons," he has alleged no facts to support his assertion that the agency has made an adverse determination which was the proximate result of reliance on the alleged inaccurate information.  Compl. at ¶ 32.

Moreover, BOP's Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u> (9/3/99) identifies multiple factors which influence the classification and designation decisions of BOP staff, such as the inmate's current convictions, escape history, and behavior while in custody.  Santos Decl. at ¶ 14.  "Plaintiff's current aggregate Life sentence includes his conviction for knowingly and willfully attempting to escape from the custody of the Attorney General of the United States, and a review of the Bureau disciplinary data reveals that the Plaintiff was found to have committed a greatest severity prohibited act for Possessing a Dangerous Weapon while at the Federal Detention Center. . .  Bureau guidance suggest 'maximum custody' and 'highest security' levels to be assigned where these factors are present."  Santos Decl. at ¶ 14.

5.      *Plaintiff Fails to State a Privacy Act Claim against Lappin, Huff and OIP*

The only proper defendant in a Privacy Act case is the agency alleged to have committed a violation.  5 U.S.C. § 552a(g)(1).  Therefore, to the extent that the Plaintiff seeks to name the Director of the BOP, Harley Lappin, the Co-Director of OIP, Richard Huff, or OIP as defendants to this case, these defendants would be improper.

**VI.     Sovereign Immunity bars Plaintiffs' Constitutional Claims against BOP**

Plaintiff's constitutional claims should be dismissed for lack of subject matter

jurisdiction on the grounds of sovereign immunity.   The United States enjoys immunity from suit except where it has expressly consented to be sued, FDIC v. Meyer, 510 U.S. 471, 474 (1994), and that consent cannot be implied but must be express.   United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); United States v. Mitchell, 445 U.S. 535, 538 (1980).   The Constitution does not waive, explicitly or otherwise, the sovereign immunity of the United States.   See United States v. Testan, 424 U.S. 392, 401-402 (1976).   Moreover, when a court is uncertain whether the government has waived sovereign immunity, the court *must* assume that immunity has not been waived. See, e.g., Lane v. Pena, 518 U.S. 187, 192 (1996).   The Constitution does not create a cause of action.   See Testan, 424 U.S. at 401-402 ("the basis of a federal claim – whether it be the Constitution, a statute, or a regulation – does not create a cause of action for money damages" against the United States or its agencies, nor does it "eliminate[] from consideration the sovereign immunity of the United States").   Therefore, the Plaintiff's constitutional claims fail against the BOP.

## VII.   Plaintiff's Constitutional Claims against Individual Defendants Fail

Constitutional claims are not cognizable against individual government employees in as much as such claims are "encompassed within the remedial scheme of the Privacy Act."   See e.g., Chung v. United States Department of Justice, 33 F.3d 273, 274 (D.C. Cir. 2003); Mittleman v. U.S. Treasury, 773 F. Supp. 442, 451, 453-454 (D.D.C. 1991).   Because Plaintiff's constitutional claims against the individual defendants are merely a restatement of his Privacy Act claims, these claims against the individual defendants should be dismissed.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant Defendants'

Motion to Dismiss or, in the Alternative, for Summary Judgment.


November 28, 2006                    Respectfully submitted,


                                    _____/s/_____
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney


                                    _____/s/_____
                                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                                    Assistant United States Attorney


                                    _____/s/_____
                                    ANDREA McBARNETTE, D.C. Bar  # 483789
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 514-7153


22

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss or, in the Alternative, for Summary

Judgment and accompanying order has been served on November 28, 2006 via postage prepaid

mail upon:

Ramon Lopez
#42004-004
FCC-USP 1
P.O. Box 1033
Coleman, FL 33521-1033

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153