```
██████        *      PUBLIC INFORMATION        *     09-13-2006
PAGE 001       *         INMATE DATA            *     08:54:09
                        AS OF 09-13-2006
REGNO..: 42004-004 NAME: LOPEZ, RAMON

                  RESP OF: COP / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 352-689-6000     FAX: 352-689-6012
                                     RACE/SEX...: WHITE / MALE
FBI NUMBER.: 902436W7                DOB/AGE....: 03-14-1952 / 54
PROJ REL MT: LIFE                    PAR ELIG DT: N/A
PROJ REL DT: LIFE                    PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY -------------------------
FCL    ASSIGNMENT  DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
COP    A-DES       DESIGNATED, AT ASSIGNED FACIL 03-20-2006 1007 CURRENT
COP    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN 03-20-2006 0717 03-20-2006 1007
COP    A-DES       DESIGNATED, AT ASSIGNED FACIL 02-11-2005 1136 03-20-2006 0717
COP    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN 02-11-2005 0924 02-11-2005 1136
COP    A-DES       DESIGNATED, AT ASSIGNED FACIL 10-14-2004 1414 02-11-2005 0924
COP    ESCORT TRP  ESC TRIP OTHER THAN LOCAL HOSP 10-14-2004 1218 10-14-2004 1414
COP    A-DES       DESIGNATED, AT ASSIGNED FACIL 09-09-2004 1551 10-14-2004 1218
COP    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN 09-09-2004 1246 09-09-2004 1551
COP    A-DES       DESIGNATED, AT ASSIGNED FACIL 04-29-2003 1021 09-09-2004 1246
B14    RELEASE     RELEASED FROM IN-TRANSIT FACL 04-29-2003 1021 04-29-2003 1021
B14    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-29-2003 0618 04-29-2003 1021
MIM    HLD REMOVE  HOLDOVER REMOVED              04-29-2003 0618 04-29-2003 0618
MIM    A-HLD       HOLDOVER, TEMPORARILY HOUSED  01-06-2003 1456 04-29-2003 0618
4-W    RELEASE     RELEASED FROM IN-TRANSIT FACL 01-06-2003 1456 01-06-2003 1456
4-W    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-06-2003 0417 01-06-2003 1456
TAL    HLD REMOVE  HOLDOVER REMOVED              01-06-2003 0417 01-06-2003 0417
TAL    A-HLD       HOLDOVER, TEMPORARILY HOUSED  12-19-2002 1647 01-06-2003 0417
B14    RELEASE     RELEASED FROM IN-TRANSIT FACL 12-19-2002 1647 12-19-2002 1647
B14    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 12-19-2002 1404 12-19-2002 1647
COP    FED WRIT    RELEASE ON FEDERAL WRIT       12-19-2002 1404 04-29-2003 1021
COP    A-DES       DESIGNATED, AT ASSIGNED FACIL 07-11-2002 1818 12-19-2002 1404
S37    RELEASE     RELEASED FROM IN-TRANSIT FACL 07-11-2002 1818 07-11-2002 1818
S37    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-11-2002 0930 07-11-2002 1818
EDG    TRANSFER    TRANSFER                      07-11-2002 0930 07-11-2002 0930
EDG    A-DES       DESIGNATED, AT ASSIGNED FACIL 03-29-2002 1300 07-11-2002 0930
EDG    ESCORT TRP  ESC TRIP OTHER THAN LOCAL HOSP 03-29-2002 0530 03-29-2002 1300
EDG    A-DES       DESIGNATED, AT ASSIGNED FACIL 01-17-2002 1321 03-29-2002 0530
EDG    ESCORT TRP  ESC TRIP OTHER THAN LOCAL HOSP 01-17-2002 1030 01-17-2002 1321
EDG    A-DES       DESIGNATED, AT ASSIGNED FACIL 06-28-2001 1130 01-17-2002 1030
B03    RELEASE     RELEASED FROM IN-TRANSIT FACL 06-28-2001 1130 06-28-2001 1130
B03    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-28-2001 0656 06-28-2001 1130
ATL    HLD REMOVE  HOLDOVER REMOVED              06-28-2001 0656 06-28-2001 0656
ATL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF 06-12-2001 2000 06-28-2001 0656
A01    RELEASE     RELEASED FROM IN-TRANSIT FACL 06-12-2001 2000 06-12-2001 2000
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-12-2001 0649 06-12-2001 2000
LEW    TRANSFER    TRANSFER                      06-12-2001 0649 06-12-2001 0649

G0002        MORE PAGES TO FOLLOW . . .
```



GOVERNMENT EXHIBIT

Ex. 1

```
█████        *      PUBLIC INFORMATION        *    09-13-2006
PAGE 002      *        INMATE DATA             *    08:54:09
                    AS OF 09-13-2006
REGNO..: 42004-004 NAME: LOPEZ, RAMON

                RESP OF: COP / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 352-689-6000    FAX: 352-689-6012
LEW   A-DES      DESIGNATED, AT ASSIGNED FACIL 11-06-2000 1157 06-12-2001 0649
LEW   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 11-06-2000 0700 11-06-2000 1157
LEW   A-DES      DESIGNATED, AT ASSIGNED FACIL 03-06-2000 0958 11-06-2000 0700
LEW   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 03-06-2000 0756 03-06-2000 0958
LEW   A-DES      DESIGNATED, AT ASSIGNED FACIL 11-04-1999 1004 03-06-2000 0756
LEW   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 11-04-1999 0642 11-04-1999 1004
LEW   A-DES      DESIGNATED, AT ASSIGNED FACIL 09-13-1999 1132 11-04-1999 0642
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 09-13-1999 1902 09-13-1999 1902
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-13-1999 1132 09-13-1999 1902
ATL   HLD REMOVE HOLDOVER REMOVED              09-13-1999 1132 09-13-1999 1132
ATL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  08-24-1999 1740 09-13-1999 1132
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 08-24-1999 1740 08-24-1999 1740
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-24-1999 1150 08-24-1999 1740
MIM   HLD REMOVE HOLDOVER REMOVED              08-24-1999 1150 08-24-1999 1150
MIM   A-HLD      HOLDOVER, TEMPORARILY HOUSED  05-25-1999 1423 08-24-1999 1150
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 05-25-1999 1423 05-25-1999 1423
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-25-1999 0820 05-25-1999 1423
OKL   HLD REMOVE HOLDOVER REMOVED              05-25-1999 0720 05-25-1999 0720
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  05-24-1999 1645 05-25-1999 0720
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 05-24-1999 1745 05-24-1999 1745
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-24-1999 0712 05-24-1999 1745
LEW   FED WRIT   RELEASE ON FEDERAL WRIT       05-24-1999 0712 09-13-1999 1902
LEW   A-DES      DESIGNATED, AT ASSIGNED FACIL 03-16-1999 0930 05-24-1999 0712
LEW   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 03-16-1999 0733 03-16-1999 0930
LEW   A-DES      DESIGNATED, AT ASSIGNED FACIL 01-11-1999 1724 03-16-1999 0733
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 01-11-1999 1724 01-11-1999 1724
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 01-11-1999 0940 01-11-1999 1724
OKL   HLD REMOVE HOLDOVER REMOVED              01-11-1999 0840 01-11-1999 0840
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  01-04-1999 1815 01-11-1999 0840
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 01-04-1999 1915 01-04-1999 1915
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 01-04-1999 1106 01-04-1999 1915
ATL   HLD REMOVE HOLDOVER REMOVED              01-04-1999 1106 01-04-1999 1106
ATL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  12-01-1998 1900 01-04-1999 1106
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 12-01-1998 1900 12-01-1998 1900
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 12-01-1998 1322 12-01-1998 1900
MIM   HLD REMOVE HOLDOVER REMOVED              12-01-1998 1322 12-01-1998 1322
MIM   A-HLD      HOLDOVER, TEMPORARILY HOUSED  02-04-1998 1224 12-01-1998 1322
6-I   RELEASE    RELEASED FROM IN-TRANSIT FACL 02-04-1998 1224 02-04-1998 1224

█████      MORE PAGES TO FOLLOW . . .
```

```
██████        *       PUBLIC INFORMATION      *    09-13-2006
PAGE 003       *          INMATE DATA          *    08:54:09
                       AS OF 09-13-2006
REGNO..: 42004-004 NAME: LOPEZ, RAMON

                   RESP OF: COP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 352-689-6000   FAX: 352-689-6012
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 90-389-CR-DAVIS-2
JUDGE...........................: DAVIS
DATE SENTENCED/PROBATION IMPOSED: 01-09-1992
DATE COMMITTED..................: 12-20-1993
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00          $00.00          $20,000.00   $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 391
OFF/CHG: T21 USC 841(A)(1) POSS W/I TO DIST COCAINE
         T21 USC 846 CONSP TO POSS W/I TO DIST COCAINE

   SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:  240 MONTHS
   TERM OF SUPERVISION............:    5 YEARS
   DATE OF OFFENSE................: 06-12-1990

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 92-395-CR-DAVIS-1
JUDGE...........................: DAVIS
DATE SENTENCED/PROBATION IMPOSED: 01-20-1993
DATE COMMITTED..................: 12-20-1993
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $50.00           $00.00          $00.00       $00.00

██████        MORE PAGES TO FOLLOW . . .
```

```
   COAAH            *        PUBLIC INFORMATION         *    09-13-2006
PAGE 004            *            INMATE DATA            *    08:54:09
                              AS OF 09-13-2006
REGNO..: 42004-004 NAME: LOPEZ, RAMON

                    RESP OF: COP / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 352-689-6000   FAX: 352-689-6012
RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  030
OFF/CHG: T18 USC 3146  FAILURE TO APPEAR

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    5 MONTHS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONCURRENT
  DATE OF OFFENSE................: 04-26-1991

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 91-317-CR-UNGARO-BEN
JUDGE...........................: UNGARO-BENAGES
DATE SENTENCED/PROBATION IMPOSED: 10-29-1993
DATE COMMITTED..................: 12-20-1993
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

             FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.: $100.00         $00.00       $25,000.00     $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  391
OFF/CHG: 21 USC 846 & 841(A)(1) CONSPIRACY TO POSSESS WITH INTENT TO
         DISTRIBUTE COCAINE, POSSESSION WITH INTENT TO DISTRIBUTE
         COCAINE, AIDING AND ABETTING

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.: LIFE
  TERM OF SUPERVISION............:    5 YEARS
  CLASS OF OFFENSE...............: CLASS A FELONY
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CTS ONE AND TWO CONC
  DATE OF OFFENSE................: 04-01-1991
  ███████        MORE PAGES TO FOLLOW . . .
```

```
███████       *        PUBLIC INFORMATION        *    09-13-2006
PAGE 005          *           INMATE DATA            *    08:54:09
                              AS OF 09-13-2006
REGNO..: 42004-004 NAME: LOPEZ, RAMON

                    RESP OF: COP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 352-689-6000   FAX: 352-689-6012

------------------------CURRENT OBLIGATION NO: 020 ------------------------
OFFENSE CODE....: 391
OFF/CHG: T 18 USC 3147 SENTENCE ENHANCEMENT, COMMITTRD CRIME WHILE
         ON WRIT

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   6 MONTHS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONS TO COUNTS 1 & 2
  DATE OF OFFENSE................: 04-01-1991

----------------------CURRENT JUDGMENT/WARRANT NO: 040 ----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 92-708-CR-MORENO(01)
JUDGE...........................: MORENO
DATE SENTENCED/PROBATION IMPOSED: 11-18-1993
DATE COMMITTED..................: 12-20-1993
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:   $50.00         $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 112
OFF/CHG: T18 USC 751(A) KNOWINGLY AND WILLFULLY ATTEMPT TO
         ESCAPE FROM THE CUSTODY OF THE ATTORNEY GENERAL OF THE US

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  51 MONTHS
  TERM OF SUPERVISION............:   3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONCURRENT W/030
  DATE OF OFFENSE................: 11-11-1992

███████       MORE PAGES TO FOLLOW . . .
```

```
███████  *        PUBLIC INFORMATION        *    09-13-2006
PAGE 006 OF 006 *          INMATE DATA            *    08:54:09
                        AS OF 09-13-2006
REGNO..: 42004-004 NAME: LOPEZ, RAMON

                RESP OF: COP / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 352-689-6000    FAX: 352-689-6012

------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-24-2001 AT EDG AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010, 030 010, 030 020, 040 010

DATE COMPUTATION BEGAN..........: 01-09-1992
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 06-12-1990

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     06-12-1990     07-27-1990
                                     05-14-1991     01-08-1992

TOTAL PRIOR CREDIT TIME.........: 286
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: LIFE


PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE


██████    NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMON LOPEZ,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )    Civil Action No. 06-cv-1178 (RBW)
                                     )
RICHARD HUFF, ET AL.,                )
                                     )
            Defendant.               )
_____)

## DECLARATION AND CERTIFICATION OF RECORDS OF CAIXA SANTOS

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, Caixa Santos, do hereby make the following unsworn declaration, under penalty of perjury, pertinent to the above-styled cause:

1.  I am currently employed by the United States Government, Federal Bureau of Prisons, as a Legal Instruments Examiner at the Federal Correctional Complex in Coleman, Florida (FCC Coleman).

2.  As part of my duties, I have access to documents and electronic data maintained by the Federal Bureau of Prisons (Bureau). These records are created at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of the relevant matters. My duties include processing requests for information from the Bureau relating to records maintained by the Southeast Regional Office and the correctional institutions served by this office.

3.  The Federal Bureau of Prisons has exercised its authority to promulgate rules exempting records maintained as part of the Inmate Central Record System from



1    certain provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). These

2    have been codified at 16 C.F.R. § 16.97. Through 16 C.F.R. § 16.97, the

3    Federal Bureau of Prisons has exempted inmate records, including those

4    maintained in the central file, from the mandate of 5 U.S.C. § 552a(c)(3) & (4), 5

5    U.S.C. § 552a(d), 5 U.S.C. § 552a(e)(2) & (3), 5 U.S.C. § 552a(e)(4)(H), 5

6    U.S.C. § 552a(e)(8)(f), and 5 U.S.C. § 552a(g).

7  4.    Plaintiff, Ramon Lopez, Reg. No. 42004-004, is a federal prisoner presently

8    serving aggregate terms of imprisonment, the maximum of which is Life

9    imprisonment, imposed after his convictions in four criminal cases out of the

10    Southern District of Florida: 90-cr-0389, 92-cr-395, 91-cr-317, and 92-cr-708. In

11    case number 92-cr-708, Plaintiff was convicted of violating 18 U.S.C. § 751(a) for

12    knowingly and willfully attempting to escape from the custody of the Attorney

13    General of the United States.

14  5.    To my knowledge, Plaintiff claims the Bureau has maintained in its records

15    inaccurate information, specifically ¶ 45 of the Presentence Investigation Report

16    (PSI) prepared at the behest of the District Court for the Southern District of

17    Florida and adopted by the sentencing court in 1993. He also claims the Bureau

18    failed to independently investigate the accuracy of this information, and alleges

19    the Bureau relied upon this information in making determinations affecting his

20    conditions of confinement. His challenge is based upon his assertion he was not

21    involved in the homicide, which is the subject of the disputed paragraph and

22    which suggests he was considered a suspect.

23  6.    The PSI, which is the record at issue here, is maintained by the Federal Bureau

24

1    of Prisons as part of the Inmate Central Record System which is exempt from

2    the provisions of Title 5 U.S.C. § 552a(g).

3  7.    A review of records maintained by the Federal Bureau of Prisons reveals the

4    Bureau is in possession of a PSI prepared by the United States Probation Office

5    (USPO) for the United States District Court, Southern District of Florida, in the

6    matter of United States v. Ramon Lopez, 91-cr-0317 (S. D. Fla.)(hereafter

7    referred to as "Criminal Case").

8  8.    Bureau records reveal staff forwarded Plaintiff's claims of inaccuracies in his PSI

9    to the USPO responsible for preparing the document.  The USPO responded by

10    letter explaining the PSI, as maintained by the Bureau, accurately reflects the

11    PSI as adopted by the court.  No records could be located in Bureau possession

12    indicating the PSI maintained by the Bureau has been subsequently amended in

13    any way, nor that any of the information has been determined to be inaccurate.

14  9.    The Bureau makes available to its inmates a three level administrative remedy

15    process should informal resolution procedures fail to achieve sufficient results.

16    These are codified in large part at 28 C.F.R. § 542.10, et seq.  The first level of

17    administrative remedy process review is begun by filing a Request for

18    Administrative Remedy at the institution where the inmate is incarcerated.

19    Should the inmate's complaint be denied at the institution level, the inmate may

20    appeal by filing a Regional Administrative Remedy Appeal with the Regional

21    Office for the geographic region in which the inmate's institution of confinement

22    is located.  For an inmate at FCC Coleman, this appeal would be filed with the

23    Southeast Regional Office of the BOP in Atlanta, Georgia.  If the Regional Office

24

3

1       denies relief, the inmate can appeal to the Office of General Counsel via a

2       Central Office Administrative Remedy Appeal. This is the third and final step of

3       the process.

4   10. This administrative grievance procedure has been identified as the appropriate

5       vehicle to raise complaints pertaining to information maintained in the Inmate

6       Central Record System. This is codified at 28 C.F.R. 16.97(i).

7   11. The Plaintiff has filed and exhausted administrative remedies through the

8       appropriate administrative process at the Bureau as to his request for

9       amendment of the PSI which was initiated on January 25, 2000, at the Institution

10      level (Remedy I.D. No. 205033-F1) and denied at the final level of agency review

11      on June 8, 2000 (Remedy I.D. No. 205033-A1). To the extent these records

12      existed and were maintained as part of the administrative remedy files for

13      Remedy I.D. No. 205033, that file was closed upon the denial at the final level of

14      agency review on or about June 8, 2000. These records are maintained at the

15      institution for three years from the date of final disposition of the remedy request.

16      Final disposition would be the final action at the Central Office by the Inmate

17      Appeals Administrator, or the final remedy response sent to the inmate where no

18      further appeal or correspondence was received within the time frame provided by

19      policy. Here, final disposition occurred upon the Inmate Appeals Administrator's

20      denial of the appeal on June 6, 2000. Thus, these records would have properly

21      been disposed of at the end of 2003. A search for the records at USP Lewisburg

22      revealed these records could not be located and are believed to no longer exist.

23  12. My review identified no subsequent requests for amendment or investigation of

24                                              4

1       the accuracy of information in the PSI.  Specifically, the SENTRY Printout

2       Administrative Remedy Generalized Retrieval reviewed reveals no issues raising

3       questions about the accuracy of the PSI as to a prior drunk driving offense nor to

4       statutory penalties.  This record does not reveal any administrative remedy

5       submissions regarding alleged constitutional violations by Director Lappin.

6   13.  Plaintiff submitted a "Privacy Act Request to Amend Records" to the Bureau on

7       or about February 18, 2004.  Attached to this request appears to have been a

8       copy of the October 8, 1999, Letter from Arthur Berger, counsel for Plaintiff, to

9       Barry Sabin, Assistant United States Attorney.  A response was generated by the

10      Bureau's Southeast Regional Office on March 9, 2004.  This response explained

11      the Inmate Central Record System, which is where the PSI is maintained, was

12      exempted from specified  provisions of the Privacy Act consistent with the

13      authority established through 5 U.S.C. § 552a(j).  The response went on to

14      explain the Bureau makes available the administrative grievance procedure

15      described above as an avenue for challenging the accuracy of Bureau records.

16      Bureau records show no administrative grievance was subsequently filed.

17  14.  Plaintiff generally asserts his current classification is the result of reliance upon

18      the alleged inaccurate information in ¶ 45 of the PSI.  But, Bureau Program

19      Statement 5100.07, Security Designation and Custody Classification Manual

20      (9/3/99) identifies multiple factors which influence the classification and

21      designation decisions of Bureau staff.  Among these are the inmate's current

22      convictions, escape history, and behavior while in custody.  Plaintiff's current

23      aggregate Life sentence includes his conviction for knowingly and willfully

24                                      5

1    attempting to escape from the custody of the Attorney General of the United

2    States, and a review of Bureau disciplinary data reveals the Plaintiff was found to

3    have committed a greatest severity prohibited act for Possessing a Dangerous

4    Weapon while at the Federal Detention Center in Miami, and was also found to

5    have been Engaging in a Group Demonstration while at USP Atlanta.  Bureau

6    guidance suggests 'maximum custody' and 'high security' levels to be assigned

7    where these factors are present.

8    15.    I certify the copies of the SENTRY Printout Public Information Inmate Data,

9    SENTRY Printout Administrative Remedy Generalized Retrieval, and SENTRY

10    Printout Inmate Discipline Data being provided to the court are true and accurate

11    copies of the records maintained and/or created by the Federal Bureau of

12    Prisons in the normal course of regularly performed activities.

13        I declare under penalty of perjury that the foregoing is true and correct to the

14    best of my knowledge and belief.

15        Executed on this 31st day of October, 2006.

16

17

18    Caixa Santos, Legal Instruments Examiner
      Federal Correctional Complex
19    Coleman, Florida

20

21

22

23

24                                6

```
███████      *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-13-2006
PAGE 001 OF                                                      08:59:52
     FUNCTION: L-P SCOPE: REG   EQ 42004-004    OUTPUT FORMAT: SAN
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: _ _        RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ _____    ____    ____    ____    ____    ____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
      PERSON: _____ _____ _____ _____ _____ _____
        TYPE: ___    ___    ___    ___    ___    ___
EVNT FACL: EQ ____    ____    ____    ____    ____    ____
RCV FACL.: EQ ____    ____    ____    ____    ____    ____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____    ____    ____    ____    ____    ____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____


███████      MORE PAGES TO FOLLOW . . .
```



```
████████        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-13-2006
PAGE 002 OF      *              SANITIZED FORMAT               *      08:59:52

REMEDY-ID    SUBJ1/SUBJ2  --------------------ABSTRACT----------------------
             RCV-OFC    RCV-FACL    DATE-RCV      STATUS      STATUS-DATE

90639-F1     18AM/       I/M REQUESTS WIFE BE PLACED ON VISITING LIST.
             ATL         ATL        07-26-1995     CLD         08-03-1995

90639-R1     18AM/       I/M REQUESTS WIFE BE PLACED ON VISITING LIST.
             SER         ATL        08-30-1995     CLD         09-13-1995

90639-A1     18AM/       I/M REQUESTS WIFE BE PLACED ON VISITING LIST.
             BOP         ATL        10-13-1995     CLD         10-24-1995

110690-F1    13HM/       IM REQ EXPLANATION FOR LOCKDOWN.
             ATL         ATL        05-31-1996     REJ         05-31-1996

110690-R1    22AM/33HM   EXPLANATION WHY IN LOCKDOWN/STAFF WON'T ANSWER BP9'S
             SER         ATL        07-12-1996     REJ         07-12-1996

115374-F1    13BM/       IM DIPUTES HIGH ACCOUNTABILITY STATUS
             ATL         ATL        08-08-1996     CLD         08-26-1996

110690-A1    13HM/       IM REQ EXPLANATION FOR LOCKDOWN.
             BOP         ATL        08-19-1996     REJ         08-19-1996

116259-R1    20DM/       06-04/96 DHO HEARING
             SER         ATL        08-20-1996     CLD         08-30-1996

115374-R1    13BM/       IM DIPUTES HIGH ACCOUNT STATUS/DID NOT HUNGERSTRIKE
             SER         ATL        09-17-1996     CLD         09-26-1996

116259-A1    20DM/       06-04/96 DHO HEARING
             BOP         ATL        09-17-1996     CLD         10-30-1996

115374-A1    13BM/       IM DIPUTES HIGH ACCOUNT STATUS/DID NOT HUNGERSTRIKE
             BOP         ATL        10-15-1996     CLD         12-04-1996

124687-F1    33AM/33CM   IM REQ ASSISTANCE AND ACCESS TO LAW LIBRARY
             ATL         ATL        12-24-1996     CLG         01-09-1997

124687-R1    33AM/33CM   IM REQ ASSISTANCE AND ACCESS TO LAW LIBRARY IN SHU
             SER         ATL        01-22-1997     CLD         03-12-1997

131433-F1    27CM/       IM REQUEST TO SEE A DENTIST
             ATL         ATL        04-03-1997     CLG         05-30-1997

124687-A1    33AM/33CM   IM REQ ASSISTANCE AND ACCESS TO LAW LIBRARY IN SHU
             BOP         ATL        04-14-1997     CLD         05-29-1997

131433-R1    27CM/       IM REQUEST TO SEE A DENTIST
             SER         ATL        05-06-1997     REJ         05-07-1997

████████     MORE PAGES TO FOLLOW . . .
```

```
█████████          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-13-2006
PAGE 003 OF        *                SANITIZED FORMAT               *      08:59:52

REMEDY-ID     SUBJ1/SUBJ2  --------------------ABSTRACT----------------------
              RCV-OFC    RCV-FACL    DATE-RCV      STATUS    STATUS-DATE

131433-R2     27CM/        IM REQUEST TO SEE A DENTIST
              SER          ATL        05-20-1997    CLG       08-15-1997

135149-F1     25FM/25ZM    IM REQ REPLACEMENT ACCT CARD AND FUNDS
              ATL          ATL        05-27-1997    CLG       06-25-1997

135155-F1     33DM/        IM REQ CONTACT VISIT WITH ATTORNEY
              ATL          ATL        05-27-1997    REJ       05-29-1997

135149-R1     25FM/25ZM    IM REQ REPLACEMENT ACCT CARD AND FUNDS
              NER          LEW        07-16-1997    CLD       08-13-1997

140078-F1     26IM/        WANTS TO BE SEEN BY A PODIATRIST & GET SOFT SHOES
              LEW          LEW        08-12-1997    CLD       08-26-1997

140080-F1     33GM/        WANTS HIS LEGAL FILES FROM USP, ATLANTA-C UNIT SHU.
              LEW          LEW        08-12-1997    CLD       08-20-1997

135149-A1     25FM/25ZM    IM REQ REPLACEMENT ACCT CARD AND FUNDS
              BOP          LEW        08-29-1997    CLD       10-21-1997

149786-F1     25EJ/        REQUEST TO ADD .23 CENT STAMPS TO COMMISSARY LIST.
              MIM          MIM        01-07-1998    CLG       01-16-1998

166658-R1     20DM/        07-07-98 DHO APPEAL
              SER          MIM        08-17-1998    CLD       09-15-1998

166438-F1     33AJ/        LAW LIBRARY ACCESS
              MIM          MIM        08-20-1998    CLD       08-31-1998

168036-F1     22AJ/        REQ. TO BE PLACED IN GENERAL POPULATION
              MIM          MIM        09-11-1998    CLD       10-05-1998

168880-F1     33AJ/        LAW LIBRARY ACCESS
              MIM          MIM        09-21-1998    CLD       10-01-1998

169835-F1     26AJ/        DELAY IN RECEIVING MEDICAL CARE
              MIM          MIM        10-01-1998    CLD       10-22-1998

166658-A1     20DM/        07-07-98 DHO APPEAL, CODES 104 AND 305
              BOP          MIM        10-01-1998    CLD       11-10-1998

166438-R1     33AJ/        LAW LIBRARY ACCESS
              SER          MIM        10-05-1998    REJ       10-05-1998

171071-F1     18ZJ/        WANTS TO RETURN TO GEN.POPULATION TO GET REG. VISITS
              MIM          MIM        10-19-1998    CLD       11-12-1998

    █████       MORE PAGES TO FOLLOW . . .
```

```
                  *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    09-13-2006
PAGE 004 OF       *              SANITIZED FORMAT                *    08:59:52

REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT------------------------
             RCV-OFC    RCV-FACL    DATE-RCV     STATUS    STATUS-DATE

168880-R1    33AJ/      LAW LIBRARY ACCESS
             SER        MIM      10-20-1998     CLD       11-06-1998

171708-F1    22AJ/      PLACEMENT IN SHU
             MIM        MIM      10-28-1998     CLO       11-12-1998

169835-R1    26AJ/      9-11-98 CHEST PAINS/IN SHU/NEEDED X-RAY & EKG DENIED
             SER        MIM      11-04-1998     CLO       06-25-1999

166438-A1    33AJ/      LAW LIBRARY ACCESS
             BOP        MIM      11-13-1998     REJ       11-13-1998

171071-R1    18ZJ/      WANTS TO RETURN TO GEN.POPULATION TO GET REG. VISITS
             SER        MIM      12-01-1998     REJ       12-01-1998

168880-A1    33AJ/      LAW LIBRARY ACCESS
             BOP        ATL      12-02-1998     REJ       12-02-1998

168880-A2    33AJ/      LAW LIBRARY ACCESS
             BOP        LEW      01-29-1999     CLD       03-25-1999

171071-A1    18ZJ/      WANTS TO RETURN TO GEN.POPULATION TO GET REG. VISITS
             BOP        LEW      02-10-1999     REJ       02-10-1999

189868-F1    22AJ/      RELEASE FROM SHU TO GENERAL POPULATION
             MIM        MIM      06-29-1999     CLD       07-08-1999

189870-F1    18ZJ/      SHU VISITS (SPECIFICALLY CHILDREN)
             MIM        MIM      06-29-1999     CLG       07-08-1999

189870-R1    18ZJ/      SHU VISITS (SPECIFICALLY CHILDREN)
             SER        MIM      08-06-1999     CLO       08-31-1999

189868-R1    22AJ/      RELEASE FROM SHU TO GENERAL POPULATION
             SER        MIM      08-06-1999     CLD       08-26-1999

193430-F1    33AJ/      LAW LIBRARY REFERENCE MATERIALS
             MIM        MIM      08-18-1999     CLG       08-25-1999

193755-R1    20DC/      APPEALS IR/WANTS EXPUNGED/DIDN'T MEAN TO DISOBEY
             SER        MIM      08-24-1999     CLD       09-16-1999

189868-A1    22AJ/      RELEASE FROM SHU TO GENERAL POPULATION
             BOP        LEW      09-28-1999     CLD       11-24-1999

189870-A1    18ZJ/      SHU VISITS (SPECIFICALLY CHILDREN)
             BOP        LEW      09-30-1999     CLO       11-29-1999

             MORE PAGES TO FOLLOW . . .
```

```
███████         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-13-2006
PAGE 005 OF      *              SANITIZED FORMAT                *      08:59:52

REMEDY-ID    SUBJ1/SUBJ2  --------------------ABSTRACT----------------------
             RCV-OFC    RCV-FACL    DATE-RCV      STATUS      STATUS-DATE

193755-A1    20DC/      DHO/6-15-1999/312
             BOP        LEW         10-01-1999     CLD         11-23-1999

201140-F1    13BM/      REQUESTS CUSTODY CLASSIFICATION LEVEL REDUCTION
             LEW        LEW         11-30-1999     CLD         12-22-1999

201140-R1    13BM/      REQUESTS CUSTODY CLASSIFICATION LEVEL REDUCTION
             NER        LEW         01-03-2000     CLD         02-01-2000

203403-F1    13ZM/26ZM  DISPUTES BEING RE-ADDED TO HIGH ACCOUNT. PROGRAM
             LEW        LEW         01-04-2000     CLD         01-25-2000

205033-F1    32DM/      REQUESTS PSI INFORMATION BE CORRECTED
             LEW        LEW         01-25-2000     CLD         02-18-2000

203403-R1    13ZM/26ZM  DISPUTES BEING RE-ADDED TO HIGH ACCOUNT. PROGRAM
             NER        LEW         02-03-2000     CLD         03-02-2000

201140-A1    13BM/      REQUESTS CUSTODY CLASSIFICATION LEVEL REDUCTION
             BOP        LEW         02-22-2000     CLD         04-18-2000

205033-R1    32DM/      REQUESTS PSI INFORMATION BE CORRECTED
             NER        LEW         02-28-2000     CLG         03-24-2000

203403-A1    13ZM/26ZM  DISPUTES BEING RE-ADDED TO HIGH ACCOUNT. PROGRAM
             BOP        LEW         03-27-2000     CLD         05-24-2000

210356-F1    13BM/      QUESTIONS CRITERIA FOR PLACEMENT IN HIGH ACCT. PGM.
             LEW        LEW         04-10-2000     CLD         04-25-2000

205033-A1    32DM/      REQUESTS PSI INFORMATION BE CORRECTED
             BOP        LEW         04-12-2000     CLD         06-08-2000

210356-R1    13BM/      QUESTIONS CRITERIA FOR PLACEMENT IN HIGH ACCT. PGM.
             NER        LEW         05-11-2000     CLD         06-08-2000

210356-A1    13BM/      QUESTIONS CRITERIA FOR PLACEMENT IN HIGH ACCT. PGM.
             BOP        LEW         06-19-2000     CLD         08-16-2000

222456-F1    27AM/      WANTS REPLACEMENT OF CROWN ALLEGEDLY BROKEN AT LEW
             LEW        LEW         09-22-2000     CLD         10-12-2000

222456-R1    27AM/      WANTS REPLACEMENT OF CROWN ALLEGEDLY BROKEN AT LEW
             NER        LEW         10-23-2000     CLD         11-20-2000

226124-F1    27ZM/      REQUEST FOR A COPY OF DENTAL RECORDS
             LEW        LEW         11-07-2000     CLG         12-06-2000

███████         MORE PAGES TO FOLLOW . . .
```

```
                  *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    09-13-2006
PAGE 006 OF    *                SANITIZED FORMAT              *    08:59:52

REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT-------------------------
             RCV-OFC    RCV-FACL    DATE-RCV      STATUS      STATUS-DATE

222456-A1    27AM/      WANTS REPLACEMENT OF CROWN ALLEGEDLY BROKEN AT LEW
             BOP        LEW        12-07-2000      CLD       01-05-2001

228855-F1    26ZM/      UNFAIR OPTICAL POLICY OF PURCHASING NEW LENS
             LEW        LEW        12-14-2000      CLG       01-19-2001

236089-F1    33EM/      REQ. ATTORNEY CALLS BE EXEMPT FROM 300 MINUTES
             LEW        LEW        03-22-2001      CLD       04-12-2001

236089-R1    33EM/17AM  REQ. ATTORNEY CALLS BE EXEMPT FROM 300 MINUTES
             NER        LEW        04-23-2001      CLD       05-22-2001

236089-A1    33EM/17LM  REQ. ATTORNEY CALLS BE EXEMPT FROM 300 MINUTES
             BOP        LEW        06-05-2001      CLD       07-25-2001

249903-F1    13HM/      REQUESTS SINGLE CELL
             EDG        EDG        09-25-2001      REJ       09-25-2001

249903-F2    13HM/      REQUESTS SINGLE CELL
             EDG        EDG        10-10-2001      CLD       10-25-2001

249903-R1    13HM/      REQ SINGLE CELL TO DO LEGAL WORK/REDUCE STRESS
             SER        EDG        11-02-2001      CLO       12-05-2002

249903-A1    13HM/      REQ SINGLE CELL TO DO LEGAL WORK/REDUCE STRESS
             BOP        EDG        03-12-2002      CLD       04-19-2002

265172-F1    26AM/      I/M IS REQUESTING PROPER BACK BRACE SUPPORT
             EDG        EDG        04-15-2002      CLD       04-25-2002

265172-R1    26AM/      I/M IS REQUESTING PROPER BACK BRACE SUPPORT
             SER        EDG        05-15-2002      CLD       07-12-2002

265172-A1    26AM/      I/M IS REQUESTING PROPER BACK BRACE SUPPORT
             BOP        EDG        07-08-2002      REJ       07-08-2002

277442-F1    33EM/      ALLEGES COUNSELOR NOT MAKING LEGAL CALLS TIMELY
             COP        COP        09-11-2002      CLO       09-23-2002

278763-F1    26IM/      REQUEST BACK SUPPORT
             COP        COP        09-25-2002      CLO       09-27-2002

281905-F1    26ZM/      REQ. COPY OF P.S. 6000.05, CH. 6, HEALTH SVC. MANUAL
             COP        COP        10-31-2002      CLG       11-15-2002

278763-R1    26IM/      REQUEST BACK SUPPORT/REF#265172-F1/R1
             SER        COP        12-06-2002      CLO       03-17-2003

             MORE PAGES TO FOLLOW . . .
```

```
                    *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    09-13-2006
PAGE 007 OF    *              SANITIZED FORMAT              *    08:59:52

REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT----------------------
             RCV-OFC     RCV-FACL    DATE-RCV      STATUS      STATUS-DATE

294084-R1    21AS/       APPEAL OF UDC FINDINGS
             SER         MIM         03-21-2003     REJ        03-25-2003

294073-R1    22AJ/       DISAGREES WITH HIS PLACEMENT ON ADMIN DETENTION
             SER         MIM         03-24-2003     REJ        03-25-2003

294073-R2    22AJ/       DISAGREES WITH HIS PLACEMENT ON ADMIN DETENTION
             SER         MIM         03-24-2003     REJ        03-25-2003

294073-A1    22AJ/       DISAGREES WITH HIS PLACEMENT ON ADMIN DETENTION
             BOP         COP         06-30-2003     REJ        06-30-2003

303749-F1    21AM/       APPEAL I/R
             COP         COP         07-02-2003     CLD        07-14-2003

303750-F1    21AM/       APPEAL I/R
             COP         COP         07-02-2003     CLD        07-14-2003

303750-R1    21AM/       APPEAL I/R
             SER         COP         07-25-2003     CLD        08-06-2003

303749-R1    21AM/       APPEAL I/R
             SER         COP         07-25-2003     CLD        08-05-2003

303749-A1    21AM/       UDC APPEAL 03-17-2003 CODE 312
             BOP         COP         08-25-2003     CLD        10-07-2003

303750-A1    21AM/       UDC APPEAL 04-01-2003 CODE 307
             BOP         COP         08-25-2003     CLD        10-09-2003

357667-F1    26AM/       ALLEGES X-RAY READING LATE; DELAYED TREATMENT
             COP         COP         11-08-2004     REJ        11-08-2004

357667-F2    26AM/       ALLEGES X-RAY READING LATE; DELAYED TREATMENT
             COP         COP         11-15-2004     CLD        11-24-2004

357667-R1    26AM/       ALLEGES X-RAY READING LATE; DELAYED TREATMENT
             SER         COP         12-08-2004     CLO        12-29-2004

357667-A1    26AM/       ALLEGES X-RAY READING LATE; DELAYED TREATMENT
             BOP         COP         02-10-2005     REJ        03-03-2005

357667-A2    26AM/       ALLEGES X-RAY READING LATE; DELAYED TREATMENT
             BOP         COP         03-22-2005     CLO        05-09-2005

371095-F1    27CM/       REQ TEETH CLEANING
             COP         COP         03-24-2005     CLD        04-12-2005
```

MORE PAGES TO FOLLOW . . .

```
████████          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    09-13-2006
PAGE 008 OF       *                 SANITIZED FORMAT               *    08:59:52

REMEDY-ID    SUBJ1/SUBJ2  -------------------ABSTRACT------------------------
             RCV-OFC      RCV-FACL    DATE-RCV      STATUS     STATUS-DATE

371095-R1    27CM/        REQ TEETH CLEANING
             SER          COP        04-25-2005     CLO        05-04-2005

374949-F1    33FM/        LEGAL MAIL NOT PROCESSED CORRECTLY CONSISTENTLY
             COP          COP        05-03-2005     CLG        05-19-2005

374949-R1    33FM/        LEGAL MAIL NOT PROCESSED CORRECTLY CONSISTENTLY
             SER          COP        06-10-2005     CLO        07-13-2005

371095-A1    27CM/        REQ TEETH CLEANING
             BOP          COP        06-15-2005     CLD        07-19-2005

384108-F1    26DM/        WANTS MED FROM PHARMACY; NOT BUY FROM COMMISSARY
             COP          COP        07-27-2005     CLD        08-15-2005

374949-A1    33FM/        LEGAL MAIL NOT PROCESSED CORRECTLY CONSISTENTLY
             BOP          COP        08-12-2005     CLO        10-12-2005

384108-R1    26DM/        WANTS MED FROM PHARMACY; NOT BUY FROM COMMISSARY
             SER          COP        08-25-2005     CLD        09-02-2005

384108-A1    26DM/        WANTS MED FROM PHARMACY; NOT BUY FROM COMMISSARY
             BOP          COP        09-29-2005     CLD        10-20-2005

391166-F1    35CM/        I/M REQUEST EXERCISE EQUIPMENT BACK IN REC DEPT
             COP          COP        10-07-2005     CLO        10-19-2005

408301-F1    13BM/        REDUCE MAX CUSTODY
             COP          COP        03-30-2006     CLG        04-23-2006

409439-F1    13IM/        WANTS PSF REMOVED FROM CLASSIFICATION
             COP          COP        04-08-2006     CLD        04-20-2006

409439-R1    13IM/        WANTS PSF REMOVED FROM CLASSIFICATION
             SER          COP        05-12-2006     CLD        06-05-2006

408301-R1    13BM/        REDUCE MAX CUSTODY
             SER          COP        07-03-2006     CLD        07-21-2006

409439-A1    13IM/        WANTS PSF REMOVED FROM CLASSIFICATION
             BOP          COP        07-05-2006     REJ        07-11-2006

421777-F1    25DM/        WANTS CONFISC. SCISSORS RETURNED; NO CONFISC FORM
             COP          COP        07-31-2006     CLD        08-20-2006

409439-A2    13IM/        WANTS PSF REMOVED FROM CLASSIFICATION
             BOP          COP        08-01-2006     REJ        08-04-2006

████████      MORE PAGES TO FOLLOW . . .
```

```
███████        ·    *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-13-2006
PAGE 009 OF 009 *              SANITIZED FORMAT              *      08:59:52

REMEDY-ID    SUBJ1/SUBJ2  -------------------ABSTRACT------------------------
             RCV-OFC      RCV-FACL      DATE-RCV         STATUS    STATUS-DATE

408301-A1    13BM/        REDUCE MAX CUSTODY
             BOP          COP          08-21-2006        ACC       ·08-29-2006

421777-R1    25DM/        WANTS CONFISC. SCISSORS RETURNED; NO CONFISC FORM
             SER          COP          08-29-2006        ACC       08-29-2006

              114 REMEDY SUBMISSION(S) SELECTED
████████  TRANSACTION SUCCESSFULLY COMPLETED
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAMON LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action  No. 00-3080 (JDB) |
| | ) | |
| UNITED STATES | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**

'JUL 0 1 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**

Plaintiff, a federal prisoner, filed this action under the Freedom of Information Act,

5 U.S.C. § 552 ("FOIA"), seeking information from files of the United States Attorney for the

Southern District of Florida regarding plaintiff's alleged connection with a murder. Defendant

United States Department of Justice filed a motion for summary judgment. In response, plaintiff

filed motions for leave to take the depositions of two witnesses, an opposition to defendant's

motion, a cross-motion for summary judgment, and a motion for a *Vaughn* index.[1]  On review of

the complaint, answer, motions, oppositions, and applicable law, all motions will be denied.

**I.    Factual and Procedural Background**

Plaintiff's concise complaint is based on a letter that he wrote to defendant in March 2000

requesting all information from the files of the United States Attorney's Office "regarding the

possibility of [sic] I could be a suspect in the murder of an individual named Anthony Manzo and

subsequent elimination, as a suspect of that murder (specifically the date that I was eliminated as

---

[1]  *See Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977
(1974).



a suspect)." Complaint, Exhibit A. Moreover, because the information that plaintiff had been

eliminated as a suspect had "surfaced recently," plaintiff sought removal of the information from

his files under the Privacy Act, 5 U.S.C. § 552a(e)(5).[2] Id. Plaintiff listed in his request letter the

four criminal cases in which records might be found.[3] By September 2000, when there had been

no response to his request, plaintiff filed an administrative appeal. The complaint in this action

was filed on December 22, 2000, more than 20 days after the appeal had been noted.

Defendant's motion for summary judgment relies on a declaration from John Boseker,

attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), who serves

as liaison with United States Attorneys Offices and other divisions of the Department of Justice

in FOIA/Privacy Act matters. Boseker asserts that no responsive records were located in two of

the files referenced by plaintiff, No. 90-389-CR-Davis and No. 91-317-CR-UUB. The search for

records in those files, conducted by the local United States Attorney's FOIA contact, Patricia

Pugh, consisted of a written inquiry to Karen Rochlin, the Assistant United States Attorney who

prosecuted plaintiff. Rochlin responded in a handwritten note that the documents requested "do

not exist and never did." Boseker Decl. ¶¶ 7, 12 and Exhibits D, E. After defendant advised

plaintiff that no responsive records existed, Pugh performed a hand search of certain files, which

produced ten pages of correspondence between plaintiff's lawyer and the Assistant United States

Attorney that referred to the homicide victim; these pages were released to plaintiff in full.

Boseker Decl. ¶¶ 9, 12 and Exhibits D, F. This hand search was made of two of the four criminal

---

[2] The complaint does not seek relief under the Privacy Act.

[3] The cases were identified by number and described by plaintiff as cases in which he was
prosecuted and convicted by the same prosecutor in the Southern District of Florida. Id.

case files -- Nos. 92-395-CR-Davis and 92-708-CR-MORENO -- which were received from records storage. Id. Exhibit H.

Based on the note from Assistant United States Attorney Rochlin and the search by Pugh, Boseker states that all "potentially responsive records which were reviewed and searched" were located in the United States Attorney's criminal case file system in the four case files identified by plaintiff. Boseker Decl. ¶ 11.[4]

Plaintiff's initial response to the motion for summary judgment was to file motions to take the depositions of Ms. Rochlin and Ms. Pugh, and to defer judgment pending the depositions. In support of his contention that written records must exist in the United States Attorney's files regarding his alleged connection with a homicide, plaintiff cites testimony by Ms. Rochlin in June 1999 that she had contact with a Plantation, Florida, detective about plaintiff's possible involvement in a homicide. Plaintiff seeks discovery to confirm his suspicion that records relating to this contact exist.

## II.   Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. Rule 56(c). Material facts are those that "might affect the outcome of the suit under

---

[4] Defendant raises, but does not press, an argument that plaintiff has failed to exhaust his administrative remedies because he did not appeal the "no records" determination of January 2001. Defendant's Motion, Exhibit E. In fact, plaintiff did file an administrative appeal in September 2000, because he had not received a response to his request. Defendant's Motion, Exhibit G. He was advised in November that he could consider the failure to respond a denial and bring an action in an appropriate federal court. Id. Plaintiff's complaint was filed on December 22, 2000.

3

the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party

seeking summary judgment bears the initial burden of demonstrating an absence of a genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining

whether the movant has met this burden, a court must consider all factual inferences in the light

most favorable to the non-moving party. *McKinney v. Dole*, 765 F.2d 1129, 1135 (D.C. Cir.

1985); *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865

F.2d 320, 325 (D.C. Cir. 1989).

In FOIA cases, the courts may, and often do, grant summary judgment on the basis of

government affidavits or declarations that describe the search performed, the documents

produced and the information withheld, and explain how requested information falls within a

claimed exemption. The affidavits or declarations must be sufficiently detailed, non-conclusory,

and submitted in good faith, and there must be no significant basis for questioning their

reliability. *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert.

denied*, 445 U.S. 927 (1980). The declarations must be "reasonably detailed" as to the terms of

the search conducted and the type of search performed, and must show that the search included

all files that are likely to contain responsive documents. *Oglesby v. United States Dep't of the

Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The method of the search, rather than its result,

determines reasonableness. The agency need not search every record system it maintains, but

only those in which responsive records are likely to be located. The adequacy of a search

depends on the circumstances of each case, and the test is one of "reasonableness." *Truitt v.

Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *Weisberg v. Dep't of Justice*, 705 F.2d 1344,

1351 (D.C. Cr. 1983); *Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human*

4

*Services*, 844 F. Supp. 770, 776 (D.D.C. 1993). Mere speculation that certain documents exist

will not suffice to overcome adequate declarations by agency personnel, which are presumed to

be made in good faith. *Safeguard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

### III.   Discussion

The excerpts from testimony provided by plaintiff show that, in April 1991, a police

homicide detective from Plantation, Florida, called Assistant United States Attorney Rochlin

about plaintiff, and that after "several weeks" she was "finally able to sit down [with the

detective] and discuss what he wanted to tell" her. Tr. 48. They "discussed the detective's belief

that Ramon Lopez was the prime suspect in what was an open homicide." Tr. 48. Subsequently,

Ms. Rochlin had discussions with persons from the North Miami Beach Police Department

regarding their suspicion "that defendant Lopez was responsible for a [different] homicide." Tr.

48. From other documents submitted by plaintiff it appears that the Pre-Sentence Investigation in

this case referred to him as a suspect in a homicide, that his lawyer challenged this assertion, that

the trial judge did not delete the reference but rather noted that plaintiff contested the statement,

and that the issue was raised on plaintiff's appeal from his conviction. In October 1999,

plaintiff's lawyer asked the then-assigned Assistant United States Attorney to "confirm" with the

Plantation police department officer who had met with Ms. Rochlin that plaintiff had been

"eliminated as a suspect in [the] homicide to the extent that the police were able to do so." The

Assistant United States Attorney replied that he had tried to reach the detective but had not been

able to speak with him but that they were not arguing that plaintiff was a murderer.

Plaintiff's motion for leave to depose Assistant United States Attorney Rochlin and

Patricia Pugh will be denied. An agency is not required to submit affidavits from every

individual who conducted a search for records. An affidavit from the appropriate supervisor that describes the search efforts is sufficient. *See, e.g., Carney v. United States Dep't of Justice,* 19 F.3d 807, 814 (2d Cir. 1994); *Maynard v. CIA,* 986 F.2d 547, 560 (1st Cir. 1993); *SafeCard Servs. v. SEC,* 926 F.2d 1197, 1202 (D.C. Cir. 1991). The Boseker declaration, supported by Pugh's memorandum stating that she personally searched the three file boxes from two of the cases identified by plaintiff, is sufficient to show that an appropriate search was made for the requested records *in those two cases.*

Nevertheless, defendant has failed to show that an appropriate search was made to determine whether responsive documents could be located in the files in cases Nos. 90-389-CR-Davis and 91-317-CR-UUB.[5] The unsworn assertion of Assistant United States Attorney Rochlin in a note that no such documents exist, without any indication that she or anyone else has searched the files in those cases, is inadequate.[6] Apparently no search has been made of those files and therefore defendant has not shown there are no documents responsive to plaintiff's request. Plaintiff concedes that conversations do not necessarily result in documentation, but contends that there may be some relevant documents resulting from the prosecutor's meeting with a local homicide detective to discuss plaintiff's possible involvement in a homicide and from the exchange of telephone messages leading up to that meeting.

---

[5] The computer search to which Boseker refers was of the United States Attorney's LIONS system, which was used to locate the case files for plaintiff's criminal cases. Boseker does not state that the computer was used to identify documents within the case files. Moreover, plaintiff himself identified the files in which he anticipated that responsive documents might be found. The criminal case files were located; the question is whether the files were searched adequately.

[6] Indeed, that assertion has already been proven inaccurate by virtue of the production of responsive documents following the subsequent search of the other two case files.

Moreover, it may be that the prosecutor's files contain relevant documents because of the challenge made by plaintiff at sentencing and on appeal to the reference in the Pre-Sentence Investigation to his possible involvement in a homicide.

Defendant's motion for summary judgment with respect to case files in Nos. 90-389-CR-Davis and 91-317-CR-UUB will therefore be denied. Defendant may renew the motion, with an appropriate supporting declaration, after a search has been made of these files to determine whether responsive documents exist.

A *Vaughn* index is not called for in this case. A *Vaughn* index is a list of each document *responsive to the request* that has been withheld, with a statement of the particular FOIA exemption on which the agency relies to withhold all or part of the document. Defendant has shown that all relevant documents from two files were produced without deletions, and asserts that there are no responsive documents in the remaining two files. A *Vaughn* index of all documents in the four files would not, at this point, assist the Court in determining whether documents were properly withheld, since defendant has not located and withheld any responsive documents to date.

An appropriate order accompanies this Memorandum Opinion.

Signed this **30**th day of June, 2002.

John D. Bates
United States District Judge

7

Copies to:

Ramon Lopez
Reg. No. 42004-004
Gary Hill Road
P. O. Box 724
Edgefield, South Carolina 29824

Diane M. Sullivan
Assistant United States Attorney
Judiciary Center Building
555 4th Street, Northwest
Room 10-810
Washington, D.C.  20001