UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
RAMON LOPEZ,                        )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Civil Action No. 06-1178 (RBW)
                                    )
RICHARD L. HUFF, et al.,            )
                                    )
            Defendants.             )
                                    )
```

PLAINTIFF'S MOTION FOR CONTINUANCE TO CONDUCT DISCOVERY
NECESSARY TO OPPOSE DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM

Plaintiff, Ramon Lopez ("Plaintiff"), pro se, hereby moves under Rule 56(f) of the Federal Rules of Civil Procedure and applicable Local Rule of this Court for a continuance of the briefing on defendants' motion to dismiss or, in the alternative, for summary judgment to address defendants' arguments, allegations and certain (unsworn) declarations made by a Bureau of Prisons ("BOP") official supporting defendants' motion. In support thereof, Plaintiff submits the following memorandum and accompanying affidavit, and order accordingly.

I. PERTINENT BACKGROUND

The preliminary administrative history of this case has been set forth by plaintiff in his pro se complaint filed before this Court in June, 2006. There is no need to repeat those facts herein. Suffice it to say that, as a resulted of that complaint the defendants have prematurely filed a motion to dismiss or, in the alternative, for summary judgment, alleging, among other things, that there is no genuine issue of material facts in dispute; that administrative remedies have not been exhausted; res judicata and the statute

RECEIVED

JAN - 8 2007

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

limitations prevent judicial review herein, and plaintiff's claims are not actionable or exempted from the amendment of the Privacy Act provisions (Defendants' at 5-21).

However, the defendants "only" declaration, nor the exhibits provided in that motion affords plaintiff the necessary information to prepare a meaningful opposition to such motion (e.g., defendants "only" offers one declaration from one of the defendants, but not from the other one, exhibit-1 is irrelevant and consists of a public information data sheet, etc.).

Under, these circumstances, Plaintiff cannot effectively offer evidence supporting his position, and/or provide the basic elements needed to defeat defendants' claims. Accordingly, he respectfully moves under Rule 56(f) of Fed. R. Civ. P. for a 90 days continuance to obtain necessary discovery under applicable Federal Rules of Civil Procedure.

II. ARGUMENT

A. Legal Standard.

Federal Rule of Civil Procedure 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application of judgement or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such order as just.

Fed. R. Civ. P. 56(f). Rule 56(f) is intend to protect against "an improvident or premature grant of summary judgment," 10B Wright & Miller, Federal Practice & Procedure, § 2740, at 402 (1998). Rule 56(f) provides that district court "may refuse the application for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" if it "appears from the affidavits of a party opposing the motion that the party cannot for reasons presented by affidavits facts essential to justify the party's opposition." Khan v. Parson Global Servs.,

2

428 F.3d 1079, 1087 (D.C. 2005). The courts have long recognized that a party opposing summary judgment needs a "reasonable opportunity" to complete discovery before responding to a summary judgment and that "insufficient time or opportunity to engage in discovery" is cause to defer decision on the motion. **Martin v. Malhoyt**, 265 U.S. App. D.C. 89, 830 F.2d 237, 256 (D.C. Cir. 1987); see also **First Chi. Int'l v. United Exch. Co.**, 267 U.S. App. D.C. 27, 836 F. 2d 1375, 1380 (D.C. Cir. 1988). Further, under the Federal Rules of Civil Procedure , when a Rule 12(b)(6) motion to dismiss is converted into a motion [or like here accompanied] a motion for a summary judgment, all parties must be given a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). **First Chi. Int'l**, 836 F.2d at 1380.

More important, in this Circuit the courts have stressed the importancce of permitting plaintiffs [in this type of cases] to taked depositions under Rule 56(f) where the relevant factors are in the control of the moving party and the affidavits are inaccurate or incomplete. **Amer. Broadcasting Companies v. U.S. Info. Agency**, 599 F. Supp. 765, 768 (D.D.C. 1984); see also **Murphy v. Federal Bureau of Investigatiohns**, 490 F. Supp. 1134, 1138 (D.D.C. 1980) (depositions are the preferred means of discovery in the Rule 56(f) context).

Because, the defendants' motion to dismiss and for summary judgment are premature, the evidence supporting those motions are incomplete, irrelevant, and/or insufficient. More importantly, Plaintiff has not been given a reasonable opportunity to conduct discovery, this Court should allow a 90 days continuance to permit such discoveries by depositions and/or other means as permitted under the Federal Rules of Civil Procedure and Local Rules of this Court.

### III. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Rule 56(f) motion for continuance to conduct discovery be granted.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing documents were mailed postage pre paid to:

>Andrea McBarnette, AUSA
>Judiciary Center Building
>555 Fourth Street, N.W.
>Washington, D.C. 20530

on this 29th day of December, 2006.

>Respectfully submitted,
>
>By: _____
>RAMON LOPEZ, PRO SE
>FCC-USP 1
>PO BOX 1033-42004004
>COLEMAN, FL 33521-1033

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| RAMON LOPEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD L. HUFF, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 06-1178 (RBW) |

PLAINTIFF'S RULE 56(F) AFFIDAVIT SUPPORTING
HIS MOTION FOR CONTINUANCE TO CONDUCT DISCOVERY

I, RAMON LOPEZ, being duly sworn according to the law declares the following:

1. I am the plaintiff, proceeding pro se in the above styled case number.

2. I prepared, filed, and am familiar with the complaint in the entitled Plaintiff's Rule 56(f) Afffidavit.

3. This affidavit is submitted in support of the herein Plaintiff's Motion for Continuance to Conduct Discovery Necessary to Oppose Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, to permit the taking of discovery by depositions and other means allowed under the Federal Rules of Civil Procedure of some government employees, and to obtain some documents necessary to present his opposition to defendants' motion.

4. The material facts that plaintiff wishes to establish through discovery are in the possession and control of the defendants or their agents, and may be obtained "only" after discovery be conducted, among other things, because the defendants have not provided those facts in its motion nor, they appears to volunteer to do without such a request.

5. Plaintiff must demonstrate that he has exhausted all available remedies, that his action is not barred under the res judicata doctrine or by the statute limitation, his claims are actionable and not exempted under the Privacy Act provisions, to establish jurisdictionby this Court, etc., a task that only can be accomplished after affording plaintiff with the opportunity to obtain discovery and throughful research of the law and authorities cited by the defendants in its motion to dismiss or, in the alternative, for summary summary judgment.

6. There are issues of material facts (e.g. the record at issue herein is not the "PSI" prepared by a federal probation officer as alleged by defendants, but the use they are given to some inaccurate, untimely information maintained in their files), still genuinely in dispute and discovery is necessary to advance the pro disclosure position and to establish facts sufficient to permit the Court to resolve that dispute.

7. Plaintiff is incarcerate and acting in a pro se capacity, and therefore, he has been unable to confer with opposing counsel to learn about his position regarding this motion.

8. This declaration is made in good faith and in order to show the Court the showing necessary to assess the merit of this motion.

9. Plaintiff, therefore requests an order continuing the briefing and consideration of defendants' motion to dismiss or, in the alternative, for summary judgment until 90 days after the Court issues its decision on Plaintiff's Rule 56(f) motion for continuance to allow him sufficient time to take depositions of some government employees and to obtain some documents necessary to establish his position that are in the possession and control of the defendants or their agents.

I declare under penalty of perjury that the above is true and correct.

Executed on December 29, 2006.

                                                          _____
                                                          Ramon Lopez
                                                          <u>Pro</u> <u>Se</u> Plaintiff