UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMON LOPEZ )<br>)<br>Plaintiff, )<br>v. )<br>)<br>RICHARD HUFF, CO DIRECTOR, )<br>OFFICE OF INFORMATION )<br>& PRIVACY, et al. )<br>)<br>Defendants. )<br>) | Case No: 06-1178 (RBW) |

**OPPOSITION TO PLAINTIFF'S REQUEST FOR DISCOVERY**

*Pro se* Plaintiff asserts claims under the Privacy Act of 1974, the Administrative Procedures Act (APA), and under the United States Constitution. He contends that the Defendant Bureau of Prisons is maintaining an inaccurate record, his District Court pre-sentence investigation report, and alleges the reliance on inaccurate information contained therein has resulted in unspecified adverse determinations against him. (Complaint, p. 7-9.) Plaintiff seeks, among other things, that the Court order the Defendants to amend his records and to award him damages. Complaint at Relief, p. 9 -10.

On November 28, 2006, the Defendants filed a motion to dismiss or, in the alternative, for summary judgment on the grounds of lack of subject matter jurisdiction and failure to state a claim. On January 8, 2007, *pro se* Plaintiff filed a motion under Rule 56(f) requesting permission to conduct discovery and additional time to respond to the Defendants' Motion.[1] Defendant Federal Bureau of Prisons opposes Plaintiff's request for a broad grant of authority to

---

[1] Defendants have no objection to the Court granting an enlargement of time for Plaintiff to respond to the Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment.

carry out discovery because there is no plausible reason why such discovery is necessary. Moreover, Plaintiff has not: 1) identified any issue of disputed material fact; 2) stated any reason why he cannot address the motion without discovery, or 3) identified information sought to be obtained through discovery.

I.      *Privacy Act cases*

Whether to permit discovery in a Privacy Act case resides in the court's discretion. J. Roderick MacArthur Foundation v. FBI, 102 F.3d 600, 605 (D.C. Cir. 1996). "Discovery in a Privacy Act case is understandably uncommon. A party brings a Privacy Act suit because she has learned of a disclosure which she claims violates the Act; why would one have to discover the factual premise of one's own lawsuit?" Kroeger v. Fadely, 199 F.R.D. 10, 14 (D.D.C. 2001). Here, the Plaintiff has not adequately explained why he needs discovery in this Privacy Act case.

2.      *Continuance*

"This circuit has found that under Rule 56(f) a request for continuance must be supported by good reasons for the movant's complete inability to produce the evidence necessary to defeat the motion for summary judgment. The rule was not created to act as a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." Greenberg v. Food and Drug Admin., 803 F.2d 1213, 1223-24 (D.C. Cir.1986) (citations omitted). The burden under Rule 56(f) requires that

> [a] party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

Greenberg, 803 F.2d at 1223-24 (citations omitted). The party seeking discovery [under Rule

56(f) ] bears the burden of identifying the facts to be discovered that would create a triable issue and why the party cannot produce those facts in opposition to the motion. Banks v. Veneman, 402 F. Supp.2d 43, 47 (D.D.C. 2005). The party must also demonstrate a reasonable basis to suggest that discovery might reveal triable issues of fact. Id.

Here, Plaintiff supports his motion with an affidavit which states in part that he is incarcerated and proceeding pro se and that he requires additional time to research the law and authorities cited by the Defendants. Plt. Affidavit ¶¶ 1, 5, 7. However, Plaintiff wholly fails to articulate any facts or circumstances he intends to uncover or establish which would be material to the motion before the Court so as to warrant a grant of discovery at this time. Plaintiff avers he must demonstrate he has exhausted administrative remedies and that his claim is not barred by res judicata, the statute of limitations, or that the record at issue is not exempt from the Privacy Act provision he seeks to invoke. Plt. Affidavit ¶ 5. He makes the bald assertion that "some documents necessary to establish his position are in the possession and control of the Defendants or their agents." Plt. Affidavit ¶ 9. Yet, he fails to assert any facts to establish why he does not have the same opportunity as the agency to have records pertaining to the administrative exhaustion of his claims or why he does not have access to records and matters addressed in the previous lawsuit to which he was a party.

Plaintiff's desire to "take depositions of some government employees and to obtain some documents necessary to establish his position" is vague and cannot readily be found to support a claim that discovery is necessary to develop the record as to a triable issue of material fact. Plt Affidavit ¶ 9. Furthermore, to those issues that are a question of law, Plaintiff has asserted no issue of fact upon which discovery might produce evidence justifying his opposition. Plaintiff's

assertion that the record at issue in his Complaint is not the presentence investigation report (PSI), but instead is "the use they are given to some inaccurate, untimely information maintained in their files" demonstrates the Plaintiff's failure to articulate a Privacy Act claim. Plt Affidavit ¶ 6; House v. Guiterrez, at al., 2005 WL 405449 *3 (D.D.C. 2005)(unpublished) (finding inmate's "challenge is to BOP's use of the information, not its accuracy, relevance or completeness . . . [and as such] . . . plaintiff cannot state a claim under the Privacy Act, since there is no inaccurate record; rather, he is only challenging a decision").

      Inasmuch as Plaintiff seeks discovery to find out if there is an identifiable "record" that may be subject to the Privacy Act, this would amount to nothing more than a fishing expedition which is generally frowned upon by the court. First Nat. Bank v Cities Service Co., 391 U.S. 253, 298 (1968). Plaintiff's affidavit simply lacks the specificity necessary to establish there exists any disputed material fact which is in the exclusive control of the Defendants and that he cannot obtain this evidence without limited discovery being permitted.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiff's motion for discovery.

February 20, 2007                    Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition to Discovery has been served on February 20, 2007 via postage prepaid mail upon:

Ramon Lopez
#42004-004
FCC-USP 1
P.O. Box 1033
Coleman, FL 33521-1033

                                                /S/
                                    ANDREA McBARNETTE, D.C. Bar  #483789
                                    Assistant United States Attorney
                                    Judiciary Center Building
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 514-7153