UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMON LOPEZ,                              )
                                          )
       Plaintiff,                         )
                                          )
v.                                        )   Civ. Action No. 06-1178 (RBW)
                                          )
RICHARD L. HUFF, *et al.*,                )
                                          )
       Defendants.                        )
_____)

MEMORANDUM OPINION AND ORDER

    In response to defendants' motion to dismiss or for summary judgment, plaintiff has moved pursuant to Fed. R. Civ. P. 56(f) for a continuance so that he may conduct discovery in this case brought under the Privacy Act, 5 U.S.C. § 552a (2000). Upon consideration of the parties' submissions, the Court will deny plaintiff's motion and enlarge the time for him to respond to the dispositive motion.

    Rule 56(f) permits courts to "deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that time point, it cannot present by affidavit facts needed to defeat the motion." *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989) (citations omitted). "The party seeking discovery [under Rule 56(f) ] bears the burden of identifying the facts to be discovered that would create a triable issue *and* why the party cannot produce those facts in opposition to the motion." *Banks v. Veneman*, 402 F. Supp. 2d 43, 47 (D.D.C. 2005) (citing *Byrd v. EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999), *cert. denied*, 529 U.S. 1018 (2000)) (emphasis added). "The party must also demonstrate a reasonable basis to suggest that

discovery might reveal triable issues of fact." *Id*. (citing *Carpenter v. Federal Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir.), *cert. denied*, 528 U.S. 876 (1999)).

Plaintiff alleges that the Bureau of Prisons is maintaining an inaccurate and prejudicial record, namely, his presentence investigation report. He seeks injunctive relief and monetary damages. In the dispositive motion, defendants claim, among other reasons for dismissal, that plaintiff has not exhausted his administrative remedies, that the claims are barred by *res judicata* and the statute of limitations, and that plaintiff has failed to state a claim upon which relief may be granted. Plaintiff seeks to depose "some government employees and to obtain some documents necessary to establish his position." Pl.'s Rule 56(f) Aff. ¶ 9. He has not, however, satisfied the Rule's initial requirement by identifying the facts he needs to develop in order to oppose the motion. Accordingly, it is

ORDERED that plaintiff's Rule 56(f) motion [Dkt. No. 11] is DENIED; and it is

FURTHER ORDERED that the time for plaintiff to file his response to defendants' dispositive motion is ENLARGED to April 5, 2007. As previously advised, if plaintiff fails to to comply within the time provided, the Court will treat the motion as conceded and may summarily dismiss the case.

_____s/_____
Reggie B. Walton
United States District Judge

Date: March 5, 2007