UNITED STATES DISTRICT OCURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

MAR 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RAMON LOPEZ,                              )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )     Civil Action No. 06-1178(RBW)
                                         )
RICHARD L. HUFF, et al.,                 )
                                         )
          Defendants.                    )
_____)

REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO CONDUCT  DISCOVERY

Plaintiff Ramon Lopez, pro se, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits his Reply to Defendants' Opposition to Plaintiff's Motion For Continuance To Conduct Discovery Necessary To Oppose Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment.

## I.   INTRODUCTION

In its belated opposition to permit discovery, Defendants [referring "only" to one of the defendants herein (the Federal Bureau of Prisons "BOP")] alleged that there is no plausible reason to conduct discovery herein because Plaintiff has not: (1) identified any issue of disputed material fact; (2) stated any reason why he cannot address the motion to dismiss or for summary judgment without discovery, or (3) identified information sought to be obtained through discovery. Defendants Opposition to Plaintiff's Request for Discovery (hereinafter "Defs. Opp."), at 2.

---

Defendants motion to file an opposition to plaintiff's motion to conduct discovery wa due on February 18, 2007, but appeared to be filed on February 20, 2007, and does not contained a proposed order, as required by LCvR 7.1(c).

Plaintiff addresses each of the defendants allegations **seriatim**.

## II.    ARGUMENT

**A.    Plaintiff Does Not Need To Identify Any Issue Of Disputed Material Fact To Obtain Discovery Because He Has Already Showed Inaccuracy, And/ Or Untimely Issues In The Complaint Filed Herein.**

Admittedly, Plaintiff bears the burden of identifying the facts to be discovered that could create a triable issue and why he cannot produce those facts in his opposition to a motion to dismiss or for summary judgment, see, e.g., Byrd v. EPA, 335 U.S. App. D.C. 403, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). However, he does not need to identify all genuine issues of material facts in dispute herein to obtain discovery under the Federal Rules of Civil Procedure in an action seeking redress under the Privacy Act ("PA"), the Administrative Procedure Act ("APA"), and under the United States Constitution, among other things, because Plaintiff; (1) has already established inaccuracy, and/or untimely issues in his complaint; (2) has not been afforded the opportunity to seek discovery under the normal discovery procedure established by the federal rules of civil procedure (i.e., Rule 26(a)(2-5) and (b), etc.), so he may develop further elements essential to his claims (e.g., matters related to what records defendant Richard L. Huff referred to in his final denial to plaintiff's administrative appeal dated, July 26, 2004, when he suggested to plaintiff to "sent a statement of disagreeement to his Office to be included in the file in which the **disputed record** is maintained...", see Plaintiff's Complaint, hereinafter "Complaint" at ¶17, p.5, and Composite Exhibit 6, etc.); and (3) the fact that this action is being brought, in part, under the Privacy Act, it itself does not create any additional requirement or impediment to seek discovery, other than the court's traditional authority to exercise its discretion to grant such a request upon

2

a timely and proper Rule 56(f) motion for continuance. **Banks** v. **Veneman**, 402 F. Supp. 2d 43, 48 (D.D.C. 2005)(observing, that the "denial of a summary judgment under Rule 56(f) is appropriate when the record is undeveloped on elements of [the] plaintiff's claim")(citation omitted).

Here, the defendants cannot argued that plaintiff; (1) has had an opportunity to develop the record or has been afforded sufficient time to engage in discovery, because they have moved for dismissal and for summary judgment without answering the complaint, without a scheduling order, and/or without permitting discovery as required by the Federal Civil Rules of Evidence, and the Local Civil Rules of this Court; (2) is not being obligated to operate in the dark, because all the information relevant to the case are in their "sole" control and possesion; and (3) has not established actual issues if inaccuracy in their files, because they have already admitted so (e.g., by not responding directly to plaintiff's inaccuracy claims, "in their motion to dismiss or for summary judgment (hereinafter "Defs. Motion"), at pp. 6-7,"[2] and id. at 2).

Further, the defendants cannot argue that it is not a well settled principle of law to permit the nonmoving party "reasonable opportunity to complete discovery." See, e.g., **Celotex Corp. v. Cattrett**, 477 U.S. 317, 106 S. Ct. 2548, 2554-55 (1986)(holding, that "any potential problem with ........premature [summary judgment motions can de adequately dealt with under Rule 56(f), which allows [deferral of] a summary judgment motion··· if the non

---

[2] Contrary to defendant's allegations, plaintiff is not asserting that there are inaccurate statements in his PSI nor, that the defendants entered false information into his PSI (Defs. Motion at pp. 6-7), but these defendants (the "BOP" and the "EOUSA"), entered inaccurate and prejudicial information in their files without independently investigating the accuracy, and or timeliness of that information, and that they are reluctant to correct it after being asked for as required under the Privacy Act, the Administrative Act, and under the United States Constitution. See Complaint at ¶s 22, 25, 27, and 29.

moving party has not had an opportunity to make full discovery"); **Khan v. Parsons,** 368 U.S. App. D.C. 258, 428 F.3d 1079, 1087 (D.C. Cir. 2005) ("recognizing," that a party opposing summary judgment needs a "reasonable opportunity" to complete discovery before responding to a summary judgment motion and that "insufficient time or opportunity to engage in discovery" is cause to defer decision on the motion); and **Committee for Nuclear Responsibility Inc. v. Seaborg,** 149 U.S. App. D.C. 380, 463 F. 2d 783, 787-88 (D.C. Cir. 1971)(Rule 56(f)clearly contemplates that the parties shall have opportunity for deposition in order to establish the existence of a material issue).

Based upon the foregoing, defendants allegations relating to Plaintiff's failure to identify issues of material facts is without merit, and therefore, he should be permit to develop the record through discovery by deposition, admissions, etc., of the defendants, and/or their agents.

**B.    There Are Sufficient Reasons To Defer Judgment Herein Until Plaintiff Be Permitted To Conduct Discovery.**

The Defendants cursorily allege that Plaintiff has not stated any reason why he cannot address their motion to dismiss or for summary judgment without discovery or, adequately explained why needs discovery in this in this Privacy Act case (Defs.' Opp. at p.2 ).

Admittedly, it is possible that plaintiff had not "adequately" explained himself (understandable, since he is litigating without counsel and without proper dominion of the English language to express his needs), in his Rule 56(f) motion. However, to allege that discovery should not be permitted because plaintiff; (1) has failed to articulate any fact or circumstances he intends to uncover or establish which would be material fact to warrant discovery; (2) has failed to assert any facts to establish why he does not

4

have same opportunity as the agency to have records pertaining to the administrative exhaustion of his claim or why he does not have access to records and matters addressed in a previous lawsuit; (3) needs to take depositions is vague and cannot be found to support his claim for discovery; and (4) has asserted no issue of fact upon which discovery might produce evidence justifying his position, is disingenuous and misleading, among other things, because there is not affidavit or declaration supporting defendant Huff's motion to dismiss or, in the alternative for summary, and the "only" declaration in support of defendant Lappin lacks details (i.e., does not explain, for example, what type of review of records the declarant made (manual or electronic), Santos' Decl. at ¶¶ 7 & 12), and is inaccurate (e.g., it incorrectly alleged the record at issue herein is the PSI maintained by the BOP, where it is not, and/or that a review of records revealed the BOP is in possession of a PSI, where indeed it is "illegally"[3] in possession of "four different" PSIs, Santos Decl. at ¶¶ 6-7), that are sufficient reasons to defer judgment until discovered be afforded herein.

Based upon the foregoing reasons, judgment should be deferred until plaintiff be permitted to conduct discovery.

**C. The Information Sought Through Discovery Has Already Been Identified By Plaintiff In His Rule 56(f) Motion And Affidavit.**

In his Rule 56(f) motion and accompanying affidavit Plaintiff sought a continuance to address defendants' arguments, allegations, and certain declarations made by a "BOP" official, for various reasons ( Plaintiff's Motion for Continuance at pp. 2 & 3), there is not need to repeat it herein. Suffice to add discovery is needed, for example: (1) to identify what type of search(s) Declarant Santos conducted to review the records mentioned in her

---

[3]  See, e.g., Rule 32(k)(3)(E)&(F) of Fed. R. Crim. Proc.

## CERTIFICATE OF SERVICE

Plaintiff, pro se, hereby certify that a copy of the foregoing document has been served on this _6th_ day of March, 2007 via postage prepaid mail on:


Andrea McBarnette, AUSA
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 220530

Plaintiff, further certify that the same day and in the same way the original document was served (by placing same in the prison internal's mail system) on the Office of the Clerk for the United States District of Columbia.


RAMON LOPEZ, PRO SE PLAINTIFF
FCC-USP 1
PO BOX 1033-42004004
COLEMAN, FL 33521-1033

7

declaration; (2) to obtain BOP admissions that; (a) there are more than a "PSI" in its possession, one of them with a revised version with ¶ 45 deleted but that it is not being used by BOP; (b) it is maintaining and using information affecting plaintiff that have not been independently verified or investigated about its accuracy, and/or timeliness; (c) there are additional reports, studies, and/or recommendations made by the BOP that may have relevant information to plaintiff's case (e.g., mini-files, etc.); (d) there are other types of administrative grievance procedures available to inmates; and (e) its records pertaining to plaintiff may be incompleted and may contain inaccurate, and/or untimely information; and (3) to determine what "BOP" records contain information relevant to this case.

Further, to identify what type of record and information relevant to this case, defendant Huff maintain in EOUSA's files pertaining to plaintiff, and to determine why inaccurate and/or untimely information pertaining to plaintiff cannot be corrected, deleted, and/or updated, etc. from those files, as required under the Privacy Act.

Since, any additional information sought to be obtained through discovery have been more detailed and specifically identified herein, defendants' related claim have become moot and should be denied as such.

### III.    CONCLUSION

For the reasons and authorities set forth herein and in his previous rule 56(f) motion for continuance, defendants' opposition to plaintiff's request for discovery should be denied, and therefore, plaintiff should be permitted to conduct the discovery requested.

Respectfully submitted,

6

## CERTIFICATE OF SERVICE

Plaintiff, pro se, hereby certify that true and correct copy of the foregoing document have been served on this _____day of March, 2007, via postage prepaid "first class" mail on:

Andrea McBarnette, AUSA
Judiciary Center Bldg.
555 Fourth Street, NW
Washington, D.C. 20530

Plaintiff further certify, that on same day and same way the original document was filed (by placing same in an envelope in the prison internal's mail system), with the Clerk's Office for the United State District of Columbia.

By:_____
RAMON LOPEZ, PRO SE PLAINTIFF
FCC-USP 1
PO BOX 1033-42004004
COLEMAN, FL 33521-1033