UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMON LOPEZ,                          )
                                     )
         Plaintiff,                  )
                                     )
    v.                               )    Case No. 06-1178 (RBW)
                                     )
RICHARD L. HUFF, et al.,             )
                                     )
         Defendants.                 )
                                     )

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff, pro se, without being afforded requested discovery, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Court, hereby opposes to the Defendants' motion to dismiss or, in the alternative, for summary judgment as there are genuine issues of material facts in dispute establishing, among other things, inaccuracy of information in defendants' records and due process violations, which requires to be resolved through a trial. In support of this opposition, Plaintiff rely on the accompanying memorandum of points an auhtorities, an statement of material facts showing the existence of genuine issues still in dispute, and supporting exhibits and affidavit.

Dated: April 19, 2007.

Respectfully submitted,

By: _____
RAMON LOPEZ, PRO SE PLAINTIFF
FCC-USP 1
PO BOX 1033-42004004
COLEMAN, FL 33521-1033

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMON LOPEZ,                        )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Case No. 06-1178 (RBW)
                                   )
RICHARD L. HUFF, et al.,           )
                                   )
        Defendants.                )
                                   )

## PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS

Plaintiff Ramon Lopez ("Plaintiff"), pro se, in response to the Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, and pursuant to Rules 7.1(h) and 56.1 of the local Rules for the United States District Court for the District of Columbia, sets forth the following statement of facts which he contends are disputed.

1. This fact is not disputed.

2. This fact is disputed. The record at issue in this suit is not the Presentence Investigation Report ("PSI") prepared by the U.S. Probation Officer ("USPO") J. Smith for the United States District Court, Southern District of Florida, in United States v. Ramon Lopez , 91-cr-0317, but the "defendants's records" pertaining to plaintiff. (Complaint at ¶¶ 3, 4, & 5).

3. This fact is not disputed to the extent it is part of courts' records. However, since the "PSI" is not at issue herein this fact is irrelevant to this suit.

4. This fact is not disputed for the same reasons above mentioned id. at 3. However, since the "PSI" is not at issue herein this fact is irrelevant to this suit.

5.   This fact is not disputed to the extent it is part of courts' records.

6.   This fact is not disputed to the extent it is part of courts' records. However, since the "PSI" is not at issue herein this fact is irrelevant to this suit.

7.   Although the defendants did not addresses the inaccuracy and due process claims asserted in plaintiff's complaint in their statement of material facts as to which there is no genuine dispute, supporting their motion to dismiss or, in the alternative for summary judgment (DE #9). Plaintiff hereby states the main material issues in dispute in this suit are inaccuracies of information "pertaining to plaintiff" in the defendants' records and denial to correct that information from their records by these defendants, which violates plaintiff's due process and other constitutional rights, that to the present time have been not resolved yet.

Respectfully submitted,

on this 19th dayof April, 2007.

RAMON LOPEZ,  Pro Se
PO Box 1033-42004004
Coleman, Fl 33521-1033

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
RAMON LOPEZ,                        )
                                    )
              Plaintiff,            )
                                    )
      v.                            )      Case No. 06-1178 (RBW)
                                    )
RICHARD L. HUFF, et al.,            )
                                    )
              Defendants.           )
                                    )
```

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Plaintiff Ramon Lopez ("Plaintiff"), without counsel and afforded discovery, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby files this Memorandum of Points and Authorities in Opposition to the Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment.

## I.    INTRODUCTION

The defendants, through their counsel have prematurely and without permitting discovery moved for dismissal or, in the alternative, for summary judgment of Plaintiff Complaint under the Privacy Act of 1974 ("PA"), the Administrative Procedure Act ("APA"), and under the protection afforded to him by the United States Constitution. In support of their motion, the defendant assert a volley of arguments most of them factually and legally erroneous.[1]

Plaintiff will addresses all these arguments in the same order the defendants present it to facilitate the Court's work.

---

[1] Among others, defendants allegations that Plaintiff did not allege claims against defendant Huff or his agency, nor seeks relief from them.

## II.    HISTORY

The administrative and judicial procedural history of the case have been offered by Plaintiff to the Court and the Defendants in the Complaint filed herein.  There is no need to repeat the history of the case at this time.

Suffice to clarify pertinent facts that the defendants has alleged in their motions that may have confused the Court, and obscured plaintiff's claims.

1.  Plaintiff' claims are directed to defendants Richard L. Huff Co-Director of the Office of Information and Privacy ("OIP") an agency within the United States Department of Justice ("USDOJ"), and Lapping Director of the Federal Bureau of Prisons ("BOP"), also an agency within the "USDOJ," which maintain separate systems of records containing some inaccurate information pertaining to plaintiff.

2.  Plaintiff, specifically claim the defendant Huff and his agency (OIP), maintains in their files inaccurate information related to plaintiff's alleged involvement on a homicide and requests under the Privacy and Administrative Procedure Acts and under the United States Constitution to correct, remove, and/or update this inaccurate information from their files so the government's attorney cannot use that information any time they have to answer to a motion for relief from his illegal sentence that plaintiff files.[2] (Complaint at ¶¶ 10, 12, 17, 18, 22, 23, 29, 30, 31, 36, 37, 39, and 40). However, until this date defendants Huff and his agency have refused to correct, remove, and or update claimed inaccurate information, even knowing that such information is inaccurate.

---

[2] Plaintiff's life sentence is unconstitutional under **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and its progenies but he is time barred from seeking correction of sentencing because **Apprendi** has not been made retroactive yet.

2

3.   Plaintiff's administrative remedy procedures against defendants Huff and his agency began on September 17, 2003, immediately after knowing about the existence of evidence exonerating him of any involvement in the homicide that he had been accused for by a government prosecutor. The final denial for this administrative procedure against defendant Huff and his agency was issued on July 24, 2004 (Complaint at ¶ 17). Plaintiff filed an statement of disagreement to such a denial on August 16, 2004  (Complaint at ¶ 18).

4.   Plaintiff's claims against defendant Lappin and his agency ("BOP"), specifically states this defendant and his agency maintain in "their files," and or system of records inaccurate or untimely information related to plaintiff's; (a) pending arrest for an alleged involvement in a homicide; (b) current offense (i.e., type of offense, penalty, etc.); and (c) criminal history, and requests under the Privacy and Administrative Procedure Acts, and under the United States Constitution to correct, remove, and/or update this inaccurate information from their files, so prison staff cannot use that information "for classification, designation, and program review purposes, etc.", anymore. However, until this date defendants Lappin and his agency have refused to correct, remore, and/or updated claimed inaccurate information, even knowing that such information is inaccurate.

5.   Plaintiff's administrative remedy procedures against defendants Lappin and his agency began on September 9, 2003, immediately after learning about the existence on evidence exonerating him of any involvement in the homicide noted in defendants' system of records.  The final denial for some of these administrative procedures was issued on February 13, 2004.  However, others procedures (e.g., the request to delete untimely information related to a prior "DUI" conviction that had been vacated), ended in 2006.  Complaint at ¶ 17, Exh. 6, and ¶ 19, Exh. 7.

6.    Defendants, through their counsel, moved to dismiss plaintiff's complaint or, in the alternative, for summary judgment to which Plaintiff sought a continuance under Rule 56(f) of Fed. R. Civ. P., to permit discovery [DE## 9, and 10].

7.    Defendants, through their counsel opposed to plaintiff's motion for continuance to permit discovery, and plaintiff filed a leave to file a reply out of time and reply.  However, and without addressing the merits of plaintiff's reply, the Court denied plaintiff's request for discovery [DE# 13-15].

8.    This opposition to defendant's motion to dismiss or, in the alternative, for summary judgment, supported with a memorandum of points and authorities, an statement of material facts showing the existence of genuine issues still in dispute, and supporting exhibits and a declaration ensues.

III.    STANDARDS OF REVIEW MOTIONS TO DISMISS

Generally, on motions to dismiss, the Court reviews the sufficiency of the complaint, without considering of affidavits, exhibits, or admissions. **Schuer v. Rhodes**, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d (1974).  Federal Rules of Civil Procedure 12 requires that a motion to dismiss be viewed in the light most favorable to the petitioner.  **Revene v. Charles County Comm'rs**, 882 F. 2d 870, 872 (4th Cir. 1989).  The District of Columbia has stated that "dismissal of a suit, and the consequent denial of a forum without giving the [plaintiff] a day in court... is indeed draconian."  Indeed, denial of the forum provided under the Constitution for the resolution of disputes [U.S. Const. art III, § 2], is a drastic remedy that has rarely been invoked.  See, e.g., **Edmond v. U.S. Dep't of Justice**, 323 F. Supp. 2d 65, 81 (D.D.C. 2004); see also **In re United States**, 872 F. 2d 472, 477 (D.C. Cir. 1989)(quoting **Fitzgerald v. Penthouse Int's, Ltd.**, 776 F. 2d 1236, 1242 (4th Cir. 1985)

4

Further, since motions to dismiss do not address the merits of the complaint, the courts must refrain from making any factual resolution of the evidence presented by both parties.

On motions to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, tests whether the court has subject matter jurisdiction over the action, and whether a plaintiff has properly stated a claim which relief can be granted, respectively. Under Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence. **McNutt v. Gen. Motors Acceptance Corp. of Indiana,** 298 U.S. 178, 189, 56 S. Ct. 780 (1936). However, the complaint may be dismissed for lack of subject matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." **Sinclair v. Kleindienst,** 229 U.S. App. D.C. 13, 711 F. 2d 291, 293 (D.C.Cir. 1983). Nevertheless, a plaintiff may generally establish subject matter jurisdiction before a United States Court by invoking Title 28 U.S.C §1331 (federal question jurisdiction). **Srour v. Bames,** 670 F Supp. 18, 20 (D.D.C. 1973). Under Rule 12(b)(6), the moving party bears the burden to demonstrate that the non moving party has failed to state a claim upon which relief can be granted, and the court must accept as true all allegations of the complaint. More important, it must be construe the complaint in favor of the plaintiff. Specifically, in deciding a motion to dismiss under this rule, the court is bound to consider well-pleaded facts as true and to draw all reasonable inferences in favor of the nonmavant party. **Schuer,** 416 U.S. at 236; **U.S. ex rel. Harris,** 275 F. Supp. 2d 1, 5 (D.D.C. 2003). Accordingly, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which

would entitle him to relief. **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). When the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. **Haines v. Kenner**, 404 U.S. 519, 520-521, 92 S. Ct. 594 (1972).

IV.    STANDARDS OF REVIEW ON MOTIONS FOR SUMMARY JUDGMENT

On motions for summary judgment, the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). In deciding a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." **Reeves v. Sanderson Plumbing Prods. Inc.**, 530 U.S. 133, 150, 120 S. Ct. 2097 (2000), see also **Washington Post Co. v. U.S. Dep't of Health and Human Servs.**, 865 F.2d 320, 325 (D.C. Cir. 1989). Ultimately, a court must determine "whether the evidence presents a sufficient disagreement .....or whether it is so one side that one party must prevail as a matter of law." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 251-252, 106 S.Ct. 2005). "If material facts are susceptible to divergent inferences, summary judgment is not available." **Coward v. ADT Sec. Sys. Inc.**, 388 U.S. App. D.C. 365, 194 F.3d 155, 158 (D.C. Cir. 1999).

V.    ARGUMENT

Plaintiff is acting without the assistance of an attorney, has limited dominion of the English language, and has been precluded from obtaing discovery in this action. Accordingly, he will keep this argument simple.

In support of their motion to dismiss or, in the alternative, for summary judgment, the defendants claim that Plaintiff; (1) has failed to exhaust his administrative remedies for all but one of the claims in the Complaint; (2) the claim that where the administrative remedies were exhausted is time

6

barred (Defs. Motion at p. 7, and n.3); (3) the doctrine of res judicata bars plaintiff's claims; (4) the Court should dismiss any claim under the Administrative Procedure Act, because of lacks of jurisdiction, and/or the statutes limitations; (5) Plaintiff's constitutional claim by the defendants failure to investigate information in their files is not actionable; (6) Plaintiff's Privacy Act claim fail; (7) Sovereign Immunity bars Plaintiff's constitutional claims against BOP; and (8) Plaintiff's constitutional claim against individual defendants fail (Defs. Motion pp. 8-21).

For the following reasons, defendants' claims are factually and legally incorrect.

I.  Plaintiff Exhausted Available Administrative Remedies

    A.    Plaintiff Exhausted Available Administrative Remedies Prior To To Seek Judicial Review Against Defendant Huff And His Agency.

Although, by omitting any affirmative defense in support of defendant Huff and his agency ("OIP"), counsel for the defendants may has conceded plaintiff's claims against this defendant, and therefore, forfeited any defense justifying their refusal to correct, or remove inaccurate information "pertaining to plaintiff" from their files, and/or any other obligation (Plaintiff's Declaration "Pl. Decl. ar ¶¶ 7 and 16). Plaintiff's asserts that all the available administrative remedies relating to this defendant have exhausted (Id. at ¶ 3, see also Complaint at ¶¶ 17 and 18, and Composite Exhs. 6 and Exh 7.). Accordingly, defendants' counsel claim that plaintiff has not exhausted his administrative remedies relating to his claims against defendant Huff and his agency (Pl Decl. at ¶ 8) are factually incorrect, and should not be ground for dismissal for faillure to exhaust administrative remedies with respect to this defendant and his agency.

    B.    Plaintiff Exhausted Available Administrative Remedies On All Claims Against Defendant Lappin And His Agency.

In his complaint, plaintiff raised three inaccuracy claims against defendant Lappin and his agency ("BOP") caused by their failure to correct, remove, or update (upon request) inaccurate information from their files pertaining to plaintiff's: (1) involvement in a homicide; (2) statutory penalties; and (3) criminal history (i.e. "DUI" Conviction). Plaintiff, also claimed that these defendants entered these prejudicial information in their files without making an independent investigation about its accuracy, and/or timeliness. Complaint at ¶¶ 22, 25, 27, 29. See also Pl Decl. at ¶ 11.

### (1) Plaintiff Exhausted Available Administrative Remedies Relating To His First Claim Against These Defendants.

In its response, defendants Lappin and the BOP admitted that plaintiff's exhausted his administrative remedies related to his request to remove false, prejudicial, and/or untimely information about his involvement in a homicide from their files (Defs. Motion at 7).    Since,    defendants'    exhaustion requirement argument did not apply to this claim, it should not be dismissed from this action.

### (2) Plaintiff Exhausted Reasonably Available Administrative Remedies Relating To His Statutory Penalty Claims Against Defendants Lappin And The BOP

In its response, these defendants alleged plaintiff did not exhaust his administrative remedies procedures related to his request to remove incorrect, prejudicial, and untimely information pertaining to plaintiff's statutory penalties, from their files,[3] and therefore, the Court should dismiss this unexhaust claim. (Defs. Motion at pp. 7-8.) In support thereof, they cited the mandatory exhaustion requirements embodied in the Prison Litigation Reform Act

---

[3] Plaintiff did not claim the defendants entered false information into his "PSI, nor that there is a need for amendment to his PSI, as alleged Defs. Motion at p. 7, n. 2), but to delete these information from their files, among other things, because they are not authorized to posses, or change it.

and a declaration accompanying the defendants' motion to dismiss or, in the alternative, for summary judgment ("Santos Decl."). See Defs. Motion at p. 7.

Admittedly, exhaustion of administrative remedies under "PLRA" is mandatory, but mandatory does not means absolute and exceptions to this requirement still remain. The First of these exceptions is built into the statute itself; remedies must be "available" for exhaustion to be required **Booth v. Curner**, 523 U.S. 731, 121 S. Ct. 1819, 1822 n. 4, and 1824 (2001)(a remedy is available unless it "lacks authority to provide anyrelief or to take any action whatsoever in response to a complaint"). In addition, a remedy that is available in theory for a particular sort of claim may be unavailable in practice because of the actions of prison staff. See, e.g., **Miller v. Norris**, 247 F.3d 736, 740 (8th Cir. 2001)(holding that prisoner who could not get grievance forms from prisons officials had sufficiently alleged exhaustion. ..."A remedy that prisons officials prevent a prisoner from 'utiliz[ing]' is not an available remedy under PLRA"); **Walker v. Bain**, 257 F. 3d 660, 663-664 (6th Cir. 2001)(noting jury verdict for plaintiff whose legal paper were confiscated in retaliation for filing grievances).

Second, the PRLA exhaustion requirement is not jurisdictional. **Jones v. Bock**, US , 127 S. Ct. 910 (2007)(concluding that failure to exhaust is an affirmative defense under PLRA); **Woodford v. Ngo**, 548 U.S. , 126 S. Ct. 2378. 2392 (2006), accord. Which means that courts can apply doctrines of waiver stoppel, and equitable tolling to excuse failure to exhaust. See, e.g., **Foulk v. Charrier**, 262 F. 3d 687, 697 (8th Cir. 2001)("Our courts has recognized that reliance on the PLRA exhaustion requirement can be waived"); **Rumbles v. Hill**, 182 F.3d 1064, 1067 (9th Cir. 1999); **Wendell v. Asher**, 162 F. 3d 887, 890 (5th Cir. 1998), accord.

9

Third, established principle hold that statutes will not be construed as in derogation of court's equitable powers absent a clear statement to that effect. See, e.g., **Califano v. Yamasaki**, 442 U.S. 682, 705 (2001)(..."statutes are not to be construed as limiting the equitable powers of the federal courts absent a clear command from the Congress to the contrary); **Porter v. Warmer Holding Co.**, 328 U.S. 395, 398 (1946)("Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied."), which suggest that the general power of courts to excuse exhaustion based on "extraordinary or mitigating circumstances" still remain intact in spite of the PLRA.

Here, plaintiff notified his Prison Unit Team that newly discovered evidence showed that some information compiled in his central file was inaccurate and should be deleted, and/or corrected as soon as possible. This notice clearly specified that incorrect information needed to be deleted, or corrected. Plaintiff's Unit Manager instead of conducting an independent investigation, forwarded the request to the USPO, which refused to correct its files, "not because the information in the files was accurate, but allegely, the evidence offered; (1) did not make a finding as to the veracity of the content of it; and (2) since **Apprendi**, supra was not retroactive, there was not a need to correct the inaccurate, and/or untimely information at this time. Complaint at ¶ 15, Comp. Exh. 5.

Thereafter, plaintiff sought a response to the above request that was answered by prison staff on November, 20 2003, indicating that since the USPO had decided do not make any changes to plaintiff's PSR, there was nothing else that they could do. See plaintiff's request and staff response attached, as Exhibit B. This indication was verbally confirmed by plaintiff's case manager

during open house a couple weeks latter. Subsequently relief to such a denial were sought pursuant to 5 U.S.C. § 552a and 28 C.F.R. §700.20(c) to not avail. See Complaint at ¶ 17, "Comp. Exh. 6".

Plaintiff did not attempt to seek formal resolution of the above request, under the BOP Administrative Remedy Program, as indicated by BOP Regional Counsel (on her response to my request for relief pursuant to § 552a), among other things, because; (1) it referred him to same source (the Unit Team) that had previously denied that request; (2) or, through the same administrative process that had previous y been denied. See, Complaint at ¶ 11, "Comp. Exh. 2"; and (3) plaintiff could suffer retaliation for insisting in a matter that "according to the Unit Team" was considered closed, and therefore, superfluous and a waste of government's time and sources, all of these enough reasons to consider "available" administrative remedy for that request exhausted under PLRA or, in the alternative, to consider the exhaustion requirement deemed waived for good cause shown.

Accordingly, plaintiff's failure to continue an administrative procedure that had previously denied, was considered closed, and therefore, superfluous and a waste of government resources, more troublesome, that could tense plaintiff's communication with his Unit Team and affect his live within prison, should not be considered as an unexhausted claim and result in dismissal by the Court as defendants have requested.

(3) Plaintiff Exhausted Reasonably Available Administrative Remedies Relating To His "DUI" Convict Claim Against Defendants Lappin And The BOP.

In its response, these defendants (incorrectly "naming" the Plaintiff's request herein as an request to amend his PSIs' criminal history section reflecting plaintiff's DUI conviction), referring to the cursorily and electronic review of a print out of BOP Administrative Remedy Generalized

11

Retrieval (ARGR), alleged that review did not show any issue raising questions about the accuracy of [the "PSIs"] relating to plaintiff's prior "DUI" conviction, and the issue is now nevertheless, moot because it has been confirmed that this conviction had been vacated since 1995, Defendants' Motion at p. 7 and n.2. These allegations are factually and legally incorrect.

First, Plaintiff's request to the BOP did not ask to amend his PSI, but to remove incorrect, and/or untimely information about the DUI conviction from their files (Complaint at ¶ 19, Exh. 8).

Second, the fact that a cursory electronic review conducted by BOP Staff Craixa Santos (instead of a manual search, etc.), did not show any request to staff to delete plaintiff's prior "DUI" conviction from BOP' files (e.g., BOP Male Custody Classification Form, "BP-15"), did not means there was not such a request filed, but an unsufficient search and some flaws with such electronic retrieval procedure, as well as, with any administrative remedy recording procedure that the BOP may have implemented (but was not explained by Ms. Santos in her declaration) to enter such a request, because there is not doubt that plaintiff had previously sought to remove such a prior conviction from BOP' files. Id, see also attached Exh. B.

Third, the fact the BOP staff have been able to confirm "now after being sued and through its own investigation," that plaintiff's prior "DUI" conviction had been vacated since 1995, did not render the issue moot yet, until that change be reflected as a point of from BOP's files. Specifically until the point added to plaintiff's Criminal History Score (CHS) from that BOP's Custody Classification Form (BP-15), not be removed as reflected in the most recently "BP-15" attached, as Exhibit C., from that form, it is still an issue in this action, and should not be dismissed by this Court on procedural grounds, since defendant Lappin and his agency (BOP) have not satisfied its obligation imposed

by the United States Constitution and the Privacy Act.  See, e.g. **Paine v. Baker**, 595 F. 2d 197, 201 (4th Cir. 1979); **Seller v. Bureau of Prisons**, 959 F.2d 307, 312 (D.C. Cir. 1992)(citations omitted).  See also 28 C.F.R. § 16.97(k)(". .where it may be appropriate to permit individuals to contest the accuracy of the information collected, e.g. public sources materials, or those supplied by third parties, the applicable exemption maybe waived, either partially or totally...").  The Court should not dismiss plaintiff's claims.

## II. Res Judicata Did Not Bars Plaintiff's Claim.

Defendants' third argument alleged that plaintiff's claim is barred by the doctrine of res judicata (Defs. Motion at pp. 8-11).  This argument is unsupported by facts and legally incorrect.  Further, it did not meet the issue preclusion, nor the claim preclusion requirements to dismiss this action under this doctrine, since to be barred under these arguments there must be (1) an identity of the cause of action in both suits; (2) identity of the parties in both suits; and (3)a final judgment on the merits by a court of competent jurisdiction.  See, e.g. **Doe v. District of Columbia**, 238 F. Supp. 2d 212, 217 (D.D.C. 2002).

The cause of action here **is not** an additional attempt by plaintiff to amend his PSI, but to correct, remove, delete, and/or update incorrect and prejudicial information from the defendants files.  The parties to this actions (i.e. Mr. Huff and the OIP, and Mr. Lappin and the BOP), were not the parties to any of the two previous actions alleged by the defendants (Defs. Motion at pp. 9-10).  Further, the judgments entered on those previous actions were not made on the merits, but because a lack of jurisdiction by the court, and because a statutory exemption invoked by the defendant party in that action. Complaint at ¶¶ 14 and 16, Exh. 4, see also Defs. Motion at pp. 9-11.  Finally, but not less importantly, the fact that plaintiff did not seek relief under the

13

Privacy Act in his previous FIOA Complaint, it does not bar plaintiff    from

seeking relief under that Act herein, because res judicata did not preclude

claims based upon facts not yet in existence at the time of [previous] action

occurred. **Drake v. Fed. Aviation Admin.**, 291 F. 3d 59 66-67 (D.C. Cir. 2002)

(quoting, **Stanton v. District of Columbia Court of Appelas**, 127 F. 3d 72, 78-79

(D.C. Cir. 1997), and **Page v. United States**, 729 F. 2d 818, 820 n. 12 (D.C.

Cir. 1984)). Specifically, in cases like this one, where plaintiff was

precluded from raising his claims "also" under the Privacy Act, in his previous

FOIA Complaint (even though he requested it adminstratively, Complaint at ¶ 12

Exh. 3), because the  agency being sued ("EOUSA") had denied the existence of

such a records, Complaint at ¶ 12, Exh. 3, p. 2. Had the agency recognized the

existence of the information requested during the administrative procedure, as

it was obligated to  do so "during the judicial procedure under FIOA,"

plaintiff could be barred now under the res judicata, but since the fact

showing indeed there was information in the agency's files was inexistent at

the time of that action was brought res judicata is inapplicable herein.

Based upon the foregoing, defendants' res judicata defense is without

merit.

III. Plaintiff's Has A Cause Of Action Under The Administrative Procedure Act

1.   The Court has Jurisdiction over Plaintiff's APA Claims

APA permits federal courts to set aside federal agency action found to be

arbitrary or capricious, in violation of statute, or of Constitution. Since

the Bureau of Prisons and the Office of Information and Privacy are federal

agencies within the United States Department of Jusitce, itself a federal

agency, this Court has jurisdiction to hear plaintiff's claim under this Act,

expressly, where it is used with  other provisions (e.g. 5 U.S.C § 552a, and

28 U.S.C. § 1331, etc.). **Califano v. Sanders**, 430 U.S. 99, 97 S Ct. 980

(1979).

If, like in this case, the denial of a request to remove, delete, and/or to update false information "pertaining to the requester" from the agencies' files appears to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, jurisdiction is established under APA. 5 U.S.C. §§ 701-706, etc.

The defendants in this instance, without addressing the merits of plaintiff's APA alleged a lack of jurisdiction by the Court because; (a) plaintiff is seeking monetary damages in this action; and (b) adequate remedy is available elsewhere. Since these allegations, appears to be based upon the erroneous assumption that plaintiff is challenging the content of his PSI herein, these are factually and legally incorrect and should not be grounds for dismissal of this action under APA.

Specifically, because plaintiff; (a) is not seeking monetary damages under the APA, but under the Privacy Act and the Constitution; and (b) is not seeking correction of his PSI in this action, but removal, deletion, and/or updating false, damaging, and/or untimely information "pertaining to him" from the defendants and its federal agencies to which these defendants capriciously and clearly disregard of established law refuse to do so. Even though, after having admitted there is not other remedy available. See, e.g, Defs. Motion at 13-17. Based upon the foregoing dismissal under this grounds is not warranted herein.

2.    Plaintiff's Claims are not Barred by the Statute of Limitations

The defendants (again relying in the erroneous assumption that plaintiff's challenge herein is based on his request to amend his PSI, and/or in a previous denial of agency review dated June 8, 2000, that was offered in the Complaint "only " to show evidence of due diligence, or the superfluousness

of seeking a same type of relief already denied (Complaint at ¶ 11, Exh. 2), and that could cause "only" harm to him because it would be considered a waste of government resources), alleged that plaintiff's claims are barred by the statute limitations under 28 U.S.C. § 2401(a). This allegations are factually and legally incorrect.

Plaintiff complaint was filed within the six years statute of limitations for review of agency actions, since the final denial to his request to remove false and prejudicial information from defendant Huff and his agency was issued on Juliy 26, 2004, see Complaint at ¶¶ 17 and 18, Exhs. 6 and 7. Accordingly, plaintiff's claims are not barred by the statutes limitations.

IV. Defendants' Have A Statutory And Constitutional Duty To Investigate
And Verify Prejudicial Information Pertaining To Plaintiff That They
Decide To Enter In Their Agencies' System Of Records

The defendants "one more time" incorrectly referring to plaintiff's PSI, alleged that plaintiff's failed to state a cognizable claim relating to their failure to investigate and verify information entered in their files because; (1) he failed to offer basis for that assertion; and (2) he failed to establish the denial of his request to remove false and prejudicial information pertaining to him, from their files was arbitrary, capricious, or an abuse of discretion. In support of these allegations, they argued there is not need for such an independently investigation supplied to they in the PSI because it is a court generated document created through an adversarial process where plaintiff had the opportunity to raise objections and litigate claims of inaccuracy, and since the Court incorporate plaintiff's objections, "which are part of the PSIs maintained in the BOP's files," there is not need to make further corrections. Defs. Motion at pp 13 and 14. These allegations are also factually and legally incorrect.

First, because it is a well established principle the defendants have an

16

unambiguous statutory and constitutional duty under the Privacy Act and the Constitution to make an independent investigation as to the accuracy of any prejudicial information (pertaining to the subject of such an information), they decide to enter and maintain in their systems of files. Expressly after; the evidence showing "that such prejudicial information was false, and/or untimely" has been provided; a request to delete or update such information has been properly sought; and more importantly, the evidence showed was easy to verify. See, e.g. **Seller v. Bureau of Prisons,** <u>supra</u> (59 F. 2d at 311 (..."as long as the information contained in an agency's files is capable of being verified, then ... the agency must take reasonable steps to maintain [via an independent investigation], the accuracy of the information to assure fairness to the individual."). and Second, because it's easy to demonstrate the defendants' denial to remove such false, prejudicial, and/or untimely information was arbitrary, capricious, an abuse of discretion, and contrary to the law.

Here, plaintiff requested defendant Huff and his agency to remove, delete, and/or update incorrect or untimely information "related to plaintiff's involvement in the homicide of Anthony Manzo," and provided the necessary evidence so they could verify it and then remove the false information from his agencies' files. However, Mr. Huff and his agency, refused to verify such an evidence (that could have been accomplished with a simple telephone call to the homicide detective in charge of that homicide so he would be able to verify if indeed plaintiff's had been eliminated as a suspect and when, etc. Complaint at ¶ 11, <u>Exhs. 2</u>), and denied plaintiff's request "allegedly" because this type of records were exempt under § 552a(j)(2) of the Privacy Act, and under their own regulations (28 C.F.R. § 16.81(a)). Complaint at ¶ 17, <u>Comp. Exh. 6</u>, "defendant Huff's final denial dated, July 26, 2004.

17

Plaintiff, additionally requested defendant Lappin and his agency to remove, delete, and/or update incorrect, prejudicial and untimely information "related to plaintiff's involvement in that homicide, statutory penalty, and criminal history," and also provided the necessary evidence supporting such a request, so they could verify it and then remove that false information from their flies. However, they refused to do so ( although, simple steps like a telephone call to the homicide detective in charge of that homicide, to the clerk's office for Miami-Dade County, and like a simple perusal of plaintiff's judgment and commitment 'in their possession,' could have been enough to verify plaintiff's inaccuracy claims, and to comply with their duties), because 5 U.S.C. § 552a(j) and 28 C.F.R. §§ 16.51(c) and 16.97(a) exempted they from the amendment provisions of the Privacy Act. Defs. Motion at p. 15.

The flaw with this argument is the information plaintiff's is seeking to remove from the defendants' files [4] is "public information" (see, e.g. attached 'public information inmate data' attached, as <u>Exhibit "D"</u>), to which these exemptions did not apply. **Powell v. United States**, 851 F. 2d 394, 395 (D.C. Cir. 1988)(BOP lacks legitimate reasons to refuse amend records that have been made public). Even, without the information being public, still these exemptions did not apply where inaccuracy and prejudice have been demonstrated. See, e.g., **Deter v. United States Parole Comm'n**, 85 F.3d 665, 668, n.2 (D.C. Cir. 1996)(<u>quoting</u>, **OBM Privacy Act Guidelines**, 40 Fed. Reg. 28,948, 28,964 (1975).."subsection (e)(5) 'places emphasis on assuring the quality of the record in term of the use of the record in making decisions affecting the rights, benefits, entitlements, or opportunities, etc., ..of the individual'");

---

[4] Plaintiff, is not seeking to amend his PSI(s) in this action as alleged by the defendants, throughout its motion to dismiss or, in the alternative, for summary judgment. Defs. Motion, <u>passim</u>.

see also **Fendler v. United States Bureau of Prisons,** 846 F.2d 550, 552-54 (9th Cir. 1988)(..the regulation(s) does not exempt the BOP records from subsection (e)(5); **Tijera v. Walters**, 821 F.2d 789,796-97 (D.C. Cir. 1987)(accord). Thus defendants' failure to investigate plaintiff's inaccuracy claims are actionable under the Privacy and Administrative Acts and under the Constitution, and this Court should find the defendants liable for such a failure.

V.  Plaintiff Has Legitimate Privacy Act Claims Against Defendants Herein

Defendants' did not denied there are inaccurate information "pertaining to plaintiff" in their files. Thus he have standing under the Privacy Act and under the Constitution against both defendants named in this action.

The defendants only asserted, since plaintiff; (1) did not exhaust his administrative remedies against defendant Lappin and his agency relating to his statutory penalty and a DUI conviction; (2) his only exhausted claim (related to his involvement in a homicide) is barred by the statute of limitations; and (3) has not suffered adversed determination, his claims must fail.[5] These assertions are factually and legally incorrect, among other things, because plaintiff has already explained how he exhausted any reasonable available administrative remedy under the circumstances of this case, as well as why his claim related to his involvement in a homicide is not barred by the statute of limitations (Id. at pp. 7-13, and 15-16), and indeed plaintiff has suffered and is actually suffering adverse determination because those inaccurate information in the defendants' files.

---

[5] The defendants also claim that plaintiff Privacy Act claims fail because, the PSI is exempt from the Amendment and Accuracy Provisions of the Privacy Act. Defs. Motion at pp. 15-16. Assuming arguendo the defendants were correct in this claim this argument is irrelevant herein because as explained throughout this motion the PSI(s) illegally in possession of defendant Lappin and maintained in the BOP Inmate Central File these PSIs are not the cause of this action, but the information maintained in these defendants and its agency's files.

Specifically, the matter related to being a suspect of a homicide which has subjected plaintiff to damaging gossips, affected court's decisions related to his criminal cases.[6] More troublesome may have irresponsible placed plaintiff's life at risk.[7] More, the matter related to the incorrect statutory penalty that have affected plaintiff's prison life since 1993 to the present date (see, e.g. documents attached as Exhibit "F", "OFFN/CHG RMKS, stating plaintiff's offense as a 841A1(highlighted) a Class "A" felony instead of the correct one, 841(a)(1) felony that it is a Class "C" felony, see also Exh. "C", scoring an incorrect public safety factor of great severity and 7 points for the severity of the offense because it have been incorrectly entered as a Class "A" felony, instead of the correct 2 points for a low severity of the offense), as keeping him in a High Security Penitentiary, rather than in a medium security prison, with better educational programs and less exposure to violent environment, etc.

Additionally, plaintiff was designated to a federal penitentiary and "improperly" classified as Maximum Custody in 1993,[8] upon his arrival to the federal bureau of prison "incorrectly" based on a conviction for a Class "A" felony instead of the correct Class "C" felony for a conviction under 841(a)(1), without consideration of his behavior during custody.[9] Accordingly, to allege that plaintiff's had not suffered any adverse determination because of these

---

[6] See, e.g. plaintiff criminal attorney's letter attached as Exhibit "E".

[7] E.g., if the homicide victim's family or associates would have decided to retaliate against him based upon that allegation made by the defendants.

[8] The procedural to place new arrival inmates in Maximum Custody (i.e. through the filing of an Exception Memorandum "BP-338") was not followed by prison's staff in plaintiff's case. See documents attached as Exhibit "G".

[9] The alleged "greatest severity prohibited act for possessing a dangerous weapons"(a razor blade found on the top of the sink in the common area of the cell), occurred in 1998, and five years after designating and classifying

(continued on next page........)

inaccurate informations "pertaining to plaintiff" in the defendants' files is disingenuous and suffice enough reasons to establish plaintiff's claims under the Privacy and Administrative Procedure Acts, and under the protections afforded to individuals by the United States Constitution.

Further, although the defendants may be partially correct in their argument relating to the proper defendants in a Privacy Act case are the agencies ("OIP" and "BOP") having violating plaintiff's statutory right under that Act.[10] This argument has not weight, since these defendants and its agencies are also being sued in their individual and official capacity (Complaint at ¶ 1), for their actions and decisions as head of the violating agencies under 5 U.S.C. § 701-706, which permit plaintiff (a federal prisoner) to sue the named defendants herein, as well as the federal agencies they heading, and under 28 U.S.C § 1331 for their individual violations of plaintiff's Constitutional Rights, and federal laws.

Based upon the foregoing, these defendants and their agencies are the proper defendants in this action and should not be dismissed as such.

VI.  Defendants Named Herein Have Not Sovereign Immunity

The barrier of sovereign immunity does not prevent actions against the defendants named in this action because they have waived it by their failure to act upon a recognized statutory and constitutional right.  Specifically, under

---

[9] (...continued from previous page), plaintiff to a federal penitentiary and as a maximum custody inmate.  Thus to allege that this was one of the facts present to designate and classified plaintiff as such (Defs. Motion at pp. 19-20) in 1993, five years before it occurred is outrageous.

[10] Because,numerous federal courts have considered this argument frivolous, see, e.g. **LBS Industries, Inc. v. C.I.R.**, 556 F.Supp. 40, 41 (W.D. Oklahoma 1982)(..it seems clear to the Court that the language of FOIA, specially §552(a)(5) indicates that an agency is made up of its individual responsible members..); **Nat. Western Life Ins. Co. v. United States**, 512 F.Supp. 454, 463 (N.D. Texas 1980)(The heads of federal agencies can be sued in their official

(continue on next page...)

the statutory provisions [5 U.S.C. §§ 552a(g)(1) and 702-06, 28 U.S.C. § 1331] authorized by act of the Congress to permit individual to seek judicial review of federal agencies and its responsible officers, and the Courts the necessary jurisdiction to set aside action, findings and conclusions made by those federal agencies and its responsible officials, found to be unlawfully arbitrary, unconstitutional, excessive, or without observance of agencies regulations.

Accordingly, plaintiff's statutory and constitutional claims against the named defendants and respective agencies they are heading should not be dismissed on grounds of sovereign immunity.

## VII. Plaintiff Has Constitutional Claims Against Individual Defendants

The Privacy Act does not preempt relief under the Administrative Procedure Act ("APA"), or other federal statutes, and there is not evidence of Congress' intend to limit (with the enacting of this Act), plaintiff's constitutional and statutory rights under other applicable federal statutes, nor the remedies to seek redress for the violation of such rights, under these other federal statutes, since all elements to sustain an action (i.e. statutory and constitutional violation of plaintiff's rights by federal officials' refusal to delete "easily to verify" false and prejudicial information, affecting plaintiff, from their files), under Section 701 et seq, of APA, and Bivens actions are present herein. More, since these statutes are invoked in aid to plaintiff's privacy act claim, so the Court with its wisdom may determine the applicable relief owed to plaintiff in this instance. Therefore, plaintiff constitutional claims against named individuals defendants should not be

---

(..continued from next page), capacity as custodian of the documents [the plaintiff is requesting); **Grabielly v. United States Dep't of Justice**, 594 F. Supp. 309, 311 (N.D.N.Y. 1984)(Individual as head of the F.B.I., was proper party defendant to a Freedom of Information Act action).

dismissed.

## VI.    CONCLUSION

Based upon the reasons and authorities set forth herein, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss or, in the Altenative, for Summary Judgment, and enter an order directing the Defendants to delete, correct, and/or update any and all false and prejudicial information, pertaining to plaintiff, from their files as requested, and granting plaintiff any other relief it deems proper and just.

Respectfully submitted,

on this ___19th___ day of April, 2007.


## CERTIFICATE OF SERVICE

Plaintiff, pro se herein certify that the foregoing documents have been served on April 19th, 2007 via postage prepaid mail upon:

Andrea McBarnette, AUSA
Judiciary Center Bldg.
555 4th Street, N.W.
Washington, D.C. 50530

RAMON LOPEZ, PRO SE PLAINTIFF
PO BOX 1033-42004004
COLEMAN, FL 33521-1033

23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMON LOPEZ,                          )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    Case No. 06-1178 (RBW)
                                     )
RICHARD L. HUFF, et al.,             )
                                     )
                Defendants.          )

## PLAINTIFF'S DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

I, RAMON LOPEZ, being duly sworn according to the law do declares the following:

1. I am the plaintiff, proceeding pro se in the above entitled case. Further, I am making this declaration in opposition to the defendants' motion to dismiss or, in the alternative, for summary judgment on my privacy act, administrative act, and due process claim.

2. I prepared, filed and am familiar with the complaint in th above entitled declaration, which may have errors because I am not an attorney, nor I have complete dominion of the English language.

3. The purpose of this declaration is to provide the Court and the Defendants with legitimate reasons as th why the defendants' motion to dismiss or, in the alternative, for summary judgment should be denied.

4. The legitimate reasons precluding the defendants' motions to dismiss or, in the alternative for summary judgment are; (1) demonstrable jurisdiction and subject matter jurisdiction to hear plaintiff's claim, among other things, because; (a) plaintiff has exhaust all administrative remedies avail-

able; (b) res judicata is unwarranted herein; and (c) the complaint has been filed within the statute limitations and proper statutes; and (2) there are genuine inaccuracies and constitutional violations issues of material facts in dispute, as well as improper possession and control of court's documents that needs to be resolved herein.

5. The "only" declaration provided (in support of one of the defendants), herein is not sufficient to met the defendants's custodian duties to have in "their records" accurate and timely information pertaining to plaintiff, and contain inaccuracies itself (e.g., it keeps mention that the "PSI" is the  record at issue herein, where it is not!, or mention that a review of records maintained by BOP, reveals the Bureau is in possession of a "PSI," where indeed the BOP is in possession of four "PSI" pertaining to plaintiff), and/or omitted crucial facts (e.g., it omits what BOP documents (BP) itself contain the inaccurate, and/or untimely information in dispute in this suit, what authorities entitles the BOP to keep permanent possession of plaintiff's PSIs in their files, and/or why not an independent investigation relating to information compiled and required BOP's own report relating to such information has never been conducted), which renders this "only" one defendant declaration filed herein insufficient to defeat plaintiff's complaint. (See Ms. Santos Decl. attached to defendants motion to dismiss.)

6. The defendants' res judicata and time bar allegations are factually and legally incorrect and are made with a purpose to mislead the court. See, e.g. Plaintiff's Memorandum in Support his opposition to defendants' motion to dismiss or for summary judgment at pp. 13-14.

7. Defendant Richard L. Huff has not provided a declaration supporting his denial to correct false, and/or untimely information "pertaining to plaintiff" that are under his custody, control and possession. Nor, provided

a response to plaintiff's claims against him (Complaint at ¶¶ 3, 5, 17, 18, 22, 23, 30, 31, 34, 36, 37, 39, and 40, see also "Relief" at ¶¶ a-f).    Ergo, he has conceded those claims and waived or forfeited any available affirmative defense that he could have had.

8.    Defendants' allegations relating to plaintiff's failure to exhaust his administrative remedies are factually and legally incorrect.  (Pl. Memo at pp. 7-13.

9.  This action was brought within the time prescribed by the Privacy and Ad Administrative Acts, and within the time prescribed for constitutional violations.  (Pl. Memo at p. 15.

10. Defendants' allegations about inaccuracies in his PSI[s](defendants' motion to dismiss or for summary judgment, hereinafter "Defs. Motion" at 6-7), although true are irrelevant to this action because Plaintiff's PSI[s] are not an issue in this Action,  See Plaintiff's Statement of Disputed Material Facts, hereinafter "Pl Disp. Facts." at ¶ 2, see also Pl Memo at  p. 19.

11. Defendant's allegation about plaintiff's claim they entered false information into his PSI[s] (Defs. Motion at 7) is incorrect.  Plaintiff's claim clearly stated that; (a) the defendants entered prejudicial allegations about him  in "their files" without independently  investigate the accuracy and timeliness of those allegations (Complaint at ¶¶ 22, 25, 27, 29; (b) the defendants have a duty to independently investigate and verify any information "about plaintiff" that they decide to enter in "their files" (Complaint at ¶¶ 23, 25, 27, and 36); (c) the defendants have a duty to maintain "their files" with such accuracy as is reasonable necessary to assure fairness to plaintiff (Complaint at ¶ 30, 32 and 34);  and (d) the defendants refusal to remove  and correct inaccurate inaccurate, and prejudicial information pertaining  to "the plaintiff" from "their files" violate his constitutional and statutories right

3

under the Due Process Clause of the Fifth Amendment, and the Privacy and Administrative Acts (Complaint at ¶¶ 30, 34, 37, and 39).

12. Defendants' allegation relating to the "PSI" prepared by the U.S. Probation Office ("USPO") is part of the BOP's Inmate Central Records System (Defs. Motion at 15), is factually and legally incorrect, among other things, because this "PSI" is a confidential court document that may not be duplicated or disseminated to a third party without prior permission of the Court, that may be "temporarily" loaned to the BOP (so it may prepare its own report), but must be returned to the USPO immediately after it complete such a report. See documents attached, as Exhibit "A" in support.  See also Pl. Memo at pp. 13, 15, 16, and 19 n. 5.

13. Defendants' allegation that Plaintiff requests that the Court order an amendment to his PSI is factually incorrect.  Plaintiff is requesting herein a Court order directing both defendants that "after conducting their "own investigation" remove and update inaccurate information 'pertaining to plaintiff' from their system of records.

14. Plaintiff has suffered adverse determination as the resulted of inaccurate or untimely information in both defendants' system of records; (1) When inaccurate, and/or untimely information relating to plaintiff being a suspect in murder was proffered by a federal prosecutor during plaintiff habeas corpus hearings in/or around 1999; and (2) since plaintiff's arrival to prison in 1991 to this present date because the BOP's refusal to correct inaccurate, and/or untimely information about plaintiff criminal history, pending charges, severity of the offense, and type of felony, etc., that could be resolved after a cursory and "independent" investigation.  Pl. Memo at pp. 19-21 .

15. BOP's refusal to correct or update inaccurate information "pertaining to plaintiff" from its system of records is capricious, arbitrary, and

constitutes an abuse of discretion. Further, it violates Plaintiff's constitutional and statutories rights, and could be motivated for the "sole" purpose to avoid any expenses that its own investigation on the matter may cost. See, e.g. 18 U.S.C. §§ 3552(b) and 3672 ¶ 8.

16. Co-Director of OIP's refusal to correct or update information "pertaining to plaintiff" from its system of record is capricious, arbitrary, and constitutes an abuse of discretion. Further, it violates Plaintiff's constitutional and statutories rights, and could be motivated for the "sole" purpose to encumber possible prosecutorial misconduct during plaintiff's sentencing and collateral proceedings. Since exist a reasonable probability that prosecutorial statements relating to plaintiff's being suspect in a homicide, during those proceedings, were false and made intentionally and knowingly to adversely affect plaintiff's interests.

17. Plaintiff has a constitutional and statutory right to seek correction and removal of any and all prejudicial inaccurate. and or untimely information from the defendants' system of records independently of its origin and use.

18. Based upon the foregoing exist enough reasons to deny the defendants' motion to dismiss or, in the alternative, for summary judgment.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on this ___19th___ day of April, 2005.

RAMON LOPEZ, PRO SE
PLAINTIFF/DECLARANT

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADMINISTRATIVE ORDER 90-26

IN RE:  IMPLEMENTATION OF    :
SENTENCING PROCEDURES        :
UNDER THE SENTENCING         :
GUIDELINES AND SENTENCING    :
REFORM ACT OF 1984           :
_____    :

THIS MATTER arose upon the Report and Recommendation of the Sentencing Guidelines Administration Committee of the United States District Court for the Southern District of Florida pursuant to Administrative Order 87-36.  Upon consideration of the Committee's Report to provide adequate time for the United States Probation Office's preparation of the Presentence Investigation (PSI), disclosure of the PSI to the parties, and the filing of the presentence submissions by the parties, the following procedures are hereby established to govern sentencing procedures within the Sentencing Reform Act of 1984.  Accordingly, it is hereby ORDERED AND ADJUDGED that

1.  The sentencing proceedings shall be scheduled by each District Judge no earlier than sixty (60) days following entry of a guilty plea or a verdict of guilty.

2.  The PSI, including guideline computations, shall be completed and made available for disclosure to the attorneys for the parties at least twenty-five (25) days prior to the scheduled sentencing proceeding, unless otherwise directed by the Court;

1



3.   If a party reasonably disputes any matters or guideline computation in the PSI, or seeks the inclusion of additional or clarifying matters in the PSI, it is the obligation of the complaining party to contact opposing counsel and the United States Probation Office for the Southern District of Florida as soon as possible after the PSI disclosure date.  The parties should resolve disputed material matters by conferring with opposing counsel and United States Probation Officer (USPO) by telephone or otherwise. If counsel for the parties and USPO are unable to agree on controverted matters, the objecting party shall file and serve written objections upon opposing counsel and the USPO no later than fifteen (15) days prior to sentencing.

4.   Ten (10) days prior to sentencing, the USPO shall prepare an addendum to the PSI identifying factual matters or guideline computations which remain in dispute for the Court to resolve at sentencing and transmit to the sentencing Judge and make available to all counsel the PSI, including guideline computations, and the addendum.

5.   Counsel for the parties shall confer no later than seven (7) days prior to the scheduled sentencing proceeding with respect to the anticipated length of the sentencing and the number of witnesses to be called.  If either party reasonably anticipates that the sentencing proceeding will exceed thirty (30) minutes, that party shall file a notice with the Clerk of the Court and shall hand deliver a courtesy copy to the United States Probation Office no later than five (5) days prior to the sentencing

proceeding. The notice shall advise the Court of the number of witnesses to be called and the estimated time required for the sentencing proceeding. Additionally, counsel for the parties shall file within the same time period any notice for enhancement of sentence or requests for departure.

6. Counsel for the parties may retain the PSI in their custody, and counsel for the Defendant shall provide a copy to the Defendant. However, the PSI is a confidential document and neither the parties nor their counsel are authorized to duplicate or disseminate it to third parties without prior permission of the Court. It is further

7. ORDERED AND ADJUDGED that <u>failure to comply with any of these procedures may result in the imposition of sanctions</u>.

8. A copy of this Order shall be distributed to each attorney of record or <u>pro se</u> Defendant by the Courtroom Deputy together with the Notice of Sentencing following a finding of guilt.

DONE AND ORDERED in Chambers this 15th day of March, 1990.

/s/ JAMES LAWRENCE KING
HONORABLE JAMES LAWRENCE KING,
CHIEF, U.S. DISTRICT JUDGE,
SOUTHERN DISTRICT OF FLORIDA

3

Copies furnished to:

Chief Judge Gerald Bard Tjoflat
Sr. Circuit Judge David W. Dyer
Circuit Judge Peter T. Fay
Chief Judge James Lawrence King
All Southern District Judges
All Southern District Magistrates
Keenan G. Casady, District Executive
Matthew Balch, Acting Clerk of Court
Karen Eddy, Clerk, Bankruptcy Court
Roberto Febles, Chief Pretrial Services
Carlos Juenke, Chief Probation Officer
Dexter Lehtinen, United States Attorney
Theodore Sakowitz, Federal Public Defender
Daniel J. Horgan, United States Marshal
Linda Collins-Hertz, President, Federal Bar Association
   (155 S. Miami Avenue, Miami, FL  33130)
All Members Sentencing Guidelines Administration Committee

4

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

Non-Guideline

RECEIVED

DEC - 1 1993

CORL FT. LAUDERDALE FL

UNITED STATES OF AMERICA

vs.

RAMON LOPEZ

)
)
)
)
)
)

PRESENTENCE INVESTIGATION REPORT

Docket No. 92-708-CR-MORENO
Defendant No. 01
Guideline Manual: 1993

---

**Prepared for:**     The Honorable Federico A. Moreno
U. S. District Judge

**Prepared by:**     Kenneth J. Gonzalez/lah
U. S. Probation Officer
Miami, Florida
(305) 536-6758

**Assistant U. S. Attorney**
Karen Rochlin
99 N.E. 4th Street
7th Floor
Miami, Florida   33132
(305) 536-5457

**Defense Counsel**
Robert Rosenblatt
66 West Flagler St.
Penthouse
Miami, Florida 33130
(305) 536-3300

**Sentence Date:**     November 18, 1993 @ 9:00 a.m.

**Offense:**     Count One:  Knowingly and Willfully Attempt to Escape from
the Custody of the Attorney General of the United States in
violation of 18 U.S.C. § 751(a), a Class D felony.

**Penalty:**     Zero to five years in the custody of the Bureau of
Prisons and/or a $250,000 fine.

**Arrest Date:**     November 23, 1992

**Release Status:**     November 23, 1992:  Pre-Trial Detention-M.C.C.
Miami, Fl.

**Detainers:**     Docket No. 92-395-CR-DAVIS SD/FL:  Currently
serving five year term of imprisonment.

12-10-93.
ISN
&   CMC

1

**C O N F I D E N T I A L**
PROPERTY OF U.S. COURTS.
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS. TO BE
RETURNED AFTER SUCH USE, OR UPON REQUEST



RECEIVED
NOV 1 2 1993
CCM, FT. LAUDERDALE, FL

Non-Guideline

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF FLORIDA

### REVISED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **PRESENTENCE INVESTIGATION REPORT** |
| vs. | ) | |
| | ) | Docket No. 91-0317-CR-UNGARO- |
| Ramon Lopez | ) | BENAGES |
| | ) | Defendant No. One |
| | ) | Guideline Manual:  1990 |
| | ) | |

---

**Prepared for:**   The Honorable Ursula Ungaro-Benages
U. S. District Judge

**Prepared by:**   Janice S. Smith/lah
U. S. Probation Officer
300 N.E. 1st Avenue
Miami, Florida  33132-2126
(305) 536-6759

**Assistant U. S. Attorney**
Karen Rochlin
99 N.E. 4th Street
7th Floor
Miami, Florida  33132
~~(305)536-5457~~
*305-961-9000*

**Defense Counsel**
William M. Norris
Grove Forest Plaza
2937 S.W. 27th Ave.
Suite 206
Miami, Florida 33133
(305) 443-4466

**Sentence Date:**   September 27, 1993 @ 1:00 p.m.

**Offense:**   Count 1:  Conspiracy to Possess with Intent to Distribute Cocaine, 21 U.S.C. § 846, a Class A felony.

Count 2:  Possession with Intent to Distribute Cocaine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, a Class A felony.

**Penalty:**   10 years to life imprisonment, five years supervised release and $4,000,000 fine.  Pursuant to Sentencing Enhancement, 18 U.S.C. § 3147(1), a sentence of not more than 10 years imprisonment consecutive to any other sentence of imprisonment.

**Arrest Date:**   May 14, 1991.

C O N F I D E N T I A L
PROPERTY OF U.S. COURTS.
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS. TO BE
RETURNED AFTER SUCH USE, OR UPON REQUEST.

1

Non-Guideline ☐

## UNITED STATES DISTRICT COURT
### FOR THE
### SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

      vs.

    RAMON LOPEZ

)
)
)
)
)
)

PRESENTENCE INVESTIGATION REPORT

Docket No. 92-0395-CR-DAVIS
Defendant No. 1
Guideline Manual:  1992

---

**Prepared for:**    The Honorable Edward B. Davis
                U. S. District Judge

**Prepared by:**     Janice S. Smith
               U. S. Probation Officer
               Miami, Florida
               (305) 536-6759

**Assistant U. S. Attorney**
Karen Rochlin
155 South Miami Avenue
Miami, Florida  33130
(305)536-5432

**Defense Counsel**
Robert A. Rosenblatt
66 West Flagler Street
Penthouse
Miami, Florida  33130
(305)536-3300

**Sentence Date:**    January 19, 1993

**Offense:**    Count Two:  Failure to Appear, Title 18, U.S.C. $ 3146, a
             Class C Felony.

      **Penalty:**    0 to 10 years imprisonment and/or $250,000 fine.
                Any prison term imposed must be consecutive to any
                other term of imprisonment.

**Arrest Date:**    July 9, 1992

**Release Status:**    Held in PreTrial detention since date of arrest.

**Detainers:**    Currently serving 20 year term of imprisonment in
              case number 90-389-CR-DAVIS.

**CONFIDENTIAL**
1 PROPERTY OF U.S. COURTS.
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS. TO BE
RETURNED AFTER SUCH USE, OR UPON REQUEST

Non-Guideline ☐

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) ) | |
| RAMON LOPEZ | ) ) ) | Docket No. 90-389-Cr-Davis<br>Defendant No. 2 |

---

### PRESENTENCE REPORT

**Prepared for:**
  Honorable Edward B. Davis
  U. S. District Judge

**Prepared by:**
  Janice Smith/cls
  U. S. Probation Officer

**Sentencing Date:**
  December 10, 1991
  @ 4:00 p.m.

**Office Location:**
  Miami, Florida

**Offense:**   Count One:  Title 21, USC, Section 841(a)(1) and Title 18,
          USC, Section 2, Possession with intent to distribute at
          least five (5) kilograms of cocaine, a Class A felony.

          Count Two:  Title 21, USC, Section 846, conspiracy to
          possess with intent to distribute at least five (5)
          kilograms of cocaine, a Class A felony.

  **Penalty:**   Counts One & Two:  Ten years to life imprisonment,
          five years supervised release, and $4,000,000
          fine.

**Date of Arrest:**  6-12-90.
**Custodial Status:**  7-27-90:  Released on $200,000 corporate surety
                    bond and $200,000 personal surety bond.
          4-19-91:  Arrest Warrant issued, bond revoked.
          5-14-91:  Arrested.

## Identifying Data

**Date of Birth:**
  03-14-52

**Race:** Caucasian

**Age:** 39

**Sex:** Male

**Citizenship:**
  Naturalized U.S.
  Citizen

**Marital Status:**  Divorced

CONFIDENTIAL
PROPERTY OF U.S. COURTS.
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS. TO BE
RETURNED AFTER SUCH USE, OR UPON REQUEST
DISCLOSURE AUTHORIZED ONLY TO
COMPLY WITH 18 USC 4208(b) (2)

1

Non-Guideline ☐

## UNITED STATES DISTRICT COURT
### FOR THE
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

        vs.

)
)  PRESENTENCE INVESTIGATION REPORT
)
)  Docket No. 91-317-CR-UNGARO-BENAGES
)  Defendant No.
)  Guideline Manual:  1992
)

---

Prepared for:      The Honorable Ursula Ungaro-Benages
                U. S. District Judge

Prepared by:

**Assistant U. S. Attorney**          **Defense Counsel**
Karen E. Rochlin
99 N.E. 4 Street
Miami, Florida 33132
(305) 536-5432

Sentence Date:

Offense:  Count 1:    Conspiracy to Possess with Intent to Distribute
                  Cocaine, 21 U.S.C. § 846, a Class A felony.

         Count 2:    Possession with Intent to Distribute Cocaine, 21
                  U.S.C. § 841(a)(1) and 18 U.S.C. § 2, a Class A
                  felony.

         Penalty:    Ten years to life imprisonment, five years
                  supervised release and $4,000,000 fine.

Arrest Date:

Release Status:      Held in Pretrial Detention at the Metropolitan
                  Correctional Center, in Miami, Florida.

DEFENSE COUNSEL & PROSECUTORS:
THIS IS A CONFIDENTIAL DOCUMENT
PER A.O. 90-26. DO NOT DISSEMINATE
TO OTHER THAN THE DEFENDANT
WITHOUT PRIOR COURT APPROVAL.

**CONFIDENTIAL**
PROPERTY OF U.S. COURTS.
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS. TO BE
RETURNED AFTER SUCH USE, OR UPON REQUEST.
DISCLOSURE AUTHORIZED ONLY TO

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr. Juan CM | DATE: 11/6/03 |
|---|---|
| FROM: Ramon Lopez | REGISTER NO.: 42004-004 |
| WORK ASSIGNMENT: Educ | UNIT: H |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

This is a remainder that a response
to my request to correct records under Privacy
Act is still pending

Please make some time and provide a
response in order to be able to exhaust my
administrative remedy.

Thank you for your consideration to this
request

R L

(Do not write below this line)

DISPOSITION: Close all attached

11/20/2003

PLAINTIFF'S
EXHIBIT
B

Signature Staff Member                    Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                              and BP-S148.070 APR 94

This is in response to your Inmate Request to Staff Member dated November 16, 2003, in which you requested to have you Central File reviewed due to an error in your Pre-sentence Investigation Report and to correct such information.
On September 22, 2003 we sent a letter on your behalf to Frank Schwartz, CUSPO, requesting correction of your PSR.    On October 1, 2003, we received correspondence from USPO Smith indicating that they will not make any changes to your PSR.  Please see the attached letter for your review.

I hope this adequately responds to the concerns you have raised.

```
  COPB9  606.00 *      MALE CUSTODY CLASSIFICATION FORM      *    02-09-2007
PAGE 001 OF 001                                                   09:09:52
                            (A) IDENTIFYING DATA
REG NO..: 42004-004              FORM DATE: 02-09-2007          ORG: COP
NAME....: LOPEZ, RAMON
                                      MGTV: NONE
PUB SFTY: GRT SVRTY,SENT LGTH,ESCAPE  MVED:
                            (B) BASE SCORING
DETAINER: (0) NONE              SEVERITY.......: (7) GREATEST
MOS REL.: 540                   CRIM HIST SCORE: (10) 15 POINTS
ESCAPES.: (0) NONE              VIOLENCE.......: (2) > 15 YRS SERIOUS
VOL SURR: (0) N/A               AGE CATEGORY...: (2) 36 THROUGH 54
EDUC LEV: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                            (C) CUSTODY SCORING
TIME SERVED.....: (3) 0-25%     PROG PARTICIPAT: (2) GOOD
LIVING SKILLS...: (2) GOOD      TYPE DISCIP RPT: (0) GREATEST
FREQ DISCIP RPT.: (3) NONE      FAMILY/COMMUN..: (4) GOOD

                   --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY   CONSIDER
+21  +14    +1         +22        HIGH        N/A              MAX       SAME

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



PLAINTIFF'S EXHIBIT "C"

```
┌─────────────────────┐
│    DEFINITIONS      │
└─────────────────────┘
```

**ADMINISTRATIVE INSTITUTION.**  An institution with a special mission, where inmates are assigned based on factors other than security and/or staff supervision (for example, medical/mental health, pretrial and holdover).  Administrative institutions are designed to house all security level inmates.

**CENTRAL INMATE MONITORING (CIM).**  The Bureau monitors and controls the transfer, temporary release, and community activities of certain inmates who present special needs for management.  Such inmates, known as Central Inmate Monitoring cases, require a higher level of review prior to any movement outside the institution.

**CLASSIFICATION.**  The systematic subdivision of inmates into groups based on their security and program needs.

**COMMUNITY CUSTODY.**  The lowest custody level assigned to an inmate which affords the lowest level of security and staff supervision.  An inmate who has **COMMUNITY** custody may be eligible for the least secure housing, including any which is outside the institution's perimeter, may work on outside details with minimal supervision, and may participate in community-based program activities if other eligibility requirements are satisfied.

**CONTRACT FACILITY.**  A state or local prison, institution, facility, jail, or other non-federal enterprise that contracts with the Bureau to house federal inmates (i.e., Community Corrections Center).  Contract facilities are contracted and supervised by the CCMs.

**CRIMINAL HISTORY POINTS.**  Criminal History Points are used to calculate the Bureau's Criminal History Score.  The Criminal History Points is the calculation, as specified by the U.S. Sentencing Commission Guidelines (Guidelines Manual, Chapter 4), which assigns a numerical value based on the individuals entire criminal record of convictions.  Ordinarily, the Criminal History Points are calculated by the United States Probation Office.

**CRIMINAL HISTORY SCORE (CHS).**  The CHS is one of the factors used to calculate the inmate's security point total.  The CHS is derived from the Criminal History Points whereby the Criminal History Points fall into one of six categories.

```
  COPB9              *        PUBLIC INFORMATION        *    05-15-2006
PAGE 003             *           INMATE DATA            *    16:01:56
                                AS OF 05-15-2006
```

REGNO..: 42004-004 NAME: LOPEZ, RAMON

```
                   RESP OF: COP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 352-689-6000    FAX: 352-689-6012
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE
```

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 90-389-CR-DAVIS-2
JUDGE...........................: DAVIS
DATE SENTENCED/PROBATION IMPOSED: 01-09-1992
DATE COMMITTED..................: 12-20-1993
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                  FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:   $100.00         $00.00           $20,000.00    $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO      AMOUNT:  $00.00
```

-----------------------CURRENT OBLIGATION NO: 010 ---------------------------

```
OFFENSE CODE....:  391
OFF/CHG: T21 USC 841(A)(1) POSS W/I TO DIST COCAINE
         T21 USC 846 CONSP TO POSS W/I TO DIST COCAINE
```

```
SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:  240 MONTHS
TERM OF SUPERVISION............:    5 YEARS
DATE OF OFFENSE................: 06-12-1990
```



PLAINTIFF'S EXHIBIT "D"

```
COPB9              *        PUBLIC INFORMATION        *      05-15-2006
PAGE 004           *           INMATE DATA            *      16:01:56
                                AS OF 05-15-2006
```

REGNO..: 42004-004 NAME: LOPEZ, RAMON

```
                    RESP OF: COP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 352-689-6000    FAX: 352-689-6012
RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00
```

---------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

```
COURT OF JURISDICTION..........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER..................: 91-317-CR-UNGARO-BEN
JUDGE..........................: UNGARO-BENAGES
DATE SENTENCED/PROBATION IMPOSED: 10-29-1993
DATE COMMITTED.................: 12-20-1993
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $100.00        $00.00          $25,000.00   $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------

```
OFFENSE CODE....:  391
OFF/CHG: 21 USC 846 & 841(A)(1) CONSPIRACY TO POSSESS WITH INTENT TO
         DISTRIBUTE COCAINE, POSSESSION WITH INTENT TO DISTRIBUTE
         COCAINE, AIDING AND ABETTING
```

```
 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 TERM OF SUPERVISION............:    5 YEARS
 CLASS OF OFFENSE...............: CLASS A FELONY
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CTS ONE AND TWO CONC
 DATE OF OFFENSE................: 04-01-1991
```

G0002        MORE PAGES TO FOLLOW . . .

*Arthur Joel Berger*

ATTORNEY AT LAW

DADELAND TOWERS NORTH

SUITE 506

9200 SOUTH DADELAND BLVD.

*Miami, Florida 33156*

TELEPHONE (305) 670-0067

April 27, 1995

Ramon Lopez
# 42004-004
P.O. Box FMB
Atlanta, Georgia 30315

Dear Ramon:

I just received the opinion in your major case. I am sick. You predicted it. The opinion says nothing. There were issues that at least warranted some discussion of reasoning. Indeed, one of the issues was novel.

This panel of three judges did not include the most conservative judges in this Circuit. I cannot prove it, but I believe that they read your presentence report and determined that you are a dangerous drug dealer, whom they would not release no matter what.

We must go to the Supreme Court, difficult as it is. Call me as soon as you can.

Respectfully,

ARTHUR JOEL BERGER



**PLAINTIFF'S
EXHIBIT**

"E"

```
EDGCH  535*08 *          FEDERAL BUREAU OF PRISONS        *     05-28-2002
PAGE 001         *            IN-TRANSIT DATA FORM        *     12:54:13
```

NAME.......: LOPEZ, RAMON
REGISTER NO: 42004-004
RACE / SEX.: WHITE / MALE                    DOB (AGE): 03-14-1952 (50)
RESIDENCE..: MIAMI, FL 33031                 ETHNIC...: HISPANIC
                                             RSP OF...: EDG A-DES

DESTINATION: COP                             LEVEL/CUSTODY: HIGH     /MAX
                                             PROJ REL DATE: N/A
ESCAPE.....: NONE                            DETAINERS....: NO
VIOLENCE...: > 15 YRS SERIOUS                NOTIFICATIONS: NO


OFFN/CHG RMKS: 18:751A,21:846,841A1,18:3146 ATTEMPT TO ESC,CTPWITD COCAINE,
               PWITD COCAINE,FTA,  LIFE + 6 MO / 5 YEARS SRT


 *NOTE* SENSITIVE-LIMITED OFFICIAL USE CMC AND SEPARATEE HARDCOPY DATA ATTACHED




****************************************************

GENERAL PHYSICAL APPEARANCE (COMMENTS):








--------------------------------------------------------------------

NOTE:    STATEMENT TO TRANSPORTING OFFICER:
"SENSITIVE - LIMITED OFFICIAL USE DOCUMENT - SECURITY MUST BE MAINTAINED."

TRANSPORTING OFFICER: _____  AGENCY:_____

PREPARED BY: K. JONES  K Jones    TITLE: CSW        DATE: 5-28-2002

PLAINTIFF'S
EXHIBIT

"F"



**U.S. Department of Justice**

Federal Bureau of Prisons

*FCC Coleman Legal Department*

*PO Box 1029*
*Coleman, FL 33521*

October 12, 2005

Ramon Lopez
Register No. 42004-004
USP Coleman
Box 1029
Coleman, FL 33521

Re: Your Information Request Appeal No: 04-1759

Dear Mr. Lopez:

This is in response to your information request.  The Office of Information and Privacy has asked that we conduct another search for a copy of a 1993 Exception Custody Memo from your central file.

Please be advised that no records could be located responsive to your request.

Sincerely

Jeff Campbell
Supervisory Attorney

