UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMON LOPEZ )<br>)<br>　　　　Plaintiff, )<br>　　v. )<br>)<br>RICHARD HUFF, CO DIRECTOR, )<br>OFFICE OF INFORMATION )<br>& PRIVACY, et al. )<br>)<br>　　　　Defendants. )<br>) | Case No: 06-1178 (RBW) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants submit this reply in support of their motion to dismiss or in the alternative for summary judgment. Plaintiff contends that the Bureau of Prisons is maintaining inaccurate records and alleges the reliance on inaccurate information contained therein has resulted in unspecified adverse determinations against him. Complaint, p. 7-9. Plaintiff seeks, among other things, that the Court order the defendants to amend his records and to award him damages. Complaint at Relief, p. 9 -10.

**ARGUMENT**

**I.   Plaintiff has failed to specify a record**

Despite numerous assertions in his Complaint that his Presentence Investigation Report ("PSI") is inaccurate and was relied on to his detriment, Plaintiff now asserts in his opposition that the PSI is not the record at issue in this case. Plt Opp. 2, ¶ 2.  Instead Plaintiff vaguely asserts the record at issue is the "defendants's [sic] records." Plt Opp. at 2 ¶ 2 and 30, Lopez Decl. at ¶ 14.  Curiously, in his opposition, Plaintiff claims he challenges what seemingly is the same information he asserted was inaccurate in his PSI.  Plaintiff states that the alleged

inaccurate information pertains to: "(1) involvement in a homicide; (2) statutory penalties; and (3) criminal history (i.e. 'DUI' Conviction)" and this information is notably contained in his PSI. Complaint 1 ¶ 8, 6 ¶ 20, 16 & 17; Plt Opp. at 5-6 ¶¶ 2 - 4. Plaintiff's assertion that the 'record' at issue is not in fact the PSI seems to be nothing more than an attempt to avoid the dismissal necessitated by the fact that the PSI is maintained in a system of records exempt from the Privacy Act review he seeks. He fails to demonstrate that the records to which he now refers are maintained somewhere other than in the exempt Inmate Central Record System.

In any event, Plaintiff has not identified the records that he now asserts that he challenges. The courts have recognized that in bringing a claim under the Privacy Act, 5 U.S.C. § 552a(g)(1)(c), the Plaintiff must "identify a specific document, prove its inaccuracy, and demonstrate that the document was used against [him]." McCready v. Nicholson, 465 F.3d 1, 12 (D.C. Cir. 2006). The failure to identify the record at issue with specificity necessitates dismissal of the action.

## II.     Plaintiff has failed to allege an adverse determination

In order to avoid dismissal, "the plaintiff must allege: inaccurate records, agency intent, proximate causation, and an 'adverse determination.'" Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002).[1] If as Plaintiff now maintains, the PSI is not the inaccurate record which he claims was relied upon in making an adverse determination against him, then his Complaint can no longer be liberally construed to allege any 'adverse determination.' Plaintiff in his Complaint seemed to argue that the PSI was relied upon by the Bureau in making

---

[1] Moreover, the BOP has exempted itself from the accuracy damages provisions of the Privacy Act. Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir. 2006).

its designation and custody classification decisions and that the designation and custody classification were the alleged adverse determinations of which he complained.  See Compl. at 3 ¶¶ 8 & 9 and 7-8 ¶¶ 32-33; Soc. 9 at 17 - 18 & 23 - 24.  Plaintiff does not identify any other adverse determinations, and does not specify any other records that proximately caused his designation and custody classification.  Because Plaintiff fails to identify an adverse determination based on specified inaccurate documents, Plaintiff fails to state a claim.

### III.    Plaintiff has failed to exhaust his administrative remedies

Plaintiff is incarcerated and therefore is subject to the exhaustion requirements embodied in the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §1997(e).  In his Complaint, Plaintiff suggested that he exhausted his administrative remedies in regards to his challenge of the alleged inaccurate information in his PSI.  See Compl. at 16 & 17.  In fact, Plaintiff filed and exhausted his administrative remedies as to his request for amendment of the PSI relating to one of the alleged inaccuracies of the PSI.[2]   Inasmuch as the Plaintiff now claims that the PSI is not in fact the item at issue, the Plaintiff has not demonstrated and can not demonstrate an exhaustion of remedies for challenges to any other records.  Therefore, the Court should dismiss the action for failure to exhaust administrative remedies.

### IV.    Plaintiff's claims against OIP and Individual Defendant fail

Plaintiff brings claims against the Office of Information and Privacy ("OIP") and its employee, Defendant Huff.  Plaintiff's supporting documentation, however, demonstrates that his grievance is in fact involves records maintained by the Executive Office of United States

---

[2]  This claim is time barred as discussed in Defendants' Motion to Dismiss or in the Alternative for Summary Judgment on pp. 16-17.

Attorneys and not by the Office of Information and Privacy, nor Mr. Huff, whose only apparent connection to the records at issue appears to arise from his office's role as reviewer for appeals taken from FOIA/PA administrative requests to components of the Department of Justice. Doc. 1, Compl. at 19, 20, 38, 39, and 40. As discussed above, Plaintiff fails to identify what "records" are at issue. Exhibit 6 of the Complaint indicates that Richard Huff's involvement was limited to reviewing an appeal of the Executive Office of United States Attorneys's denial of Plaintiff's request to have its records amended. Doc. 1, Compl. at 40. There is no support for the claims that either Huff or OIP maintain any records at issue here, nor is there any allegation that there was an adverse determination by OIP due to reliance on those records. Doc. 1, Compl. *generally*.[3]

Moreover, claims against the individual Defendants Huff and Lappin are simply not available under the Privacy Act and the Plaintiff fails to state a claim for constitutional violations. 5 U.S.C. § 552a(g)(1) (The only proper defendant in a Privacy Act case is the agency alleged to have committed a violation); Richards v. Duke Univ., No. 06-01179, 2007 WL 942070, *12 (D.D.C. March 30, 2007) ("Though plaintiff is not required to offer proof or evidence at this stage, plaintiff is required to state facts that support her claim as opposed to mere conclusory allegations."). The bald assertion of a constitutional violation without more amounts to nothing more than "vague and conclusory statements [which] are exactly the type of

---

[3] Plaintiff appears to confuse the OIP with the EOUSA. For example, Plaintiff claims that his September 17, 2003 letter to EOUSA initiated the administrative remedy process "against defendants Huff and his agency." Doc. 20 at 6 ¶ 3. Notably, the address to which the Plaintiff sent his March 15, 2000 and September 17, 2003 letters was to 600 E. Street, N.W. in Washington, DC, which is the same address that appears in the letterhead of the correspondence from the Executive Office for United States Attorneys. Compare Doc. 1 at 19 and 38 with Doc. 1, Compl. at 20.

unsupported allegations that this Court does not have to accept and are properly dismissed pursuant to Rule 12(b)(6)." Richards, 2007 WL 942070 at * 12.  Moreover, because Plaintiff's constitutional claims against the individual defendants are merely a restatement of his Privacy Act claims, these claims against the individual defendants should be dismissed.  Chung v. United States Department of Justice, 33 F.3d 273, 274 (D.C. Cir. 2003) (Constitutional claims are not cognizable against individual government employees in as much as such claims are encompassed within the remedial scheme of the Privacy Act).

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.

May 14, 2007                    Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment and accompanying order has been served on May 14, 2007 via postage prepaid mail upon:

Ramon Lopez
#42004-004
FCC-USP 1
P.O. Box 1033
Coleman, FL 33521-1033

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153