UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Leave to file is granted.*
*Judge Walton*
*6/18/07*

RAMON LOPEZ, )
)
        Plaintiff, )
)
v. ) Case No. 06-1178 (RBW)
)
RICHARD L. HUFF, et al., )
)
        Defendants. )
)

PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff, pro se, hereby submits a response to the defendants's reply in support of their motion to dismiss or, in the alternative, for summary judgment. In support thereof he states:

This is an action under the Privacy and Administrative Procedure Acts, and under the protection afforded to him by the United States Constitution, against Defendants Richard L. Huff, Harley G. Lappin, and their respectives agencies within the United States Department of Justice, that are being sued in their individual and official capacities as head of those agencies and custodian of records containing inaccurate, untimely and damaging information about Plaintiff, that are also easy to verify and correct. See, e.g., Complaint at p 1-2.  This is not an action against the Bureau of Prisons ("BOP") alone as the defendants' counsel inexplicably insist to present. Defendants' Reply at p. 1, see also Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (hereinafter "Plt Opp."), at pp. 1n.1, and 2-3.

REBUTTAL ARGUMENT

In his reply the defendants cursorily alleged that plaintiff's failure to;

(1) specify a record; (2) allege an adverse determination, and (3) exhaust his administrative remedies is sufficient cause to dismiss this action. Alternatively, they alleged that plaintiff's claim against defendant Huff and the OIP must fail. Defs. Reply at pp. 1-4.

The defendants based their allegation mostly on technicalities, etc. However, such a reply did not contest or dispute plaintiff's claim about the existence of inaccurate, untimely, and/or, damaging information pertaining to plaintiff, 'easy to verify and correct' in their records, thus it is reasonable to assume the defendants concede the existence of claimed inaccuracy in those records and the easeness of verification and correction (probably with a simple telephone call, etc.), which necessarily renders defendants' request for dismissal of this action meaningless, and as such it should be denied.

Nevertheless, plaintiff will respond thereafter to such allegations.

I. Plaintiff Has Specifically Identified Inaccurate And Damaging Information In The Defendants' Records, Needing Correction

Despite of clearly stating in his complaint that he is specifically seeking correction of inaccurate, and/or untimely, damaging information pertaining to him (i.e., allegation relating to plaintiff's involvement in a homicide, and the statutories penalties used to classify the severity of his offense)[1], from the defendants or their agencies' records. The defendants alleged that plaintiff has failed to; (1) identify the records; (2) assert an adverse determination; and (3) plaintiff's clarification that the PSI is not an issued herein is nothing more than an attempt to avoid dismissal, because the PSI is maintained in a system of records exempt from the Privacy Act review, and

---

[1] Plaintiff will not address his claim related to the BOP's failure to correct and/or delete from its records inaccurate information related to his DUI conviction, because the BOP has already deleted from its BP-15 Form, the point assessed for such a conviction, that renders furhter litigation about ...

2

requested dismissal of this action. These allegations are disingenuous and misleading, among others because;

### A. Records Sought to be Amended By Defendant Huff and OIP

Perusal of plaintiff's complaint will show that during the adminstrative procedure, plaintiff requested the OIP and EOUSA to remove inaccurate and damaging information related to his alleged involvement in a homicide from their files because such an allegation had been found to be false, and provided these agencies with specific information as to where such documents could be found.

Perusal of same complaint will further, show these agencies, nevertheless, denied plaintiff's administrative request. Specifically, defendant Huff's affirming EOUSA's denial of such a request and indicating to file a statement of disagreement to be included in the EOUSA file in which the inaccurate information is maintained. Complaint at ¶¶ 12, 17, Comp. Exhs. 3 & 7.

Perusal of the docket in this case will also show that plaintiff unsuccessfully sought a continuance to obtain discovery (among other things, to be able to specific in what EOUSA file the inaccurate information about him was being maintained), to which defendant strongly opposed. [Doc. # 13].

### B. Records Sought to be Amended by Defendant Lappin and BOP

Perusal of plaintiff's complaint will show the same. Additionally, perusal of Plaintiff's Opposition to Defendant's Motionto Dismiss or, in the Alternative, for Summary Judgment will show that plaintiff's requested correction related to erroneous statutory penalties provisions from BOP's, Male Custody Classification Form; Public Information Data; In-Transit Data Form,

---

<sup>1</sup> (....continued from previous page), such incorrected information in BOP records unnecessary. A copy of BOP updated Custody Classification Form (BP-15) is attached as Exhibit "1", to be compared with Exh. "C" in Plt. Opp.

etc. See, Plt Opp. at 18, 20, Exhs. C, D, & F, see also attached Exh. "1". Id.

Further, had been discovery sought herein permitted, plaintiff is certain that he could have identified more documents containing false information upon him relating, among others to the false allegations involving him in a homicide, etc., that would need to be amended.

Accordingly, defendants' claim that plaintiff's has failed to specify or identify records containing the information he seeks to be amended is disingenuous and meritless.

C. Plaintiff's Adverse Determination

    1) By Defendant Huff and OIP:

The blanket denial by defendant Huff and OIP to correct "easy to verify" inaccurate information relating to false allegations of plaintiff's involvement in a homicide, maintained in their files (that was provided by an overzealous prosecutor to bustle plaintiff's sentence), has caused adverse determination to plaintiff since it was alleged in 1993, and still is causing adverse determination at this time. Specifically, it caused an adverse determination during plaintiff's sentence proceeding when the sentencing judge considered such allegations to imposed plaintiff's life sentence, and is adversely affecting any consideration to plaintiff's sentence any time he brought a motion for relief from illegal sentence before any federal court, which see him first as a murder suspect and then as a convicted defendant seeking relief from an illegal sentence.

Additionally, but not less important, it has caused and still is causing a damage to plaintiff's reputation, to plaintiff's relationship with friends and relatives of the homicide victim, as well as his, that still see him as a murder suspect, because the defendants' refusal to amend and correct such an

4

inaccurate information from their files.

Finally, but not less troublesome, it has caused and still is causing anxiety and mental anguish to plaintiff's himself knowing these allegations are exposing him to retaliation and endangering his life if any one, relying of these allegation, decide to retaliate against him because of the loss of the life of that person. Therefore, defendants' claim that there have not been adverse determination because of these false allegations is disingenuous and dangerous.

2)   By Defendant Lappin and BOP:

The denial by defendant Lappin and the BOP to correct "easy to investigate and verify" inaccurate information entered in their files from other agencies, without an independent investigation or verification as to the accuracy of such information, expressly after being requested to do so upon showing of indisputable evidence showing such inaccuracy, has caused and still is causing adverse determination against plaintiff since 1993 to this present time. Specifically, erroneous information related to plaintiff statutory penalties applied to him that have caused incorrect scoring on BOP Custody Classification Form of 7 points as a <u>Class A Felony</u>, "Greatest Severity Offender" rather the applicable to plaintiff's conviction as <u>Class C Felony</u>, that require a scoring of 2-5 points for a "Moderate" or "Low" Severity Offender (<u>Exh. "1" Id.</u> at (B) Base Scoring "Severity: (7) Greatest"), and consequently, used to keep plaintiff's (who is not a violent offender), for the last 16 years in the worst and most violent federal penitentiaries, among other things, because is is being scored and classified as a "greatest severity offender." As well as false allegations relating to his involvement in a homicide, that although not visibly scored in BOP Custody Classification or other BOP Forms or documents is also considered by BOP in its classification and designation of plaintiff. See

5

e.g., Complaint at ¶ 12, p. 4, <u>Comp. Exh. 2</u>, "BOP response to plaintiff's initial request seeking removal of such information from their files in 2000." Thus to allege that plaintiff has failed to show adverse determination caused by these inaccurate information in the defendants' files is disingenuous and misleading, and should not warrant dismissal of this action for failure to show adverse determination.

    D.   <u>Clarification About Plaintiff's Assertion to his PSI in the Complaint is not an Attempt to Avoid Dismissal</u>

The fact that plaintiff cited his PSI numerous times in his complaint to provide the Court and the Defendants with a complete factual background of his claim for relief, as well as the fact that PSI may contain same inaccurate information, sought to be amended from the defendants' files in this instance, do not alter, nor diminish the defendants' duty to investigate, verify, correct and maintain timely and accurate information pertaining to plaintiff in their files, expressly "if" such an information is being constantly used to oppose defendant's request for relief from an illegal sentence, and/or to classify and designate him while in prison. More, after all the tools to verify the inaccuracy of such information have been provided to them.

Additionally, the fact that PSI is maintained in an "indefined" system of records exempt from Privacy Act review (Defs. Reply at 2), is irrelevant herein bevause, "as previously stated," plaintiff's is not seeking correction of documents from his four PSI(s), but from the named herein defendants' records.

Therefore, any claim related to plaintiff's PSI(s), and attempt to include such documents herein to seek dismissal of this action is disingenuous and misleading.

II. <u>Plaintiff's Exhauted His Administrative Remedies</u>

Plaintiff has already and extensively explained the Court in his opposition

6

to the defendants' motion to dismiss or, in the alternative, for summary judgment, Plt Opp. at pp 7-13. Therefore, there is not need to respond to this matter in this response. Suffice it to say that any attempt by the defendants to link "again" the PSI with the exhaustion requirement under 42 U.S.C. § 1997(e) is disingenuous and misleading, and should not be considered by the Court.

III. <u>Plaintiff's Claims Against Individual Defendants And OIP Are Sustainable</u>

Individual Defendants and OIP allege that plaintiff's claims against them must fail because the inaccurate information he seeks to be amended is not maintained in their records, but in those maintained by "EOUSA", and because claims against individual defendants are not available under the Privacy Act.

The fact that the EOUSA may maintain in its records the inaccurate information related to false allegations of plaintiff's involvement in a homicide, do not relief defendant Huff and OIP from their duties as head of the supervisory agency ("OIP") responsible for the final determination as to amend plaintiff's request or not, from responding to plaintiff's related claims in this complaint.[2]

Further, assuming, arguendo that claims against individual denfendants are precluded under the Privacy Act, that do not relief these defendants, from plaintiff's claims under the Administrative Procedure Act and under the Constitution, also invoked herein, Complaint at p. 1, See also Plt Opp. pp. 14-23.

Based upon the foregoing, and related arguments submitted by plaintiff in previous pleadings, plaintiff's claims against individual defendants and OIP

---

[2] If the defendants want to include the "EOUSA" has a third party defendant in this action. Plaintiff has not objection to that request.

are sustainable and should not be dismissed from this action.

## CONCLUSION

For these reasons and previously reasons submitted by plaintiff herein, he respectfully request that this Court deny defendants' motion to dismiss or, in the alternative, for summary judgment, and grants plaintiff's request to order the defendants to delete all inaccurate information from their files, as well as any other relief this Court deems proper and just.

Respectfully submitted,

on this 24th day of May, 2007.

## CERTIFICATE OF SERVICE

Plaintiff, pro se, hereby certifies that the foregoing document have been served on May 24, 2007, via U.S. Mail, postage prepaid upon:

Defendants' Counsel
Andrea McBarnette, AUSA
Judiciary Center Bldg.
555 4th Street, N.W.
Washington, D.C. 20530

By: _____
RAMON LOPEZ PRO SE PLAINTIFF
FCC-USP 1
PO BOX 1033-42004004
COLEMAN, FL 33521-1033

```
   COPB9  606.00 *        MALE CUSTODY CLASSIFICATION FORM        *      04-27-2007
   PAGE 001 OF 001                                                        09:03:09
                            (A) IDENTIFYING DATA
   REG NO..: 42004-004          FORM DATE: 04-27-2007           ORG: COP
   NAME....: LOPEZ, RAMON
                                       MGTV: NONE
   PUB SFTY: GRT SVRTY,SENT LGTH,ESCAPE    MVED:
                                (B) BASE SCORING
   DETAINER: (0) NONE                SEVERITY.......: (7) GREATEST
   MOS REL.: 540                     CRIM HIST SCORE: (04) 4 POINTS
   ESCAPES.: (0) NONE                VIOLENCE.......: (2) > 15 YRS SERIOUS
   VOL SURR: (0) N/A                 AGE CATEGORY...: (0) 55 AND OVER
   EDUC LEV: (0) VERFD HS DEGREE/GED DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                               (C) CUSTODY SCORING
   TIME SERVED.....: (4) 26-75%      PROG PARTICIPAT: (2) GOOD
   LIVING SKILLS...: (2) GOOD        TYPE DISCIP RPT: (0) GREATEST
   FREQ DISCIP RPT.: (3) NONE        FAMILY/COMMUN..: (4) GOOD

                        --- LEVEL AND CUSTODY SUMMARY ---
   BASE CUST VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY  CONSIDER
    +13  +15     0        +13         HIGH          N/A           MAX      SAME

   G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```


PLAINTIFF'S EXHIBIT "1"