UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMON LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-1178 (RBW) |
| | ) |
| RICHARD L. HUFF, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

In this action brought under the Privacy Act ("PA"), 5 U.S.C. § 552a (2004), plaintiff, a federal prisoner, seeks the removal of alleged "inaccurate and . . . untimely information" from his Bureau of Prisons ("BOP") file. Complaint ("Compl.") at 1.[1] Particularly, plaintiff challenges the accuracy of information contained in his presentence investigation report ("PSI") that allegedly was relied upon by the BOP in making its custody determinations.[2] Compl. ¶¶ 8-9, 22-23, 25, 27. Plaintiff seeks declaratory and injunctive

---

[1] Although plaintiff has invoked the Constitution and other federal statutes as the bases for the Court's jurisdiction, Compl. ¶ 1, the Privacy Act is his exclusive remedy for correcting agency records. *Chung v. United States Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003); *Mittleman v. United States Treasury*, 773 F. Supp. 442, 453 (D.D.C. 1991).

[2] Plaintiff disputes that the PSI is the record at issue, Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Pl.'s Opp.") [Dkt. No. 20], Statement of Disputed Material Facts ¶¶ 2, 7, but he fails to provide any other source from which the information he is challenging would have been acquired by the BOP. As an attachment to his opposition, plaintiff has provided to the Court for the first time two pages of information captioned "Public Information Inmate Data as of 05-15-2006," which contains his sentencing information, Ex. D, but he does not identify the origin of these pages or specify what information contained therein violates the PA. Because the challenged information appears in the PSI, which is located in plaintiff's inmate central file maintained by BOP, *see* Compl., Exhibit ("Ex.") 5, defendant reasonably considers the PSI to be "[t]he record at issue," Def.'s Statement of Material Facts as to Which There is No Genuine Dispute ¶ 2, as does the Court. Otherwise, the complaint is subject to dismissal for failure to state a *prima facie* case because a PA claim is necessarily premised on the existence of an identifiable record. *See McCready v. Nicholson*, 465 F.3d 1, 12 (D.C. Cir. 2006) ("Where an aggrieved person can identify a specific

(continued...)

relief and monetary damages. Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) or for summary judgment pursuant to Fed. R. Civ. P. 56.[3] Upon consideration of the parties' submissions, the Court will grant defendant's summary judgment motion.

### I.  BACKGROUND

Plaintiff is currently at the United States Penitentiary in Coleman, Florida, serving aggregate sentences amounting to life imprisonment. Def.'s Statement of Material Facts as to Which There is No Genuine Issue ("Def.'s Facts") ¶ 1. Plaintiff's sentence resulted from a two-count federal grand jury indictment issued on April 24, 1991, charging conspiracy to possess with intent to distribute cocaine (Count I) and possession with intent to distribute cocaine (Count II). Compl. ¶ 6. Plaintiff was found guilty of both counts following a jury trial in the Southern District of Florida. *Id.* ¶¶ 7, 10. The district court ordered a PSI, which was prepared by United States Probation Officer ("USPO") Janice S. Smith. *Id.* ¶ 8.

During the sentencing proceedings in 1993, plaintiff objected to a statement in the PSI that named him as a suspect in the murder of Tony Menzo. Def.'s Facts ¶ 3; *see* Compl., Ex. 5 (USPO Letter of October 1, 2003). The sentencing court ordered that the PSI be amended to

---

[2](...continued)
document, prove its inaccuracy, and demonstrate that the document was used against [him], all the values of the Act are vindicated.").

[3]  Plaintiff has named as defendants BOP Director Harley G. Lappin and the Department of Justice's Office of Information and Privacy ("OIP") Co-Director Richard L. Huff. Because the Privacy Act authorizes lawsuits against federal agencies only, *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006), the Court hereby substitutes the Department of Justice, of which BOP is a component, as the real party in interest. Although plaintiff mentions in several filings the Executive Office for United States Attorneys ("EOUSA") and includes in the record a letter from Huff denying plaintiff's appeal of the EOUSA's refusal to amend his records, Compl., Ex. 6, he does not allege in his complaint that he is challenging the accuracy of any EOUSA records. Nor has he sought to amend the complaint to add such a claim. The Court therefore does not consider this DOJ component a party to this action.

reflect plaintiff's claim that he was not involved in the homicide. *Id*. Nonetheless, on direct appeal of the criminal case, plaintiff claimed that the sentencing court had erroneously relied on the challenged statement. Def.'s Facts ¶ 4 (citing Brief of the United States at *2, *United States v. Lopez*, No. 03-16351, 2004 WL 2019390 ); Compl. ¶ 10. However, the United States Court of Appeals for the Eleventh Circuit determined that plaintiff's challenges to his conviction and sentence "were without merit." Def.'s Facts ¶ 4.

In 1999, plaintiff "initiated a series of administrative attempts to correct, remove, and/or update [the damaging information in the PSI] by contacting "the different agencies maintaining such information in their files." Compl. ¶ 10. He unsuccessfully sought a written stipulation from Assistant United States Attorney ("AUSA") Barry Sabin exonerating him as a suspect in the homicide, *id*. ¶ 11, and wrote letters to the USPO and the BOP requesting that they amend their records, *id*.; *see* Compl., Ex. 2.

In December 2000, plaintiff filed a lawsuit in this Court under the Freedom of Information Act ("FOIA") based on his request made to the United States Attorney for the Southern District of Florida for records pertaining to his alleged connection to Menzo's murder. Compl. ¶ 13; Def.'s Facts ¶ 5. In describing documents reviewed *in camera*, the presiding judge acknowledged the existence of a note stating, "nothing to do w/Manzo [sic]." *Lopez v. United States Dep't of Justice*, Civ. Action No. 00-3080, at 2 (D.D.C., Aug. 22, 2003) (Bates, J.) (granting defendant's summary judgment motion).

After the FOIA case was resolved, plaintiff "[i]mmediately" contacted his Prison Unit Team and his assigned USPO, seeking their correction of the PSI. Compl. ¶ 15. His request was denied. *Id*. Plaintiff also petitioned the sentencing court for correction of the PSI, but the court determined that it lacked subject matter jurisdiction and thus denied the requested relief. *Id*. ¶ 16. Plaintiff next "resumed his administrative remedy procedure" with the BOP and the OIP

3

pursuant to the PA, but "these procedures were either improper[ly] answered, ignored, and or denied." *Id.* ¶ 17. On August 16, 2004, plaintiff sent a Statement of Disagreement pursuant to 28 C.F.R § 16.46(d) to the BOP and the OIP. Compl. ¶ 18 and Exs. 7-8. Plaintiff then initiated this PA lawsuit in June 2006.

## II. DISCUSSION

Summary judgment is appropriate when no genuine issues of material fact are in dispute and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Defendant asserts that it is entitled to summary judgment because plaintiff has not exhausted his administrative remedies, the claims are barred by the statute of limitations and precluded by the doctrines of *res judicata* and collateral estoppel, and plaintiff has failed to state a claim upon which relief may be granted. The exhibits attached to plaintiff's complaint and his opposition raise questions about defendant's exhaustion and statute of limitations arguments making them unresolvable on the current record. However, because neither of these defenses precludes the Court from having subject matter jurisdiction,[4] they need not be addressed before reaching the defendant's other arguments. Therefore, the Court will resolve the *res judicata* and collateral estoppel defenses and then address the merits of the PA claim.

---

[4] *See Chung*, 333 F.3d at 278 (overruling *Griffin v. U.S. Parole Comm'n*, 192 F.3d 1081 (D.C. Cir. 1999)) (the Privacy Act's two-year statute of limitations is no longer a jurisdictional bar but rather is subject to equitable tolling); *Hubbard v. U.S. Envtl. Protection Agency*, 809 F.2d 1, 4 (D.C. Cir. 1986) (exhaustion of administrative remedies is not a prerequisite to filing a damages claim under the Privacy Act). To the extent that defendant is relying on the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000), it too is non-jurisdictional. *Jones v. Bock*, 549 U.S. ___, ___, 127 S.Ct. 910, 921 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Thus, if defendant were to prove plaintiff's failure to exhaust under the PLRA, the complaint would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id*.

## A.  Res Judicata

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."  *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (quoting 1B J. Moore, *Moore's Federal Practice*, ¶ 0.410[1] (1983)).  The doctrine of *res judicata* provides that a final judgment on the merits in a prior suit involving the same parties bars subsequent suits based on the same cause of action.  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979).  Two cases implicate the same cause of action if they share the same nucleus of facts.  *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002).  *Res judicata* bars not only claims that actually were litigated, but also claims that could have been litigated in the previous action.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

In order for *res judicata* to apply, a defendant must show: (1) the identity of parties in both suits, (2) a judgment rendered by a court of competent jurisdiction, (3) a final judgment on the merits, and (4) an identity of the cause of action in both suits.  *Paley v. Estate of Ogus*, 20 F. Supp. 2d 83, 87 (D.D.C.1998) (citing *Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F. Supp. 127, 134 (D.D.C. 1992) (citing *U.S. Indus. Inc.*, 765 F.2d at 205 n. 21)).  Here, defendant asserts that the case is barred by *res judicata* because plaintiff failed to assert his PA claim in the 2000 FOIA action.  *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment ("Def.'s Mem. of P.& A.") at 14-15.  But, the FOIA and the PA create distinct causes of action.  *See Blazy v. Tenet*, 194

F.3d 90, 92 (D.C. Cir. 1999) ("Not only do FOIA and the Privacy Act serve very different purposes, but there is nothing in either statute or in the relevant legislative history that requires courts to resolve claims arising under the Privacy Act pursuant to standards developed to assess claims arising under FOIA."); *Greentree v. U.S. Customs Serv.*, 674 F.2d 74, 81 (D.C. Cir. 1982) ("Our reading indicates that throughout its consideration of the Privacy Act, the Senate struggled to hold separate the Privacy Act and FOIA, and further, that that effort was ultimately successful."). Accordingly, defendant is not entitled to judgment on its *res judicata* argument.

### B. Collateral Estoppel

Collateral estoppel bars the relitigation of issues previously tried and decided in a court of competent jurisdiction involving the same or in some circumstances different parties. *See Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970) (collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."); *United States v. Mendoza*, 464 U.S. 154, 158-63 (1984) (acknowledging the "broadened [] scope of the doctrine of collateral estoppel beyond its common law limits . . . by abandoning the requirement of mutuality of parties," except when asserted against the United States by a nonparty to the previous action) (citations omitted). In order for collateral estoppel to apply, a defendant must show: (1) the actual litigation of the issue "that is, contested by the parties and submitted for determination by the court," (2) the determination of the issue by a court of competent jurisdiction, and (3) the lack of unfairness in precluding the issue from the subsequent trial. *Otherson v. Dep't of Justice, I.N.S.*, 711 F.2d 267, 273 (D.C. Cir. 1983) (citations omitted).

Defendant asserts that plaintiff is collaterally estopped from relitigating the accuracy of the contents of his PSI because of his unsuccessful attempts to correct the PSI during the

sentencing proceedings in 1993, on direct appeal from his conviction, and during collateral proceedings before the sentencing court in 2003.  Def.'s Mem. of P.& A. at 14.  But defendant has not substantiated this claim by providing any court ruling that finally adjudicated the challenged facts.[5]  Defendant therefore is not entitled to judgment on this ground.

### 3. The Privacy Act Claim

The PA requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [of matters concerning the individual]. . . ." 5 U.S.C. § 552a(e)(5).  Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete."  *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991).  Subsections (g)(1)(A) and (C) of the PA authorize civil actions to enforce the amendment and accuracy requirements.  In addition, subsection (g)(4) of the Act provides for monetary damages, costs and attorneys' fees where the agency is shown to have acted intentionally or willfully.  *See Doe*, 936 F.2d at 1350; *accord Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992).  Thus, an agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure" to maintain accurate records and "consequently

---

[5]  To the contrary, the record reveals only that the sentencing court directed that the PSI be amended to reflect plaintiff's objection to the statement implicating him in a homicide, Compl., Ex. 5 at 5, that the appellate court on direct appeal found that plaintiff's multiple challenges to his conviction and sentence were without merit, *see* Brief of United States, *Lopez*, 2004 WL 2019390, at *2 (recounting criminal case history), and that the sentencing court found it lacked subject matter jurisdiction to address plaintiff's post-conviction motion to correct the PSI brought nearly 10 years after his conviction.  *Id*.

a determination is made which is adverse to the individual. . . ."  5 U.S.C. § 552a(g)(1)(C) and (g)(4)(A).

To the extent that plaintiff is seeking to have his PSI amended, such relief is not available because the BOP has properly exempted its inmate central files, where such documents are kept, from the PA's amendment requirements.  28 C.F.R. § 16.97 (2006); *Martinez*, 444 F.3d at 624; *White v. U.S. Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam); *Deters*, 85 F.3d at 658 n.2; *Brown v. Bureau of Prisons*, ___ F. Supp.2d ___, WL 2234769 *3-4 (D.D.C., Aug. 6, 2007) (citing cases).

In addition, plaintiff's claim for monetary damages under the PA is not sustainable because he cannot reasonably demonstrate that the BOP acted with the requisite intent in refusing to correct his records.  This requirement of "intentional or willful" action can be demonstrated by showing that the agency "committ[ed] the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act. . . . [T]he violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful."  *Deters*, 85 F.3d at 660 (citations and internal quotation marks omitted).

It is clear from the record in this case that within two weeks of plaintiff's complaint to his case manager about the alleged inaccuracies in his PSI, BOP Unit Manager Francisco Santos wrote the appropriate USPO for "review and disposition" of plaintiff's accusations.  Compl., Ex. 3 (Letter of September 22, 2003).  In less than two weeks, USPO Smith responded with a three-page letter explaining why she viewed plaintiff's claims as wrong and, thus, would not change the PSI.  *Id*. (Letter of October 1, 2003).  Because the PSI is a court-generated document, *see Carson v. U.S. Dep't of Justice*, 631 F.2d 1008, 1009 (D.C. Cir. 1980), the BOP may not itself change the document.  *See* BOP Program Statement 5800.11, *Inmate Central File, Privacy*

*Folder, and Parole Mini-Files* (Sept. 8, 1997) at 19-20.[6] Rather, the BOP satisfied its PA obligations by contacting the appropriate USPO to verify the accuracy of the challenged information. *Id.*; *see Martinez,* 444 F.3d at 624 ("[T]he BOP provided a reasonable explanation for its refusal to correct its records [having] contacted the [U.S. Parole Commission] and the USPO and [having been] advised that the BOP's records regarding appellant were accurate.").

Because no reasonable fact-finder could conclude that the BOP acted unlawfully or otherwise disregarded plaintiff's rights under the PA, the Court concludes that defendant is entitled to judgment as a matter of law on the PA claim.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.[7]

_____s/_____
Reggie B. Walton
United States District Judge

Date: September 14, 2007

---

[6] The Program Statements are retrievable from BOP's website at http://www.bop.gov.

[7] A separate Order accompanies this Memorandum Opinion.